UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTWON S. HIBBLER,

    Plaintiff,

v.                                                 06-CV-3184

ROGER ZIMMERMAN, Warden
LIEUTENANT ASHBY,
SGT BUNN,
C/O SWENNEY,
C/O WHITAKER,
C/O JENNINGS,
C/O WOODWARD
C/O WARD,
    Defendants.

## Case Management Order #1 (Merit Review)

    The plaintiff, currently incarcerated in Western Illinois Correctional Center, filed this action pursuant to 42 U.S.C. Section 1983 regarding events that recently occurred there.

    The court is required by 28 U.S.C. §1915A to conduct a merit review of the Complaint, and through such process to identify cognizable claims and dismiss claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted . . . ." A merit review hearing was scheduled to aid the court in this review, but was cancelled as unnecessary. The Complaint and exhibits already clearly set out the claims.

    The merit review standard is the same as the motion to dismiss standard. The plaintiff's *pro se* complaint is liberally construed, taking the allegations as true and drawing all reasonable inferences in the plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519 (1972). Dismissal is appropriate only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521.

*Allegations*

    On May 28, 2006, the plaintiff was treated at the healthcare unit for swelling and uncontrollable itching of his feet. He was prescribed ointment, but his condition worsened, causing the plaintiff to file an emergency grievance for medical treatment. Defendant Zimmerman approved the grievance and the plaintiff saw a doctor the next day. The doctor

prescribed more ointment, pills, and an order for the plaintiff to wear his rubber shower shoes rather than his boots.

Officers harassed the plaintiff for wearing the shower shoes by repeatedly questioning the plaintiff, even though each shift commander had a copy of the doctor's orders. Defendants Bunn, Whitaker, Woodward and Ward regularly provoked the plaintiff and accused him of lying to manipulate the doctor. They repeatedly required the plaintiff to prove his condition by removing his socks, and threatened to put him in segregation if he did not keep the doctor's orders on him at all times. The plaintiff was often forced to miss the chow line, or often did not have sufficient time to eat because of the officers' repeated questioning about the shower shoes. Defendant Swenney ordered the plaintiff to wear his boots despite the doctor's orders. Whitaker conducted pat down searches on the plaintiff every time the plaintiff left the unit. The plaintiff filed grievances about this harassment.

On July 24, 2006, Judge Difanis dismissed as frivolous the plaintiff's state court petition for post-judgment relief. On July 31, 2006, Defendant Jennings wrote the plaintiff a disciplinary ticket for filing a frivolous lawsuit, based on Judge Difanis' dismissal. Defendant Ashby and Davis (who is not a defendant) held a hearing on the ticket. Ashby told the plaintiff to save his crying for the grievance process because Ashby was intended to "slam the plaintiff." Ashby left the hearing before it concluded, remarking, "You'll think twice before you write another staff up you can bet that." Defendant Ashby and Davis recommended that the plaintiff lose six months of good time. Defendant Zimmerman approved.

The plaintiff's grievances regarding all these issues were intercepted by officers and never reached his counselor, in order to prevent the plaintiff from exhausting his administrative remedies. Additionally, four of the plaintiff's outgoing legal mail envelopes were returned to him sometime during the night of July 25, 2006, torn open, in an attempt to prevent him from filing complaints. The plaintiff no longer files grievances because he fears reprisal. The law library is so inadequate that it hinders inmates from pursuing claims against staff misconduct. The plaintiff asserts that all these conditions taken together amount to interference with his right to access the courts.

*Analysis*

The plaintiff asserts that the officers gave him a hard time because of his emergency grievance seeking medical treatment for his feet. His allegations, though, give rise to an inference that the plaintiff was given a hard time because he was wearing shower shoes, not because of the emergency grievance he filed. The allegations fits better into an Eighth Amendment deliberate indifference claim: the officers intentionally interfered with prescribed medical treatment. "Deliberate indifference can arise by a failure to provide prompt treatment for serious medical needs or by intentionally interfering with treatment once prescribed." *Chapman v. Keltner*, 241 F.3d at 845. The plaintiff will also be allowed to proceed on his retaliation claim at this point.

The plaintiff also states a claim that Defendant Jennings, Ashby and Zimmerman retaliated against him for his grievances. The plaintiff seems to allege that the rule against frivolous lawsuits was selectively enforced against him because of his prior grievances. Liberally construed, he says other inmates who filed the same sorts of lawsuits and also suffered dismissals for frivolousness were not subject to the kind of punishment he received. This kind of challenge is not necessarily barred by *Heck* and progeny, even though the plaintiff lost good time. *See Johnson v. Litscher*, 260 F.3d 826, 830-31 (7th Cir. 2001)("It is the act of discipline that constitutes the retaliatory conduct-a separate issue from whether [the plaintiff] was, in fact, guilty of the conduct alleged in the reports."). The plaintiff also seems to assert this unequal treatment violated his right to equal protection. At this point, the court cannot rule out a "class of one" equal protection challenge at this point. *See Nevel v. Village of Schaumburg*, 297 F.3d 673, 681 (7th Cir. 2002)(citations omitted)("to succeed under such a theory, the [plaintiff] must show that [he was] (1) 'intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment"; or (2) 'that the government is treating unequally those individuals who are prima facie identical in all relevant respects, and that the cause of the differential treatment is a "totally illegitimate animus toward the plaintiff . . ."); *Sellars v. City of Gary*, 453 F.3d 848, 850-51 (7th Cir. 2006)( "Similarly situated" means "'identical [to the plaintiff] in all relevant respects.'").

The plaintiff does not have a procedural due process claim, however. Ashby's early exit and his "anticipatory judgment" do not suggest due process violations. If the plaintiff is saying that there was insufficient evidence to find him guilty as charged, that challenge goes to the validity of the discipline and is barred by *Heck*.

As to the access-to-courts claim, "the right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to Petition and the Fourteenth Amendment right to substantive due process." *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004).

However, an "access-to-courts claim exists only if a prisoner is unreasonable prevented from presenting legitimate grievances to a court; various resources, documents, and supplies merely provide the instruments for reasonable access, and are not protected in and of themselves." *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003)(general allegations that destruction of legal papers prejudiced pending lawsuits did not state a claim). An access claim exists when "denial of access to legal materials cause[s] a potentially meritorious claim to fail." *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006).

No inference arises that the plaintiff was or is being denied access to the legal resources and documents he needs to pursue a potentially meritorious claim. He does not identify any claim that he has been unable to pursue. As to the grievances, the plaintiff does not have a constitutional right to the grievance procedure itself, *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996), so interference with the plaintiff's grievances does not state a constitutional access claim. If the

3

defendants are preventing the plaintiff from exhausting his remedies, then he has no remedies available and can proceed directly to court. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002)(administrative remedies are exhausted if prison officials fail to respond to grievances, rendering the remedies unavailable). Additionally, the return of four of the plaintiff's legal envelopes opened on one occasion does not give rise to an inference of a First Amendment violation. However, though the grievance and mail interference do not make out an access or other First Amendment claim, these incidents might form part of the plaintiff's overall retaliation claim.[1] It is not clear whether the named defendants had anything to do with the alleged interference, but that determination should await a more developed record.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims:

   a) Defendants Bunn, Swenney, Whitaker, Woodward and Ward were deliberately indifferent to the plaintiff's serious medical needs by intentionally interfering with doctor's orders that the plaintiff wear shower shoes (Eighth Amendment);

   b) Defendants Bunn, Swenney, Whitaker, Woodward and Ward retaliated against the plaintiff for filing an emergency grievance seeking treatment for his feet (First Amendment);

   c) Defendants Jennings, Ashby and Zimmerman retaliated against the plaintiff for filing grievances (First Amendment) and/or violated the plaintiff's right to equal protection (Fourteenth Amendment) by punishing the plaintiff for filing a frivolous lawsuit;

   d) The defendants retaliated against the plaintiff for filing grievances by intercepting and interfering with his legal mail and grievances.

2) This case proceeds solely on the federal claims identified in paragraph one above. Any claim not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or otherwise pursuant to Federal Rule of Civil Procedure 15.

3) This case is referred to the Magistrate Judge for entry of a Prisoner Scheduling

---

[1] Defendant Zimmerman cannot be held responsible for the misconduct of his employees. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). He is only liable for constitutional violations for which he was personally responsible. *Id.; Jones v. City of Chicago*, 856 F.2d 985, 992-93 (7th Cir. 1988)(citations omitted).

      Order.

4)     The defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

Entered this __22nd__ Day of ___November___, 2006.

                                                **s\Harold A. Baker**

                                                HAROLD A. BAKER
                                      UNITED STATES DISTRICT JUDGE