E-FILED
Tuesday, 28 November, 2006  02:36:39 PM
Clerk, U.S. District Court, ILCD

In The
United States District Court
Central District Of Illinois

| | |
|---|---|
| Antwon S. Hibbler | ) |
| Plaintiff, | ) |
| | ) Case no. 06-3184 |
| Vs. | ) |
| | ) |
| Warden-Roger Zimmerman, | ) Plaintiff Demands |
| Lientenant-Ashby, | ) A Jury Trial |
| Sargent Bunn, | ) |
| Correctional officer, Swenney | ) |
| Correctional officer, Whitaker | ) |
| Correctional officer, Jennings | ) |
| Correctional officer, woodward | ) |
| Correctional officer, ward | ) |
| In their individual and official capacities. | ) |
| Defendants | ) |

## Civil Rights Complaint

Plaintiff, Antwon S. Hibbler, complains against as follows:
Warden Roger Zimmerman, Lt. Ashby, Sgt. Bunn, C/o Swenney, C/o Whitaker,
C/o Jennings, C/o woodward, and C/o ward.


### Preliminary Statement

This is a Civil Rights action brought under 42 U.S.C. Section 1983 for
violations of plaintiff's constitutional rights guaranteed to him under
the 1st, 8th, and 14th amendments of the united states constitution where,
as a result of the filing of a medical-Related grievance and
thereafter receiving a medical prescription and the filing of other
complaints, plaintiff was retaliated against and otherwise harassed. The
actions of the defendants served no legitamate penological purpose.

## Parties

① Plaintiff, Antwon S. Hibbler, is an inmate at the Illinois Department of Corrections and incarcerated at the Western Illinois Correctional Center at all times relevant to this complaint.

② Defendant, Roger Zimmerman, at all times relevant to this complaint was employed by the Illinois Department Of Correction as the warden of Western Correctional Center, and was acting under the color of law.

③ Defendant, Lientenant Ashby, at all times relevant to this complaint was employed by the Illinois Department of Correction as the lientenant/ (adjustment committee chairman) of Western Illinois Correctional Center, and was acting under the color of law.

④ Defendant, Sgt. Bunn, at all times relevant to this complaint was employed by the Illinois Department Of Correction as a Sargent at Western Illinois Correctional Center, and was acting under the color of law.

⑤ Defendant, Swenney, at all times relevant to this complaint was employed by the Illinois Department of Correction as a correctional officer at Western Correctional Center, and was acting under the color of law.

⑥ Defendant, Whitaker, at all times relevant to this complaint was employed by the Illinois Department Of Correction as a correctional officer at Western Correctional Center, and was acting under the color of law.

⑦ Defendant, Jennings, at all times relevant to this complaint was employed by the Illinois Department Of Correction as a correctional officer/Internal Affairs at Western Correctional Center, and was acting under the color of law.

8 Defendant, Woodward, at all times relevant to this complaint was employed by the Illinois Department of Correction as a Correctional Officer at Western Illinois Correctional Center, and was acting under the color of law.

9 Defendant, Ward, at all times relevant to this complaint was employed by the Illinois Department of correction as a Correctional Officer at Western Illinois Correctional Center, and was acting under the color of law.

## Jurisdiction

10 This Court has jurisdiction over this matter as the claims involve violations of plaintiff's federal constitutional rights pursuant to "28 U.S.C. 1331 and 1343."

## Venue

11 Venue is appropriate because the allegations raised in this complaint occurred at Western Illinois Correctional Center, which is located in the Central District of Illinois per "28 U.S.C. 1391 (b)".

## Facts

12 On or about May 28, 2006, plaintiff attended the healthcare unit regarding the swelling and uncontrolable itching of his feet. While there the doctor prescribed an ointment explaining that it would help clear the condition up.

(13) For several days after the use of the ointment prescribed plaintiff's condition worsen. Plaintiff's toes then became more swolling, painful, toes were raw, inching, burning, and had a look characteristic of his skin being burned off.

(14) Plaintiff sought to get back to healthcare to see the doctor immediately, however his attemps appeared ineffective while his foot condition became unbearably worse. At the same time it was difficult to walk in the state-issued boots.

(15) On June 13, 2006 plaintiff filed an 'emergency grievance' seeking undelayed healthcare to pursuant to the established grievance procedure to remedy his foot condition. On June 21, 2006 defendant Zimmerman approved of the grievance.

(16) As a direct result of defendant Zimmerman granting the "emergency grievance" plaintiff was called to healthcare the next day to see the doctor. Thereafter, plaintiff was given more ointment and medicine to take by mouth.

(17) As a direct result of the plaintiff receiving healthcare per "emergency grievance" the doctor prescribed that plaintiff wear his rubber shower shoes rather than boots for a period of one-week. Plaintiff received a typed prescription which served as authorization to wear shower shoes outside of his housing unit and was instructed by the institutional doctor to carry the prescription with him for verification.

(18) Immediately when plaintiff began wearing the rubber shower shoes outside the unit officers would intercept plaintiff, and question him regarding why he wasn't wearing his assigned boots. Even though each shift commander was provided with a copy of the very same prescription plaintiff would then produce

the prescription and explain his condition with brevity.
Despite the prescription and obvious physical condition of
plaintiff feet various defendants such as Sgt. Bunn, C/o Whitaker,
C/o Woodward and C/o ward would regularly provoke plaintiff,
by accusing plaintiff of manipulating the doctor, questioning
plaintiff as to why he thought he was so special" over other
inmates and even requiring plaintiff to remove his socks to
verify his medical-condition, and would actually threaten
plaintiff with segregation if he didn't keep the prescription
on him at all times.

(19) As plaintiff's condition did not get better and he was
prescribed an extended period of one week to wear his
Shower-shoes. Immediately the various defendants named in
(paragraph 18) and other unknown defendants continued in
their actions with plaintiff, but appeared to provoke plaintiff
more. Plaintiff would often be forced to miss line movement
to chow hall to eat because he would be busy explaining
himself to staff. Plaintiff would then be questioned in the
chowhall for an extensive time regarding his prescription
which causes him to not be able to eat all his meals. On
several occassions despite his prescription defendant Sweeney
ordered plaintiff to wear his boots anyways, while telling
him that he was not fooling anyone. C/o Whitaker would
regularly pat search plaintiff everytime he left the unit
and entered while other inmates similarly situated were
never repeatedly searched.

(20) During the occassions when plaintiff was forced to wear
his boots he had extremely difficulties walking and was
in terrible pain the entire time.

and it was marked Major.

(28) On August 8, 2006 plaintiff attended a hearing before the institutional adjustment committee comprised on defendant LT. Ashby and unidentified defendant of the adjustment committee. After the reading of the charges plaintiff tried to defend himself with the aforestated facts identified in(paragraph 18-19) explaining retaliatory history as described in this complaint and informed committee members that other inmates similary situated as plaintiffs had their petition rejected, but was not subject to any disciplinary action, plaintiff also mentioned that the form was still available in the law-library for other inmates. Despite, and in response to plaintiff's defense, defendant LT. Ashby of the adjustment committee "advise" plaintiff "he should save his crying for his grievance process because it dont matter and that he had already spoke with prison official about the matter and plaintiffs guilt and was intent on slamming plaintiff." Defendant Ashby of the adjustment committee grabbed his coat in the middle of the hearing left unidentified defendant of the adjustment committee alone and made the following comment to plaintiff on his way out LT.Ashby of the adjustment committee stated, You'll think twice before you write another stiff up you can bet that, defendant LT.Ashby of the adjustment committee never returned to the hearing but left instruction for unidentified defendant of the adjustment committee to contact C/o Jennings of Internal Affairs who was the author of the report, unidentified defendant of the adjustment committee spoke a few short words to defendant Jennings of Internal Affairs then hung up with no further comment.

29) Throughout the events described in this complaint, plaintiff met with his unit counselor to report the events that occurred and to learn of the status of his grievance complaints. Plaintiff's counselor was repeatedly unfamiliar with any grievance sent to her by plaintiff and suggested that they were intercepted by other staff members.

30) As a direct and proximate result of the defendant's actions herein described, plaintiff fears further reprisals from staff members and no longer files grievances or complaints to any staff members about any problem he has. Plaintiff now fears for his health, safety, and overall well-being as a direct and proximate of the defendant's actions.

31) As a direct and proximate result of defendant's action herein described "no administrative remedy is available to the plaintiff"

32) It is upon information and belief that prison officials here at Western Illinois Correctional Center regularly open "legal mail" without the inmate being present, and thereafter try to prevent inmates from pursuing complaints of staff misconduct.

33) It is upon information and belief that the grievance procedure at Western Illinois Correctional Center is so ineffective and untimely as to permit, tolerate, and approve of staff misconduct leaving an inmate without administrative remedy.

34) It is upon information and belief that Western Illinois Correctional Center maintains an inadequate law-library and undermines an inmates ability to learn law-related matters, with practical effects of hindering inmates from pursuing claims of staff

misconduct.

## Claims For Relief

35) The actions of the defendant's as described above following the filing of plaintiff's "Emergency Grievance" violates plaintiff's constitutional right to be free from retaliation guaranteed under the First, Fourteenth, and Eighth amendments of the U.S. constitution.

36) The actions of the defendant's in intercepting plaintiff's "legal mail" and "grievances" as described above violates plaintiff's constitutional right to access courts, guaranteed under the first, and fourteenth amendment of the U.S. constitution.

37) The actions of the named defendant's, in interfering with plaintiff's ability to exhaust his administrative remedies as described above, constitutes a violation of plaintiff's right to access the courts, as guaranteed under the First and Fourteenth amendment of the U.S. constitution.

38) The actions of defendant Lt. Ashby of the adjustment committee, and unidentified defendant of the adjustment committee in forming a fixed anticipatory judgement prior to hearing and finding plaintiff guilty based on prison officials will, constituted a violation of plaintiff's right to Due Process guaranteed to him by the fourteenth amendment of the U.S. constitution.

39) The actions of defendant Lt. Ashby of the adjustment committee in leaving in the middle of the hearing denied plaintiff due process as guaranteed to him by the 14th Amend. of the US constitution.

40) The actions of the defendant's in treating plaintiff in the manner described above, while other inmates similary situated as plaintiff are not treated the same constitutes a violation of plaintiff's right to equal protection, guaranteed to him by the 14th amendment of the U.S. Constitution.

41) The actions of defendant Zimmerman in failing to take any action to curb or prevent the misconduct of his administration directed at plaintiff, constitutes an official policy, and violates plaintiff's constitutional rights under First, Eighth, and Fourteenth amendments of the US constitution.

## Relief Requested

42) Plaintiff seeks compensatory and punitive damages in excess of $200,000 against the named defendant's, jointly and severally.

43) Plaintiff seeks an injunction enjoining the named defendant's from further harassing plaintiff, and all other inmates in the future.

Signed Before Me
this 18 day of August 2006

Michele Olson



Reg. no-B45991
Address-Box 196
Mt.Sterling Illinois
62353

Plaintiff Demands A
Jury Trial

## Verification

I, Antwon S. Hibbler, hereby verify that the allegations stated herein are true and correct, based on knowledge and belief, under the penalty of perjury.

8/18/06
Date

Signed Before Me
this day 18 of August 2006

Michele Olson


"OFFICIAL SEAL"
MICHELE OLSON
NOTARY PUBLIC STATE OF ILLINOIS
COMMISSION EXPIRES 04/22/10

Antwon S. Hibbler
Plaintiff Signature

E-FILED
Tuesday, 28 November, 2006 02:36:51 PM
Clerk, U.S. District Court, ILCD

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

06-0389

| Date: June 13, 2006 | Offender: (Please Print) Antwon Hibbler | | B45991 |
|---|---|---|---|
| Present Facility: WICC | | Facility where grievance issue occurred: WICC | |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☒ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☐ Other (specify): _____

☐ Disciplinary Report: ____ / ____ / ____
         Date of Report          Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On or about the 19th of May 2006 the grievant began getting blisters on his left foot two toes. The blisters appeared only a few days after the grievant was seen by Dr. Lowel Brown for athlete foot and was giving Tolate 1% foot cream. While on lock-down the grievant complined to several nurses about nombness and pain also swelling in the (Little Toe) no treatment was provided. After spending 3-4 days on lock-down ~~and special~~ in pain the grievant went to see Dr. Brown again. After exsplaining to Dr. Brown about the constant pain and nombness along with the swelling

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_Antwon Hibbler_      B45991      6/13/06
Offender's Signature      ID#      Date

(Continue on reverse side if necessary)

| Counselor's Response (if applicable) | | |
|---|---|---|
| Date Received: | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
| Response: RECEIVED JUN 22 2006 WESTERN ILLINOIS C.C. GRIEVANCE OFFICER | | |
| _____ Print Counselor's Name | _____ Counselor's Signature | ___/___/___ Date of Response |

| EMERGENCY REVIEW | |
|---|---|
| Date Received: 6/21/06 | Is this determined to be of an emergency nature? ☒ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
| _R. Zimmerman_ Chief Administrative Officer's Signature | 6/22/06 Date |

Dr. Brown stated he didn't believe it was the foot cream that caused the blisters and told the grievant the swelling, numbness, and pain would go away on it's own and this Dr. Brown gave the grievant more athlete foot cream named Lamisil and said it should help with my problem. Instead the blisters got worse and the swelling increased so did the pain. The grievant returned a third time to see Dr. Brown and wasn't giving anything for the pain, numbness, swelling, or the infection that has set up in my toes. Dr. Brown only advise was "it maybe" the boots. No other test were ran to see why this was happening to my foot. Two Jane Doe nurses stated it was there belief that it was the cream and not the boots. As of June 14, 2006 nothing has been done and the situation has gotten worse.

                    —End of Report—

  Relief Requested:
I would like photos taken of my foot
I would like to be seen by a foot specialist
I would like Dr. Brown relieved of his duty as a Doctor until an investigation is done or complete.
I would also like to be granted pay in the sum of 200,000 dollars for pain, suffing, lack of proper medical treatment, and an additional 200,000 for violation of my 8th Amend right. Lastly I pray no action are taken against me for this grievance.

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO OFFENDER'S GRIEVANCE

| Grievance Officer's Report |
|---|

**Date Received:** June 22, 2006          **Date of Review:** July 6, 2006          **Grievance #** (optional): 06-0389

**Offender:** Hibbler, Antwon                                    **ID#:** B45991

**Nature of Grievance:** Medical/Treatment

**Facts Reviewed:** Emergency Grievance-Offender Hibbler states he has seen Dr. Brown for blisters on his feet and treatment for athlete's foot. He claims the treatment has not helped and he continues to have pain, swelling, and numbness. He wants photos taken of his foot, seen by a foot specialist, Dr. Brown relieved of his duties, paid $200,000.00 for pain, suffering, and lack of medical treatment, and $200,000.00 for violation of 8th amendment right.

Nurse Boyle, DON states offender has seen Dr. Brown on 5/22/06, 5/30/06, 6/15/06, and 6/28/06 about foot problem with treatment at each visit. Foot improved as of 6/28/06. Doctor will see him again in 1 week.

**Recommendation:** Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the offender's grievance be denied.

Sue Redshaw
Print Grievance Officer's Name                              Grievance Officer's Signature
**(Attach a copy of Offender's Grievance, including counselor's response if applicable)**

| Chief Administrative Officer's Response |
|---|

**Date Received:** 7-10-06          ☑ I concur          ☐ I do not concur          ☐ Remand

**Comments:**

Chief Administrative Officer's Signature                                             7-10-06
                                                                                    Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Antwon Hibbler                          B45991          7-14-06
Offender's Signature                    ID#            Date

CC: HUA

Distribution:    Master File; Offender; AW Programs          Page 1                    DOC 0047 (Rev. 3/2005)
Printed on Recycled Paper

**OFFENDER'S GRIEVANCE**

| Date: July 13, 2006 | Offender: (Please Print) Antwon Hibbler | ID#: B45991 |
|---|---|---|
| Present Facility: WICC | Facility where grievance issue occurred: WICC | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify): _____

- [ ] Disciplinary Report: ____ / ____ / ____
  Date of Report          Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On the above date the grievant was sent back to his unit by Sgt. Bunn because he had on shower shoes. Despite Sgt. Bunn knowledge of the grievant's prescription to wear shower-shoes this Sgt. denied the grievant of Chow. Sgt. Bunn then threathen grievant with Segregation if he didn't move faster this Sgt. further stated. "That damn doctor or you don't run shit around here if you can't wear shoes then you can't eat" The grievant wasn't allowed to return to chow nor attend late chow.

**Relief Requested:** In the actions of Sgt Bunn denying grievant chow and of his 8th amendment of the US constitution grievant seeks monetary damages in the sum of $200,000

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Antwon Hibbler                  B45991        7 / 13 / 06
Offender's Signature              ID#              Date

**(Continue on reverse side if necessary)**

---

**Counselor's Response (if applicable)**

| Date Received: ____ / ____ / ____ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: _____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response ___ / ___ |

---

**EMERGENCY REVIEW**

| Date Received: ____ / ____ / ____ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
|---|---|---|

| Chief Administrative Officer's Signature | Date ___ / ___ |

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: 7-16-06 | Offender: (Please Print) Antwon Hibbler | ID#: B45991 |
|---|---|---|
| Present Facility: WICC | Facility where grievance issue occurred: WICC | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify): _____

- [ ] Disciplinary Report: ____/____/____
        Date of Report          Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On the above date the grievant was getting ready to leave R-2 on a 1:15pm sick call pass when he was stopped and ordered to put on his boot. The grievant had a shower shoe permitt from Doctor Brown that C/O Sweeney was made aware of on July 15, 2006 by nurses Thompson and Scott. C/O Sweeney took it upon himself two days in a row to go against the doctor's order for the grievant to wear shower shoes which put grievant in more pain with his feet and also violating the grievant's 8th and 14th amendment

**Relief Requested:**

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Antwon Hibbler | B45991 | 7.16.06 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

| | **Counselor's Response** (if applicable) | |
|---|---|---|
| Date Received: 07, 19, 06 | [ ] Send directly to Grievance Officer | [x] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

**Response:** The memo was not received in R2 until 7-17-06 & on the 3-11 shift. Im was seen by this CCII on 7-19-06 with shaver shoes on, on the walk.

| T. Goins | [signature] Goins | 7, 19, 06 |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

| | **EMERGENCY REVIEW** | |
|---|---|---|
| Date Received: ____/____/____ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance<br>[ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

| | | ____/____/____ |
|---|---|---|
| Chief Administrative Officer's Signature | | Date |

ILLINOIS DEPARTMENT OF CORRECTIONS

by interfering with a medical issue.
C/o Swenney is security not a Medical Doctor
and should not have forced more pain upon
the grievant by making him wear boots

"I pray there's no action taken
against me for this grievance"

Relief Requested:

That C/o Swenney be suspended
without pay, not return to R-2
to work and pay the grievant
$60,000 (Sixthy thousand dollars) in
monetary damages for the pain and
Suffering that was endured during those
two days. I would also like nurse
Thompson & nurse Scott interviewed as my
witnesses

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: 7-21-06 | Offender: (Please Print) Antwon Hibbler | ID#: 845991 |
|---|---|---|
| Present Facility: WICC | Facility where grievance issue occurred: WICC | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify): _____

- [ ] Disciplinary Report: _____/_____/_____
Date of Report          Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: This grievance is related to the grievant's grievance against C/O Swenney that was written on July 16, 2006. Tara Goins CCII heard that grievance and played favortisim to the C/O because I'm an inmate and the C/O's is alledge to be right all the time. Tara Goins CC# failed to properly investigate the matter that was presented in that particular grievance instead she sided with the C/O.

Relief Requested: It was clearly stated that this C/O was made aware of the permitt for the grievant to wear his shower shoes not

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Antwon Hibbler | 845991 | 7.21.06 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

| **Counselor's Response** (if applicable) | | |
|---|---|---|
| Date Received: _____/_____/_____ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____
_____
_____
_____
_____

| _____ | _____ | _____/_____/_____ |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

| **EMERGENCY REVIEW** | |
|---|---|
| Date Received: _____/_____/_____ | Is this determined to be of an emergency nature? |

- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| _____ | _____ |
|---|---|
| Chief Administrative Officer's Signature | Date |

ILLINOIS DEPARTMENT OF CORRECTIONS

Only by the Memo but by two trained
Medical nurses Ms. Thompson and Ms. Scott
Yet Tara Goins didn't do her job
and just went with the C/O's Statement
           - End of Report -


    Relief Requested:
I would like Tara Goins
removed from her position
as Counselor and Suspended
without pay for a month.

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: July 25, 2006 | Offender: (Please Print) Antwon Hibbler | ID#: B45991 |
|---|---|---|
| Present Facility: WICC | Facility where grievance issue occurred: WICC | |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☐ Other (specify): _____

- ☐ Disciplinary Report: ____/____/____
  Date of Report          Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On the above date, the grievant placed 4 legal envelopes in housing unit#2 Control Room at appox. 9:00pm. On the same date sometime during midnight the grievant awoke to find the same 4 legal envelopes that was suppose to be shipped out under his door torn open. This is a clear sign of retaliation toward the grievant for the complaints he's been filing. I have a specific right to access to court, freedom of association Relief Requested to be free from retaliation, to due process, and equal protection of my right guaranteed under the 1st ; 14th amendment of the US Const. These rights

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Antwon Hibbler                    B45991        7.25.06
Offender's Signature              ID#           Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ____/____/____     ☐ Send directly to Grievance Officer     ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

_____

_____     _____     ____/____/____
Print Counselor's Name           Counselor's Signature        Date of Response

---

**EMERGENCY REVIEW**

Date Received: ____/____/____     Is this determined to be of an emergency nature?     ☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____     ____/____/____
Chief Administrative Officer's Signature        Date

ILLINOIS DEPARTMENT OF CORRECTIONS

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

were picked by the unauthorized opening and returning
of my mail, which was clearly marked legal. Due
to my confinement I cannot identify the exact
person, but third shift is responsible, as I
gave it to the control officer on second shift,
and it was returned in the middle of the
same night.
While I am alleging a third shift matter, it is
also on information and belief, and widely accepted
that legal mail is regularly intercepted and illegally
opened.

Relief Requested:

I would like an investigation
done to see why this has happen.

Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 7-27-06 | Offender: (Please Print) Anteeon Hibbler | ID#: B45991 |
|---|---|---|
| Present Facility: WICC | Facility where grievance issue occurred: WICC | |

**NATURE OF GRIEVANCE:**

☐ Personal Property ☐ Mail Handling ☐ Restoration of Good Time ☐ Disability
☒ Staff Conduct ☐ Dietary ☐ Medical Treatment ☐ HIPAA
☐ Transfer Denial by Facility ☐ Transfer Denial by Transfer Coordinator ☐ Other (specify): _____

☐ Disciplinary Report: ____/____/____ _____
    Date of Report                    Facility where issued

**Note:**    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    **Chief Administrative Officer,** only if EMERGENCY grievance.
    **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On the above date grievant was leaving housing unit #2 when C/O Whitaker stopped him and made him stand to the side. Grievant was then searched and made to produce the prescription for his shower-shoes. C/O Whitaker stated to grievant "All y'all are alike that's why you here, but since you're special I'll make sure you get special treatment. C/O Whitaker was rude and throw grievants prescription on the ground and told grievant to retrieve it. grievant did so and left.

Relief Requested: Do to C/O Whitaker actions in harassing grievant and throwing his permit the grievant seeks Monetary damages in the sum of $200,000

☒ Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Anteeon Hibbler | B45991 | 7, 27, 06 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ____/____/____    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____    _____    ____/____/____
Print Counselor's Name                Counselor's Signature            Date of Response

---

**EMERGENCY REVIEW**

Date Received: ____/____/____    Is this determined to be of an emergency nature?    ☐ Yes; expedite emergency grievance
                                                                                    ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____    ____/____/____
Chief Administrative Officer's Signature    Date

ILLINOIS DEPARTMENT OF CORRECTIONS

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: 7-31-06 | Offender: (Please Print) Antwon Hibbler | ID#: B45991 |
|---|---|---|

| Present Facility: WICC | Facility where grievance issue occurred: WICC |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify): _____

- [ ] Disciplinary Report: ____/____/____
  Date of Report          Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On the above date upon returning from breakfast grievant was intercepted by C/O woodward and C/O ward and was told to show his prescription to wear his shower-shoes Upon reviewing the document C/O woodward and ward began provoking the grievant and making sexual statements such as: How did you get doc to do this did he fuck you in the ass or did you do him? C/O ward then stated I think doc done him because he looks like a fag referring to the grievant.

**Relief Requested:** Other inmates over heard this conversation no grievant regulary gets teased on the unit. Turnover
End Of Report —

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Antwon Hibbler | B45991 | 7/31/06 |
|---|---|---|
| Offender's Signature | ID# | Date |

*(Continue on reverse side if necessary)*

| **Counselor's Response (if applicable)** | | |
|---|---|---|
| Date Received: ____/____/____ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____
_____
_____
_____
_____

| _____ | _____ | ____/____/____ |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

| **EMERGENCY REVIEW** | | |
|---|---|---|
| Date Received: ____/____/____ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

| _____ | ____/____/____ |
|---|---|
| Chief Administrative Officer's Signature | Date |

ILLINOIS DEPARTMENT OF CORRECTIONS

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

Relief Requested:
That the two named
C/o's be removed for their
jobs and pay monetary damages
to the grievant.

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2004-CF-1537 |
| | ) | |
| ANTWON S. HIBBLER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Defendant has filed on July 20, 2006, a Petition for Post-Judgment Release. He claims that after trial he was sentenced to 10 years incarceration in the Illinois Department of Corrections. Since he was sentenced as a Class X offender, a period of mandatory supervised release was imposed pursuant to 730 ILCS 5/5-8-1(d). Throughout the Defendant's petition he cites cases that dealt with defendants who pled guilty and were not properly admonished concerning MSR. Although the Defendant doesn't cite *People v. Whitfield*, 217 Ill.2 177, his petition has all of the references as set forth in that Illinois Supreme Court decision.

A period of MSR is mandated by statute. The Defendant's sentence required a 3-year period of MSR. His 5/2-1401 petition is frivolous and patently without merit and is therefore ordered dismissed.

Date: ___7/24/06___

s/ Thomas J. Difanis
Thomas J. Difanis
Circuit Judge

State of Illinois—Department of Corrections
**DISCIPLINARY REPORT**                                    Page  1  of  1

ciplinary Report  07/31/2006 _____  ☐ Investigative Report  _____
                  **Date**                                        **Date**

mitted Person: Hibbler, Antwon _____  No. B45991 _____  Facility: Western Illinois C.C. ___

servation Date: 07/31/2006 ____  Time:  11:30  ☒ am ☐ pm  Location: Wicc _____

:/O Jennings #10124 _____  c_____ #10124 _____  07/31/06  12:10  ☐ am ☒ pm
**PRINT Employee's Name**        **Employee's Signature**   **Date**   **Time**

                                ☒ A
Offense:  504  ☐ B   212 Frivolous Lawsuit _____
                  ☐ C

Observation:  On the above date and approximate time, Western Illinois ~~Correctional Center inmate, I/M~~ ~~Hibbler, Antwon~~ B45991 was found to have filed : lawsuit, Case No. 2004-CF-1537, which was deemed frivolous, in accordance with 730 ILCS 5/3-6-3(d). The judgement was made in the Circuit Court of the Sixth Judicial Circuit in Champaign County, Illinois, by Presiding Judge Thomas J. Difanis. Judges' 7-24-06 orders were as follows: Defendant's "5/2-1401 petition is frivolous and patently without merit and is therefore ordered dismissed." I/M was positively identified by name and IDOC number on the order. See attachment. D.C. 434 also written.
Witnesses, if any: _____

**NOTE:** Use continuation page if necessary to describe observation and/or list witnesses.

☒ Temporary Confinement    ☐ Investigative Status
Reasons: _____


_____          _____
**PRINT Name**                      **Shift Supervisor's Signature**      **Date**
                                    **(For Community Correctional Centers, Chief Adm. Off.)**

☐ Confinement Reviewed by Reviewing Officer   Comments: _____

**PRINT Name** _____          **Signature** _____      **Date**

☒ **MAJOR**, submitted to Adjustment Committee   ☐ **MINOR**, submitted to Program Unit
**PRINT Name** ___Major Syl___          **Reviewing Officer's Signature** __7/31/06__   **Date**

☐ Reviewed by Hearing Investigator: _____
  **(Adult Division Major Reports Only)**  **PRINT Name**      **Signature**      **Date**

**PROCEDURES APPLICABLE TO ALL HEARINGS ON INVESTIGATIVE AND DISCIPLINARY REPORTS**

You have the right to appear and present a written or oral statement or explanation concerning the charges.  You may present relevant physical material such as records or documents.

**PROCEDURES APPLICABLE TO HEARINGS CONDUCTED BY THE ADJUSTMENT COMMITTEE ON DISCIPLINARY REPORTS**

You may ask that witnesses be interviewed and, if necessary, they may be called to testify during your hearing.  You may ask that witnesses be questioned along lines you suggest.  You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee.  You may have staff assistance if you are unable to prepare a defense.  You may request a reasonable extension of time to prepare for your hearing.  If you are found guilty of a serious rule violation, you may be placed in confinement and/or lose privileges, and/or be required to make restitution.  In addition, juveniles may receive a delay in recommended parole.

                                        **Committed Person Refused to Sign** ☒

**Committed Person's Signature** _____   **Number** _____
C/o Cooper _____          C/o _____      7-31-06  9:00 ☐ am ☒ pm
**PRINT Serving Employee's Name**  **Serving Employee's Signature**  **Date**  **Time Served**

I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offense Date: _____    _____
                                          **Committed Person's Signature**   **Number**
---------------------------------------------------------------------------------
      (DETACH AND RETURN TO THE ADJUSTMENT COMMITTEE OR PROGRAM UNIT PRIOR TO THE HEARING)

I would like the Adjustment Committee or Program Unit to consider calling the following witnesses regarding disciplinary report of _____
                                                                                                    **Date**

NAME OF WITNESS: _____   Number/Cell/Title: _____

Witness can testify to: _____

NAME OF WITNESS: _____   Number/Cell/Title: _____

Witness can testify to: _____

                                    _____   _____
                                    **Committed Person's Name**     **Number**

DC 7205 (Rev. 5/00)  Distribution:  1)  Master File;  2)  Committed Person
IL 426—361                          3)  Facility;  4)  Facility

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** HIBBLER, ANTWON          **IDOC Number:** B45991          **Race:** BLK

**Hearing Date/Time:** 8/8/2006   09:35 AM          **Living Unit:** WIL-02-D-12          **Orientation Status:** N/A

**Incident Number:** 200602215/1 - WIL          **Status:** Final

| Date | Ticket # | Incident Officer | Location | Time |
|------|----------|------------------|----------|------|
| 7/31/2006 | 200602215/1-WIL | JENNINGS, JOSEPH D | INTERNAL AFFAIRS | 11:30 AM |

| Offense | Violation | Final Result |
|---------|-----------|--------------|
| 212 | Frivolous Lawsuit | Guilty |
|     | Comments:lawsuit had no merit | |

| Witness Type | Witness ID | Witness Name | Witness Status |
|--------------|-----------|--------------|----------------|

**No Witness Requested**

## RECORD OF PROCEEDINGS
DR504 CHARGES READ I/M PLEAD NOT GUILTY STATES THAT I DIDN'T FILE A LAWSUIT. OFFENDER ALSO GAVE A WRITTEN STATEMENT AT THE TIME OF THE HEARING.

## BASIS FOR DECISION
I/M WAS ID BY HIS IDOC CARD.
WRITING STAFF REPORT REFLECTS THAT OFFENDER HIBBLER B45991 HAS BEEN CHARGED WITH A FRIVOLOUS LAWSUIT ACCORDING TO PRESIDING JUDGE THOMAS J. DIFANIS CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT IN CHAMPAIGN COUNTY ILLINOIS DATED 7-24-06 DEFENDANT'S "5/2-1401 PETITION IS FRIVOLOUS AND PATENTLY WITHOUT MERIT AND THEREFORE ORDERED DISMISSED.
I/A TESTIFIED BEFORE THIS COMMITTEE TO THE TRUTHFULNESS OF THIS REPORT AS WRITTEN.

## DISCIPLINARY ACTION   *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|-------------|-------|
| Revoke GCC or SGT 6 Months | Revoke GCC or SGT 6 Months |
| **Basis for Discipline:**NATURE OF OFFENSE. | |

## Signatures
### Hearing Committee

| | Signature | Date | Race |
|--|-----------|------|------|
| ASHBY, FORREST J  - Chair Person | *LT Ashby* | 08/08/06 | BLK |
| DAVIS, RICHARD K | *Davis* | 08/08/06 | WHI |

Recommended Action Approved

## Final Comments: N/A

ROGER A ZIMMERMAN / RAZ  8/10/2006          *[signature]*          08/10/06
**Chief Administrative Officer**          **Signature**          **Date**

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

*[signature]*          8/15/6   3p
**Employee Serving Copy to Committed Person**          **When Served  - - Date and Time**



**MEMORANDUM**

DATE:       July 14, 2006

TO:         Offender Hibbler B45991  2D12

FROM:       Lowell Brown, MD
            Medical Director

SUBJECT:  Shower Shoes

For medical reasons, Offender Hibbler may wear shower shoes for one
week.   The ending date is July 21, 2006

Renewed X 1 Wk.
Ends . 7/28/06

_Lowell Brown MD_
Lowell Brown, MD
Medical Director

LB:sjz

Renewed through
7/31/06 SMoore RN

cc:  A/W Phillips
     D. Fuqua, HCUA
     Shift Commander
     Housing R2
     Medical Records
     File



MEMORANDUM

DATE:        July 31, 2006

TO:          Offender Hibbler B45991  2D12

FROM:        Lowell Brown, MD
             Medical Director

SUBJECT:  Shower Shoes

For medical purposes, Offender Hibbler may wear shower shoes for 2 months.
The ending date is September 30, 2006.


                                        Lowell Brown, MD
                                        Medical Director

LB:sjz

cc: D. Fuqua, HCUA
      Shift Commander
      Housing R2
      Medical Records
      File