## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANTWON S. HIBBLER, | ) | |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) | No. 06-3184 |
| ROGER ZIMMERMAN, Warden, LIEUTENANT ASHBY, SGT. BUNN, C/O SWENNEY, C/O WHITAKER, C/O JENNINGS, C/O WOODWARD, C/O WARD, | ) ) ) ) ) ) | |
| Defendants. | ) | |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S COMPLAINT

NOW COME the Defendants, FORREST ASHBY, JOSEPH JENNINGS, JAMES WARD, RANDALL WHITAKER, and ROGER ZIMMERMAN, by and through their attorney, Lisa Madigan, Attorney General of the State of Illinois, and hereby answer the Plaintiff's Complaint as follows:

### BACKGROUND

Plaintiff, Antwon Hibbler, is an inmate in the custody of the Illinois Department of Corrections (the "Department") at Western Illinois Correctional Center ("Western"). Plaintiff asserts claims under 42 U.S.C. § 1983 against state prison officials. (Ct. Doc. #4.) On November 28, 2006, District Judge Baker conducted a screening pursuant to 28 U.S.C. § 1915A and determined that Plaintiff states the following federal claims: (1) Defendants Bunn, Swenney, Woodward, and Ward were deliberately indifferent to Plaintiff's serious medical needs by intentionally interfering with doctor's orders; (2) Defendants Bunn, Swenney, Whitaker, Woodward, and Ward retaliated against Plaintiff for filing an emergency grievance; (3) Defendants Jennings, Ashby, and Zimmerman retaliated against

Plaintiff for filing grievances and/or violated Plaintiff's right to equal protection by punishing Plaintiff for filing a frivolous lawsuit; and (4) Defendants retaliated against Plaintiff for filing grievances by intercepting and interfering with his legal mail and grievances. (Ct. Doc. #2.)

## PRELIMINARY STATEMENT

Defendants deny that Plaintiff's constitutional rights were violated.

## PARTIES

1. Defendants admit the allegations contained in paragraph 1.
2. Defendants admit the allegations contained in paragraph 2.
3. Defendants admit the allegations contained in paragraph 3.
4. Defendants admit the allegations contained in paragraph 4.
5. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5.
6. Defendants admit that Defendant Whitaker was a sergeant at Western for the times relevant to this Complaint.
7. Defendants admit the allegations contained in paragraph 7.
8. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8.
9. Defendants admit the allegations contained in paragraph 9.

## JURISDICTION

10. Defendants admit that this Court has jurisdiction over Plaintiff's claims.

## VENUE

11. Defendants admit that venue is appropriate.

**FACTS**

12.     Defendants admit that Plaintiff attended the healthcare unit on May 28, 2006, at which time he complained of irritation to his feet. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 12.

13.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13.

14.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14.

15.     Defendants admit that Plaintiff filed an emergency grievance on June 13, 2006, concerning his foot condition and that Defendant Zimmerman designated the grievance as an emergency on June 22, 2006.

16.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16.

17.     Defendants admit that Doctor Lowell Brown authorized Plaintiff to wear shower shoes for one week on July 15, 2006, by issuing a typed memorandum containing such authorization. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 17.

18.     Defendants Ward and Whitaker admit that they asked Plaintiff to produce his doctor's slip indicating that he was permitted to wear shower shoes. Defendant Whitaker admits that he advised Plaintiff to keep the doctor's slip on his person to ensure that Plaintiff did not have any problems outside the unit concerning his shower shoes. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 18.

19. Defendant Whitaker admits that he has performed pat down searches on Plaintiff and many other inmates. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 19.

20. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20.

28.[1] Defendant Ashby admits that he was on the Hearing Committee for a hearing held before the adjustment committee on August 8, 2006. Defendant Ashby denies telling Plaintiff that "he should save his crying for his grievance process because it don't matter." Defendant Ashby denies he was intent on "slamming plaintiff." Defendant Ashby denies telling Plaintiff, "You'll think twice before you write another staff up you can bet that." Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 28.

29. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 29.

30. Defendants deny that Plaintiff's constitutional rights were violated. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 30.

31. Defendants deny that Plaintiff's constitutional rights were violated. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 31.

32. Defendants deny the allegations contained in paragraph 32.

33. Defendants deny the allegations contained in paragraph 33.

---

[1] Paragraphs 21-27 are missing from Plaintiff's Complaint.

34. Defendants deny the allegations contained in paragraph 34.

Defendants deny all other allegations not specifically admitted.

## CLAIMS FOR RELIEF

35. Defendants deny the allegations contained in paragraph 35.

36. Defendants deny the allegations contained in paragraph 36.

37. Defendants deny the allegations contained in paragraph 37.

38. Defendants deny the allegations contained in paragraph 38.

39. Defendants deny the allegations contained in paragraph 39.

40. Defendants deny the allegations contained in paragraph 40.

41. Defendants deny the allegations contained in paragraph 41.

Defendants deny that Plaintiff's constitutional rights were violated.

## RELIEF REQUESTED

42. Defendants deny that Plaintiff is entitled to compensatory and punitive damages.

43. Defendants deny that Plaintiff is entitled to injunctive relief.

Defendants deny that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

1. At all times relevant to Plaintiff's claims, Defendants acted in good faith in the performance of their official duties and without violating Plaintiff's clearly established constitutional rights. Defendants are protected from liability by the doctrine of qualified immunity.

2. To the extent Plaintiff seeks to recover for mental or emotional injuries absent a showing of physical injury, the Complaint is barred by the Prison Litigation Reform Act.

3.    To the extent that the Complaint would necessarily invalidate the disciplinary findings against Plaintiff, this Complaint is barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

        Respectfully submitted,

        FORREST ASHBY, JOSEPH JENNINGS,
        JAMES WARD, RANDY WHITAKER,
        and ROGER ZIMMERMAN,

            Defendants,

        LISA MADIGAN, Attorney General,
        State of Illinois,

            Attorney for Defendants,

          s/ Michael J. Lanzdorf
        Michael J. Lanzdorf, #6286675
        Assistant Attorney General
        500 South Second Street
        Springfield, IL   62706
        Phone: (217) 782-9056
        Fax: (217) 782 -8767
        E-Mail: mlanzdorf@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ANTWON S. HIBBLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   No. 06-3184 |
| | ) |
| ROGER ZIMMERMAN, Warden, | ) |
| LIEUTENANT ASHBY, SGT. BUNN, | ) |
| C/O SWENNEY, C/O WHITAKER, | ) |
| C/O JENNINGS, C/O WOODWARD, | ) |
| C/O WARD, | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 2, 2007, I electronically filed Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint, with the Clerk of the Court using the CM/ECF system, and I hereby certify that on the same date, I mailed by United States Postal Service, the document to the following non-registered participant:

Antwon S. Hibbler, #B-45991
Western Illinois Correctional Center
R. R. #4, Box 196
Mt. Sterling, IL  62353

                                                    Respectfully submitted,

                                                  s/ Michael J. Lanzdorf
                                                  Michael J. Lanzdorf, #6286675
                                                  Assistant Attorney General
                                                  500 South Second Street
                                                  Springfield, IL   62706
                                                  Phone: (217) 782-9056
                                                  Fax: (217) 782 -8767
                                                  E-Mail: mlanzdorf@atg.state.il.us