FILED
APR 25 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

In The
United States District Court
Central District Of
Illinois Springfield, Division

Antwon S. Hibbler
    Plaintiff,    Case No. 06-3184
-vs-
Roger Zimmerman (Warden) Et Al.
    Defendants,

Plaintiff's Answer To
The Defendant's Affirmative Defense(s)

Now comes the plaintiff, Antwon S. Hibbler, pro-se, with his answer to Defendant's Affirmative Defense(s) Motion.

Plaintiff respectfully askes this court to deny Defendant's Motion based on the following:

-1-

- 2 -

A ① Defendant's did not act in good-faith in the performances of their official duties and were Deliberately Indifferent Retaliatory in their actions or excessesive in nature.

B ② Plaintiff has shown a physical injury so this complaint is not barred by (PLRA) Prison Litigation Reform Act.

C ③ This complaint is not barred by Heck v. Humphrey 512 U.S. 477 (1994), because plaintiff is not challenging the disciplinary findings of prisons.

- 3 -

Defendant's allege each acted in good-faith. Good-Faith is an intangible and abstract quality with no technical meaning or statutory definition, good-faith is a concept of ones own mind and inner spirit; Therefore, it may not conclusively be determined by protestation alone. Doyle v. Gordon, 158 N.Y.S. 2d 248, 259, 260. However good-faith can be argued as an honest intention to abstain from taking any unconscientious advantage of another even through technicalities of law. Plaintiff contends each defendant did not act in good-faith specifically when they acted with regard to

-4-

him with an unhonest intention, EVEN through technicalities of law in the performance of their official duties. IN negligence cases the term official duties maybe defined as obligation, to which law will give recognition and effect, to conform to particular standards of conduct toward another. Rasmussen v. Prudential Ins. Co. 277 Minn. 266, 152 N.W. 2d, 359, 362. Plaintiff contends the defendant's official duties did not conform to or give recognition and effect to conform to particular standards of conduct without violating his constitutional rights, –

privledges and immunities on several occasions within his complaint. And because of the above plaintiff has pursuasively determined defendant's are not protected by Qualified Immunity where "their actions are those alleged to be unconstitutional implements, or executes or policy statements, ordinances, regulations, or decisions officially adopted and promulgated by that body's officers". Monell v. Department of Social Services of N.Y., 429 U.S. 1071, 97 S. Ct. 807, 50 L. Ed. 2d 789.

Wherefore, plaintiff prays that this Court finds that he is entitled to the relief requested and any other relief this Court deems just and fair.

April 18, 2007   /s/ Antwun S. Wilbler

C.C.

IN THE

U.S. DISTRICT COURT

CENTRAL DISTRICT

HIBBLER
Plaintiff,

v.                                          Case No. 06 CV 3184

ZIMMERMAN
Defendant

## PROOF/CERTIFICATE OF SERVICE

TO: COURT CLERK - WATERS

600 E. MONROE

RM 151

Sprfld., IL. 62701

TO:

AG, LISA MADIGAN

500 2nd St,

Sprfld., IL. 62701

PLEASE TAKE NOTICE that on 4-19-, 2007, I have placed the documents listed below in the institutional mail at WESTERN Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: PLAINTIFFS ANSWER TO AFFIRMATIVE DEFENSE

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: 4-19-07

/s/ [signature]
NAME: HIBBLER
IDOC#: B45991
WESTERN Correctional Center
P.O. BOX 196
MT. STERLING, IL 62353

Revised Jan 2002