# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| ANTWON S. HIBBLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 06-3184 |
| | ) |
| ROGER ZIMMERMAN, Warden, | ) |
| LIEUTENANT ASHBY, SGT. BUNN, | ) |
| C/O SWENNEY, C/O WHITAKER, | ) |
| C/O JENNINGS, C/O WOODWARD, | ) |
| C/O WARD, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S AMENDED COMPLAINT

NOW COME the Defendants, FORREST ASHBY, JOSEPH JENNINGS, STEVE SWEETIN, JAMES WARD, RANDALL WHITAKER, JOSEPH WOODWARD, and ROGER ZIMMERMAN, by and through their attorney, Lisa Madigan, Attorney General of the State of Illinois, and hereby answer the Plaintiff's Complaint as follows:

## BACKGROUND

Plaintiff, Antwon Hibbler, is an inmate in the custody of the Illinois Department of Corrections (the "Department") at Western Illinois Correctional Center ("Western"). Plaintiff's Amended Complaint asserts claims under 42 U.S.C. § 1983 against state prison officials and a contractual health care provider. (Ct. Doc. #36.) On November 22, 2006, District Judge Baker conducted a screening pursuant to 28 U.S.C. § 1915A and determined that Plaintiff states the following federal claims: (1) Defendants Bunn, Swenney, Woodward, and Ward were deliberately indifferent to Plaintiff's serious medical needs by intentionally interfering with doctor's orders; (2) Defendants Bunn, Swenney,

Whitaker, Woodward, and Ward retaliated against Plaintiff for filing an emergency grievance; (3) Defendants Jennings, Ashby, and Zimmerman retaliated against Plaintiff for filing grievances and/or violated Plaintiff's right to equal protection by punishing Plaintiff for filing a frivolous lawsuit; and (4) Defendants retaliated against Plaintiff for filing grievances by intercepting and interfering with his legal mail and grievances. (Ct. Doc. #2.) On April 27, 2007, the Court granted Plaintiff leave to file an amended complaint, in which Plaintiff adds a claim of deliberate indifference to his serious medical needs against Defendants Brown and Fuqua.

1. Defendants admit that the Court issued a Case Management Order on November 22, 2006. Defendants deny the remaining allegations contained in paragraph 1.

2. Defendants deny that Plaintiff's constitutional rights were violated. Defendants admit that Plaintiff's unopposed motion for leave to file an amended complaint was granted.

3. Defendants admit that Plaintiff's unopposed motion for leave to file an amended complaint was granted.

## PARTIES

4. Defendants admit the allegations contained in paragraph 4.
5. Defendants admit the allegations contained in paragraph 5.
6. Defendants admit the allegations contained in paragraph 6.
7. Defendants admit the allegations contained in paragraph 7.
8. Defendants admit the allegations contained in paragraph 8.

9. Defendants admit that Defendant Whitaker was a sergeant at Western for the times relevant to this Complaint.

10. Defendants admit the allegations contained in paragraph 10.

11. Defendants admit the allegations contained in paragraph 11.

12. Defendants admit the allegations contained in paragraph 12.

13. Defendants admit the allegations contained in paragraph 13.

14. Defendants admit the allegations contained in paragraph 14.

## JURISDICTION

15. Defendants admit that this Court has jurisdiction over Plaintiff's claims.

## VENUE

16. Defendants admit that venue is appropriate.

## FACTS

17. Defendants admit that Plaintiff attended the healthcare unit on May 28, 2006, at which time he complained of irritation to his feet. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 17.

18. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18.

19. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19.

20. Defendants admit that Plaintiff filed an emergency grievance, dated June 13, 2006, concerning his foot condition and that Defendant Zimmerman designated the grievance as an emergency on June 22, 2006.

21. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21.

22. Defendants admit that Doctor Lowell Brown authorized Plaintiff to wear shower shoes for one week on July 15, 2006, by issuing a typed memorandum containing such authorization. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 22.

23. Defendants Ward and Whitaker admit that they asked Plaintiff to produce his doctor's slip indicating that he was permitted to wear shower shoes. Defendant Whitaker admits that he advised Plaintiff to keep the doctor's slip on his person to ensure that Plaintiff did not have any problems outside the unit concerning his shower shoes. Defendants deny that Plaintiff's constitutional rights were violated. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 23.

24. Defendant Whitaker admits that he has performed pat down searches on Plaintiff and many other inmates. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 24.

25. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25.

26. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26.

27. Defendants deny that Plaintiff's constitutional rights were violated. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 27.

28. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 28.

29. Defendant Whitaker denies that he made the statement attributed to him in paragraph 29. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 29.

30. Defendants admit that Circuit Judge Difanis issued an order on Plaintiff's 5/2-1401 petition which was determined to be frivolous and patently without merit. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 30.

31. Defendants admit the allegations contained in paragraph 31.

32. Defendants admit the allegations contained in paragraph 32.

33. Defendant Ashby admits that he was on the Hearing Committee for a hearing held before the adjustment committee on August 8, 2006. Defendant Ashby denies telling Plaintiff that "he should save his crying for his grievance process because it don't matter." Defendant Ashby denies he was intent on "slamming plaintiff." Defendant Ashby denies telling Plaintiff, "You'll think twice before you write another staff up you can bet that." Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 32.

34. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 34.

35. Defendants deny that Plaintiff's constitutional rights were violated. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 35.

36. Defendants deny that Plaintiff's constitutional rights were violated. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 36.

37. Defendants deny the allegations contained in paragraph 37.

38. Defendants deny the allegations contained in paragraph 38.

39. Defendants deny the allegations contained in paragraph 39.

40. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 40.

41. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 41.

42. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 42.

43. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 43.

44. Defendants admit that Plaintiff attended the healthcare unit on May 28, 2006, at which time he complained of irritation to his feet. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 44.

45. Defendants admit that Plaintiff attended the health care unit on May 30, 2006. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 45.

46. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 46.

47. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 47.

48. Defendants admit that Plaintiff attended the health care unit on June 15, 2006. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 48.

49. Defendant Zimmerman admits that Plaintiff's grievance, dated June 13, 2006, was determined to be of an emergency nature. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 49.

50. Defendants admit that Plaintiff attended the health care unit on June 28, 2006. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 50.

51. Defendants admit that Plaintiff attended the health care unit on July 5, 2006. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 51.

52. Defendants admit that Plaintiff attended the health care unit on July 14, 2006. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 52.

53. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 53.

54. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 54.

55. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 55.

56. Defendants admit that the Chief Administrative Officer or a designee concurred with Grievance Officer Sue Redshaw's recommendation that Plaintiff's grievance #06-0389 be denied.

57. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 57.

Defendants deny all other allegations not specifically admitted.

## CLAIMS FOR RELIEF

58. Defendants deny the allegations contained in paragraph 58.
59. Defendants deny the allegations contained in paragraph 59.
60. Defendants deny the allegations contained in paragraph 60.
61. Defendants deny the allegations contained in paragraph 61.
62. Defendants deny the allegations contained in paragraph 62.
63. Defendants deny the allegations contained in paragraph 63.
64. Defendants deny the allegations contained in paragraph 64.
65. Defendants deny the allegations contained in paragraph 65.
66. Defendants deny the allegations contained in paragraph 66.

67. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 67.

68. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 68.

69. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 69.

70. Defendants deny the allegations contained in paragraph 70.

## RELIEF REQUESTED

71. Defendants deny that Plaintiff is entitled to compensatory or punitive damages.

72. Defendants deny that Plaintiff is entitled to injunctive relief.

Defendants deny that Plaintiff's constitutional rights were violated. Defendants deny that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

1. At all times relevant to Plaintiff's claims, Defendants acted in good faith in the performance of their official duties and without violating Plaintiff's clearly established constitutional rights. Defendants are protected from liability by the doctrine of qualified immunity.

2. To the extent Plaintiff seeks to recover for mental or emotional injuries absent a showing of physical injury, the Complaint is barred by the Prison Litigation Reform Act.

3. To the extent that the Complaint would necessarily invalidate the disciplinary findings against Plaintiff, this Complaint is barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

4. Plaintiff has failed to exhaust his administrative remedies.

> Respectfully submitted,
>
> FORREST ASHBY, JOSEPH JENNINGS,
> STEVE SWEETIN, JAMES WARD,
> RANDALL WHITAKER, JOSEPH WOODWARD,
> and ROGER ZIMMERMAN,
>
> Defendants,
>
> LISA MADIGAN, Attorney General,
> State of Illinois,
>
> Attorney for Defendants,
>
>   s/ Michael J. Lanzdorf
> Michael J. Lanzdorf, #6286675
> Assistant Attorney General
> 500 South Second Street
> Springfield, IL  62706
> Phone: (217) 782-9056
> Fax: (217) 782-8767
> E-Mail: mlanzdorf@atg.state.il.us

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| ANTWON S. HIBBLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   No. 06-3184 |
| | ) |
| ROGER ZIMMERMAN, Warden, | ) |
| LIEUTENANT ASHBY, SGT. BUNN, | ) |
| C/O SWENNEY, C/O WHITAKER, | ) |
| C/O JENNINGS, C/O WOODWARD, | ) |
| C/O WARD, | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2007, I electronically filed Defendants' Answer and Affirmative Defenses to Plaintiff's Amended Complaint, with the Clerk of the Court using the CM/ECF system, and I hereby certify that on the same date, I mailed by United States Postal Service, the document to the following non-registered participant:

Antwon S. Hibbler, #B-45991
Western Illinois Correctional Center
R. R. #4, Box 196
Mt. Sterling, IL  62353


Respectfully submitted,

   s/ Michael J. Lanzdorf
Michael J. Lanzdorf, #6286675
Assistant Attorney General
500 South Second Street
Springfield, IL   62706
Phone: (217) 782-9056
Fax: (217) 782 -8767
E-Mail: mlanzdorf@atg.state.il.us