E-FILED
Thursday, 14 June, 2007  02:40:09 PM
Clerk, U.S. District Court, ILCD

FILED

JUN 1 3 2007

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

In The
United States District Court
Central District Of
Illinois, Springfield, Division

Antwon S. Hibbler )
　　　　Plaintiff, )　　　CASE NO. 06-CV-3184
　　　　　　　　　)
　　-vs- )
　　　　　　　　　)
Roger Zimmerman Et Al. )
　　　　Defendant(s) )


Plaintiff's Answer To
The Defendant(s) Affirmative Defense(s)
For Amended Complaint


Now comes the Plaintiff, Antwon S. Hibbler,

pro-se, with his answer to Defendant(s)

Affirmative Defense(s) Motion To Amended

Complaint.


Plaintiff respectfully askes this court to deny

Defendant(s) Motion based on the following:

A.(i) DEFENDANT(S) did not act in good-faith

in the performances of their official duties

At no point or time. DEFENDANT(S) WERE

Deliberately Indifferent in their actions which

caused undue pain and Cruel and Unusual Punishment.

B.(2) Plaintiff has shown physical injury with

his Medical records so this Complaint is not

barred by (PLRA) Prison Litigation Reform Act.

C.(3) THis Complaint is not barred by

Heck v. Humphrey 512 U.S. 477 (1994), because

Plaintiff is not chanllenging the disciplinary

findings of prison officials, but, merely showing

retaliatory behavior.

d.(4) DEFENDANT(S) Are liable for their Actions

And Are Not entitled to qualified immunity

for Plaintiff has shown his Constitutional Rights

were clearly violated And Defendant(s) understood their actions.

— 2 —

SEE: Hope v. Pelzer 536 U.S. 730 (2002) Also see: United States v. LANIER 520 U.S. 259 (1997).

Despite their allegations of good-faith, plaintiff allegations established an eight Amendment violation among the " 'unnecessary and wanton' inflictions of pain [ constituting Deliberate Indifference and Cruel And Unusual Punishment forbidden by the Amendment] are those that are 'totally without penological justification' ". This determination is made in the context of prison conditions by Ascertaining whether an official acted with " Deliberately Indifference" to inmates health or Safey. See: Rhodes v. Chapman, 452 U.S. 337, 346. See Also: Whitley v. Albers 475 U.S. 312, 319.

Although the facts of theses cases are not identical they premise that the recalcitrant severity plaintiff's health was at risk,

— 3 —

Which was a course of impermissible
conduct that establish Defendant(s) violated
clearly established law, " A reasonable person
would have known".

E. (5) Defendant(s) allege Plaintiff has _____ Failed
to exhaust his administrative remedies.
Plaintiff deny those allegations, All remedies
have been exhausted that were made available
to him. However, Defendant(s) preventing plaintiff
from exhausting his earlier remedies allowed
plaintiff to proceed directly to court pursuant
to Lewis v. Washington 300 F. 3d 829, 833 (7$^{th}$Cir. 2002)
(Administrative remedies are exhausted if prison
officials fail to respond to grievances rendering
the remedies unavailable).

    Wherefore, Plaintiff prays relief requested is
granted And All others this court deems just And fair.

                                Respectfully Summitted
            — 4 —             Antwon S. Webber
                                Plaintiff, Pro - SE