In The
United States District Court
Central District Of Illinois
Springfield Division

Antwon S. Hibbler          )
       Plaintiff           )    Case No. 06-CV-3184
    -vs-                   )
                           )
Roger Zimmerman (et.al.)   )
       Defendant(s)        )

Motion For Appointment Of Counsel

Now comes Antwon S. Hibbler, Plaintiff, pro-se and via a Jailhouse Lawyer, respectfully move this Honorable Court to appoint Counsel to represent Plaintiff in the above entitled cause. In support thereof Plaintiff states as following:

-1-

## I. Standard of Review

(1) The authority for a U.S. District Court to Appoint Counsel for judgement in Civil cases is derived from 28 U.S.C.A. Section 1915(E)(1), See Also: Macklin v. Freake, 650 F.2d 885, 886 (7th Cir. 1981), Also see: Jeffery Montgomery v. Steven Pinchak Et.Al. 294 F.3d 492 (3d Cir. 2002). The District Court has broad discretion in determining whether to Appoint Counsel "it is to be guided by sound legal principles". In Civil Rights Complaint, Counsel must be appointed for qualified indigents when a hearing is required or when the Court deems appointment is necessary in the interest of justice. In Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993) the court set out a non-exhaustive list of six factors to consider when deciding

-2-

A Motion For Appointment Of Counsel.

(1) the plaintiff's ability to present his/her own case;

(2) the difficulty of the particular legal issue;

(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

(4) the plaintiff's capacity to retain Counsel on his/her own behalf;

(5) the extent to which a case is likely to turn on credibility determinations, and;

(6) whether the case will require testimony from expert witnesses. Tabron, 6 F.3d at 155-57. Also see: Farmer v. Hass, 990 F.2d 319, 322 (7th Cir. 1993) Cert. denied 510 U.S. 963 (1993). See:

Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995).

Jackson v. County of McLean, 953 F.2d 1070-72, 73 (7th Cir. 1992).

II. Plaintiff knowledge

Plaintiff does not have the intelligence or capability to prosecute this case before this Honorable Court and has been represented by a jailhouse lawyer. There is no law clerk assigned to the law library and at times I have no one to assist me. While Plaintiff thus far might have demonstrated that he is knowledgeable of Section 1983, his complaint was drafted by a jailhouse lawyer who is soon to be released and no longer will be able to aid Plaintiff in answering Defendant(s) Motion(s.)

Wherefore, plaintiff, via a jailhouse lawyer respectfully ask this Honorable Court to appoint Counsel.

- 4 -

Respectfully Summitted,

June 10, 2007    /s/ Arthur S. Webber