IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANTWON S. HIBBLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 06-3184 |
| | ) | |
| ROGER ZIMMERMAN, Warden, | ) | |
| LIEUTENANT ASHBY, SGT. BUNN, | ) | |
| C/O SWENNEY, C/O WHITAKER, | ) | |
| C/O JENNINGS, C/O WOODWARD, | ) | |
| C/O WARD, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT FUQUA'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT**

NOW COMES the Defendant, DEBORAH FUQUA, by and through her attorney, Lisa Madigan, Attorney General of the State of Illinois, and hereby answers the Plaintiff's Complaint as follows:

**BACKGROUND**

Plaintiff, Antwon Hibbler, is an inmate in the custody of the Illinois Department of Corrections (the "Department") at Western Illinois Correctional Center ("Western"). Plaintiff's Amended Complaint asserts claims under 42 U.S.C. § 1983 against state prison officials and a contractual health care provider. (Ct. Doc. #36.) On November 22, 2006, District Judge Baker conducted a screening pursuant to 28 U.S.C. § 1915A and determined that Plaintiff states the following federal claims: (1) Defendants Bunn, Swenney, Woodward, and Ward were deliberately indifferent to Plaintiff's serious medical needs by intentionally interfering with doctor's orders; (2) Defendants Bunn, Swenney, Whitaker, Woodward, and Ward retaliated against Plaintiff for filing an emergency


grievance; (3) Defendants Jennings, Ashby, and Zimmerman retaliated against Plaintiff for filing grievances and/or violated Plaintiff's right to equal protection by punishing Plaintiff for filing a frivolous lawsuit; and (4) Defendants retaliated against Plaintiff for filing grievances by intercepting and interfering with his legal mail and grievances.  (Ct. Doc. #2.)  On April 27, 2007, the Court granted Plaintiff leave to file an amended complaint, in which Plaintiff adds a claim of deliberate indifference to his serious medical needs against Defendants Brown and Fuqua.

1.	Defendant admits the allegations contained in paragraph 1.

2.	Defendant denies that Plaintiff's constitutional rights were violated. Defendant admits that Plaintiff's unopposed motion for leave to file an amended complaint was granted.

3.	Defendant admits that Plaintiff's unopposed motion for leave to file an amended complaint was granted.

## **PARTIES**

4.	Defendant admits the allegations contained in paragraph 4.

5.	Defendant admits the allegations contained in paragraph 5.

6.	Defendant admits the allegations contained in paragraph 6.

7.	Defendant admits the allegations contained in paragraph 7.

8.	Defendant admits the allegations contained in paragraph 8.

9.	Defendant admits that Defendant Whitaker was a sergeant at Western for the times relevant to this Complaint.

10.	Defendant admits the allegations contained in paragraph 10.

11.	Defendant admits the allegations contained in paragraph 11.

12. Defendant admits the allegations contained in paragraph 12.

13. Defendant denies that Lowell Brown was employed by the Department.

14. Defendant admits the allegations contained in paragraph 14.

## JURISDICTION

15. Defendant admits that this Court has jurisdiction over Plaintiff's claims.

## VENUE

16. Defendant admits that venue is appropriate.

## FACTS

17. Defendant admits that Plaintiff attended the healthcare unit on May 28, 2006, at which time he complained of irritation to his feet. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 17.

18. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18.

19. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19.

20. Defendant admits that Plaintiff filed an emergency grievance, dated June 13, 2006, concerning his foot condition and that Defendant Zimmerman designated the grievance as an emergency on June 22, 2006.

21. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21.

22.    Defendant admits that Doctor Lowell Brown authorized Plaintiff to wear shower shoes for one week on July 15, 2006, by issuing a typed memorandum containing such authorization. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 22.

23.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 23.

24.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 24.

25.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25.

26.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26.

27.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 27.

28.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 28.

29.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 29.

30.    Defendant admits that Circuit Judge Difanis issued an order on Plaintiff's 5/2-1401 petition which was determined to be frivolous and patently without merit. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 30.

31.    Defendant admits the allegations contained in paragraph 31.

32. Defendant admits the allegations contained in paragraph 32.

33. Defendant admits that a hearing was held before the adjustment committee on August 8, 2006. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 32.

34. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 34.

35. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 35.

36. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 36.

37. Defendant denies the allegations contained in paragraph 37.

38. Defendant denies the allegations contained in paragraph 38.

39. Defendant denies the allegations contained in paragraph 39.

40. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 40.

41. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 41.

42. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 42.

43. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 43.

44. Defendant admits that Plaintiff attended the healthcare unit on May 28, 2006, at which time he complained of irritation to his feet. Defendant lacks sufficient knowledge

or information to form a belief as to the truth of the remaining allegations contained in paragraph 44.

45. Defendant admits that Plaintiff attended the health care unit on May 30, 2006. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 45.

46. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 46.

47. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 47.

48. Defendant admits that Plaintiff attended the health care unit on June 15, 2006. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 48.

49. Defendant admits that Plaintiff's grievance, dated June 13, 2006, was determined to be of an emergency nature. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 49.

50. Defendant admits that Plaintiff attended the health care unit on June 28, 2006. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 50.

51. Defendant admits that Plaintiff attended the health care unit on July 5, 2006. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 51.

52. Defendant admits that Plaintiff attended the health care unit on July 14, 2006. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 52.

53. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 53.

54. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 54.

55. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 55.

56. Defendant admits that the Chief Administrative Officer or a designee concurred with Grievance Officer Sue Redshaw's recommendation that Plaintiff's grievance #06-0389 be denied.

57. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 57.

Defendant denies all other allegations not specifically admitted.

## CLAIMS FOR RELIEF

58. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 58.

59. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 59.

60. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 60.

61. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 61.

62. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 62.

63. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 63.

64. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 64.

65. Defendant denies the allegations contained in paragraph 65.

66. Defendant denies the allegations contained in paragraph 66.

67. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 67.

68. Defendant denies the allegations contained in paragraph 68.

69. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 69.

70. Defendant denies the allegations contained in paragraph 70.

## **RELIEF REQUESTED**

71. Defendant denies that Plaintiff is entitled to compensatory or punitive damages.

72. Defendant denies that Plaintiff is entitled to injunctive relief.

Defendant denies that Plaintiff's constitutional rights were violated. Defendant denies that Plaintiff is entitled to any relief.

## **AFFIRMATIVE DEFENSES**

1.      At all times relevant to Plaintiff's claims, Defendant acted in good faith in the performance of her official duties and without violating Plaintiff's clearly established constitutional rights. Defendant is protected from liability by the doctrine of qualified immunity.

2.      To the extent Plaintiff seeks to recover for mental or emotional injuries absent a showing of physical injury, the Complaint is barred by the Prison Litigation Reform Act.

3.      To the extent that the Complaint would necessarily invalidate the disciplinary findings against Plaintiff, this Complaint is barred by Heck v. Humphrey, 512 U.S. 477 (1994).

4.      Plaintiff has failed to exhaust his administrative remedies.

Respectfully submitted,

DEBORAH FUQUA,

Defendant,

LISA MADIGAN, Attorney General,
State of Illinois,

Attorney for Defendant,

   s/ Michael J. Lanzdorf
Michael J. Lanzdorf, #6286675
Assistant Attorney General
500 South Second Street
Springfield, IL   62706
Phone: (217) 782-9056
Fax: (217) 782 -8767
E-Mail: mlanzdorf@atg.state.il.us

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| ANTWON S. HIBBLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 06-3184 |
| | ) | |
| ROGER ZIMMERMAN, Warden, | ) | |
| LIEUTENANT ASHBY, SGT. BUNN, | ) | |
| C/O SWENNEY, C/O WHITAKER, | ) | |
| C/O JENNINGS, C/O WOODWARD, | ) | |
| C/O WARD, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2007, I electronically filed Defendant Fuqua's Answer and Affirmative Defenses to Plaintiff's Amended Complaint, with the Clerk of the Court using the CM/ECF system, and I hereby certify that on the same date, I mailed by United States Postal Service, the document to the following non-registered participant:

Antwon S. Hibbler, #B-45991
Western Illinois Correctional Center
R. R. #4, Box 196
Mt. Sterling, IL  62353

Respectfully submitted,

   s/ Michael J. Lanzdorf
Michael J. Lanzdorf, #6286675
Assistant Attorney General
500 South Second Street
Springfield, IL   62706
Phone: (217) 782-9056
Fax: (217) 782 -8767
E-Mail: mlanzdorf@atg.state.il.us