**E-FILED**
Monday, 30 July, 2007  01:58:20 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANTWON S. HIBBLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 06-3184 |
| | ) | |
| ROGER ZIMMERMAN, Warden, | ) | |
| LIEUTENANT ASHBY, SGT. BUNN, | ) | |
| C/O SWENNEY, C/O WHITAKER, | ) | |
| C/O JENNINGS, C/O WOODWARD, | ) | |
| C/O WARD, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S
### MOTION FOR ORDER COMPELLING DISCLOSURE OF DISCOVERY

NOW COME the Defendants, FORREST ASHBY, JOSEPH JENNINGS, STEVE SWEETIN, JAMES WARD, RANDALL WHITAKER, JOSEPH WOODWARD, and ROGER ZIMMERMAN, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and hereby file their Response to Plaintiff's Motion for Order Compelling Disclosure of Discovery.  In support thereof, Defendants state as follows:

1.     On July 17, 2007, Plaintiff filed a Motion for Order Compelling Disclosure of Discovery.  (Ct. Doc. # 57.)

2.     Defendants received Plaintiff's Interrogatories and Request for Production of Documents ("Discovery Requests") on or about April 25, 2007.  On May 18, 2007, the undersigned requested an additional 30 days, up to and including June 18, 2007, within which to respond to Plaintiff's Discovery Requests on behalf of Defendants.  Defendants Ashby, Jennings, Sweetin, Ward, Whitaker, and Woodward responded to Plaintiff's Discovery Requests on June 18, 2007.  (See attached Defs.' Ex. A; Defs.' Resp. to Pl.'s Interrogs. and Req. for Production of Docs.)  On June 18, 2007, the undersigned requested an additional 30 days, up to and including July 18, 2007, within which to respond to Plaintiff's

Discovery Requests on behalf of Defendant Zimmerman.  Defendant Zimmerman responded to Plaintiff's Discovery Requests on July 18, 2007.  (See attached Defs.' Ex. B; Zimmerman's Resp. to Pl.'s Interrogs. and Req. for Production of Docs.)  Therefore, Defendants have not waived their objections to Plaintiff's Discovery Requests.

3.      Plaintiff's  Motion for Order Compelling Disclosure of Discovery states generally that he "is not satisfied with the objection and/or answer" to Plaintiff's Discovery Requests.  (Pl.'s Mot. for Order Compelling Disclosure of Disc., p. 2.)

4.      Defendants restate their objections to Request No. 1 to the extent Plaintiff seeks Defendants' age, date of birth, naturalization, residence, and information pertaining to non-Illinois Department of Corrections employment as being overly broad and irrelevant to Plaintiff's lawsuit.  (Defs.' Resp. to Pl.'s Interrogs. and Req. for Production of Docs., ¶ 1; Zimmerman's Resp. to Pl.'s Interrogs. and Req. for Production of Docs., ¶ 1.) Moreover, the possession of such information by inmates poses a risk to the safety and security of Defendants and other prison staff.  (Defs.' Resp. to Pl.'s Interrogs. and Req. for Production of Docs., ¶ 1; Zimmerman's Resp. to Pl.'s Interrogs. and Req. for Production of Docs., ¶ 1.)  Notwithstanding said objections, Defendants answered Request No. 1.  (Defs.' Resp. to Pl.'s Interrogs. and Req. for Production of Docs., ¶ 1; Zimmerman's Resp. to Pl.'s Interrogs. and Req. for Production of Docs., ¶ 1.)

5.      Defendants restate their objections to Request No. 9 because the possession of certain information requested by inmates poses a risk to the safety and security of Defendants and prison staff.  (Defs.' Resp. to Pl.'s Interrogs. and Req. for Production of Docs., ¶ 9; Zimmerman's Resp. to Pl.'s Interrogs. and Req. for Production of Docs., ¶ 9.) Notwithstanding said objection, Defendants answered Request No. 9.

6.      Defendants restate their objections to Request No. 10 because Plaintiff may access  his  medical  records  from  a  more  convenient  source.   (Defs.'  Resp.  to  Pl.'s

Interrogs. and Req. for Production of Docs., ¶ 10; Zimmerman's Resp. to Pl.'s Interrogs. and Req. for Production of Docs., ¶ 10.) Inmates may request and receive copies of their medical records from their institution after they have signed a medical release form. Although inmates have the opportunity to review their medical records at no cost, they do not have an unlimited and automatic right to free copies of their medical records.

7.     Defendants restate their objections to Request No. 11 because, to the extent any such photographs exist, they would be maintained in Plaintiff's medical records and Plaintiff may access his medical records from a more convenient source. (Defs.' Resp. to Pl.'s Interrogs. and Req. for Production of Docs., ¶ 11; Zimmerman's Resp. to Pl.'s Interrogs. and Req. for Production of Docs., ¶ 11.)

8.     Defendants restate their objections to Request No. 12 as being irrelevant to Plaintiff's lawsuit. (Defs.' Resp. to Pl.'s Interrogs. and Req. for Production of Docs., ¶ 12; Zimmerman's Resp. to Pl.'s Interrogs. and Req. for Production of Docs., ¶ 12.)

9.     Defendants restate their objections to Request No. 15 as being irrelevant to Plaintiff's lawsuit. (Defs.' Resp. to Pl.'s Interrogs. and Req. for Production of Docs., ¶ 15; Zimmerman's Resp. to Pl.'s Interrogs. and Req. for Production of Docs., ¶ 15.) Notwithstanding said objection, Defendants answered Request No. 15. (Defs.' Resp. to Pl.'s Interrogs. and Req. for Production of Docs., ¶ 15; Zimmerman's Resp. to Pl.'s Interrogs. and Req. for Production of Docs., ¶ 15.)

10.     Defendants restate their objections to Request No. 16 as being overly broad and burdensome. (Defs.' Resp. to Pl.'s Interrogs. and Req. for Production of Docs., ¶ 16; Zimmerman's Resp. to Pl.'s Interrogs. and Req. for Production of Docs., ¶ 16.) Moreover, to the extent Plaintiff seeks documentation concerning grievances and/or complaints submitted by inmates other than Plaintiff, Defendants object to Request No. 16 as being irrelevant to Plaintiff's lawsuit. (Defs.' Resp. to Pl.'s Interrogs. and Req. for Production of

Docs., ¶ 16; Zimmerman's Resp. to Pl.'s Interrogs. and Req. for Production of Docs., ¶ 16.) Notwithstanding said objection, Defendants produced 18-pages of grievances, and all related responses, filed by Plaintiff.

11.     Defendants restate their objections to Request No. 19 as being overly broad and burdensome.  (Defs.' Resp. to Pl.'s Interrogs. and Req. for Production of Docs., ¶ 19; Zimmerman's Resp. to Pl.'s Interrogs. and Req. for Production of Docs., ¶ 19.) Moreover, to the extent Plaintiff seeks any and all sick call request slips submitted by inmates other than Plaintiff, Defendants object to Request No. 19 as being irrelevant to Plaintiff's lawsuit. (Defs.' Resp. to Pl.'s Interrogs. and Req. for Production of Docs., ¶ 19; Zimmerman's Resp. to Pl.'s Interrogs. and Req. for Production of Docs., ¶ 19.)  Defendants are also prohibited from releasing such confidential medical information without prior authorization. Notwithstanding said objection, Defendants produced the only sick-call request submitted by Plaintiff that exists in their files.

12.     Defendants restate their objections to Request No. 20 as being overly broad and burdensome.   (Defs.' Resp. to Pl.'s Interrogs. and Req. for Production of Docs., ¶ 20; Zimmerman's Resp. to Pl.'s Interrogs. and Req. for Production of Docs., ¶ 20.) Moreover, to the extent Plaintiff seeks documentation concerning grievances filed by inmates other than Plaintiff, Defendants object to Request No. 20 as being irrelevant to Plaintiff's lawsuit. (Defs.' Resp. to Pl.'s Interrogs. and Req. for Production of Docs., ¶ 20; Zimmerman's Resp. to Pl.'s Interrogs. and Req. for Production of Docs., ¶ 20.)  Notwithstanding said objection, Defendants produced 18-pages of grievances, and all related responses, filed by Plaintiff.

13.     Defendants restate their objection to Request No. 21 because Plaintiff may access his medical records from a more convenient source.   (Defs.' Resp. to Pl.'s

Interrogs. and Req. for Production of Docs., ¶ 21; Zimmerman's Resp. to Pl.'s Interrogs.

and Req. for Production of Docs., ¶ 21.)

WHEREFORE, for the above and foregoing reasons, Defendants request that the

Court deny Plaintiff's Motion for Order Compelling Disclosure of Discovery.

Respectfully submitted,

FORREST ASHBY, JOSEPH JENNINGS,
STEVE SWEETIN, JAMES WARD, RANDALL
WHITAKER, JOSEPH WOODWARD, and
ROGER ZIMMERMAN,

Defendants,

LISA MADIGAN, Attorney General,
State of Illinois,

Attorney for the Defendants,

By    s/ Michael J. Lanzdorf
        Michael J. Lanzdorf,  #6286675
        Assistant Attorney General
        500 South Second Street
        Springfield, IL   62706
        Phone: (217) 782-9056
        Fax: (217) 782 -8767
        E-Mail: mlanzdorf@atg.state.il.us

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| ANTWON S. HIBBLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 06-3184 |
| | ) | |
| ROGER ZIMMERMAN, Warden, | ) | |
| LIEUTENANT ASHBY, SGT. BUNN, | ) | |
| C/O SWENNEY, C/O WHITAKER, | ) | |
| C/O JENNINGS, C/O WOODWARD, | ) | |
| C/O WARD, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2007, I electronically filed Defendants' Response to Plaintiff's Motion for Order Compelling Disclosure of Discovery, with the Clerk of the Court using the CM/ECF system, which will send notification of same to the following:

Theresa Powell @ tpowell@hrva.com

and I hereby certify that on the same date, I mailed by United States Postal Service, the document to the following non-registered participant:

Antwon S. Hibbler, #B-45991
Western Illinois Correctional Center
R. R. #4, Box 196
Mt. Sterling, IL  62353

Respectfully submitted,

 s/ Michael J. Lanzdorf
Michael J. Lanzdorf, #6286675
Assistant Attorney General
500 South Second Street
Springfield, IL   62706
Phone: (217) 782-9056
Fax: (217) 782 -8767
E-Mail: mlanzdorf@atg.state.il.us

**E-FILED**
Monday, 30 July, 2007 01:58:57 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANTWON S. HIBBLER, | ) | |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) | No. 06-3184 |
| ROGER ZIMMERMAN, Warden, LIEUTENANT ASHBY, SGT. BUNN, C/O SWENNEY, C/O WHITAKER, C/O JENNINGS, C/O WOODWARD, C/O WARD, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

NOW COMES Defendants, FORREST ASHBY, JOSEPH JENNINGS, STEVE SWEETIN, JAMES WARD, RANDY WHITAKER, and JOSEPH WOODWARD, by and through their attorney, Lisa Madigan, Attorney General of the State of Illinois, and in Response to Plaintiff's Interrogatories to Defendants and Request for Production of Documents, state and produce as follows:

1.      State the full name, alias names, age, and addresses of person or persons answering these interrogatories or providing the documents including your date of birth, naturalization, and state your residence and your employers, and your employers' addresses, for the last ten years.

 **ANSWER: Defendants object to Request No. 1 to the extent Plaintiff seeks Defendants' age, date of birth, naturalization, and residence. The possession of such information by inmates poses a risk to the safety and security of Defendants and other prison staff. Moreover, Defendants object to providing employment history for any and all non-Illinois Department of Corrections employment because it is overly broad and irrelevant to Plaintiff's lawsuit. Notwithstanding said objections, Defendants hereby state:**



EXHIBIT
A

| Name | Employer | Title | Dates |
|------|----------|-------|-------|
| Forrest Ashby | Western Illinois Correctional Center ("Western CC") | Correctional Lieutenant | 08/01/03-present |
| Forrest Ashby | Western CC | Correctional Captain | 03/01/00-07/31/02 |
| Forrest Ashby | Western CC | Correctional Officer | 04/19/03-02/28/00 |
| Joseph Jennings | Western CC | Correctional Officer | 11/13/95-present |
| Steve Sweetin | Western CC | Correctional Officer | 09/06/94-present |
| James Ward | Western CC | Correctional Officer | 07/16/01-present |
| Randy Whitaker | Western CC | Correctional Officer | 11/16/99-present |
| Randy Whitaker | Western CC | Correctional Sergeant | 06/01/90-11/15/99 |
| Joseph Woodward | Western CC | Correctional Officer | 07/10/95-present |

2.     State the duties of defendant, Debra Fuqua, Medical Administrator, at Western Illinois CC. If those duties are set forth in any job description or other documents, produce the documents.

**ANSWER:  See attached Bates-stamped document 00001-00002.**

3.     State the duties of defendant, Roger Zimmerman, Warden, at Western Illinois CC, insofar as they pertain to providing medical care to prisoners.  If those duties are set forth in any job description or other document, produce the documents.

**ANSWER: Defendant Zimmerman is no longer employed as the Warden at Western CC. While employed as Warden at Western CC, Defendant Zimmerman was responsible for the overall administration of the operations of the institution, including fiscal management, personnel, security of the facility and the delivery of programs and services to the offenders confined at Western CC.  Medical care for inmates at Western CC is provided by outside specialists, hospitals, and on-site**

2

health care staff who are supervised on clinical matters by the facility's medical director, who is a licensed physician.

4.    State the names, titles, and duties of all staff members at Western Illinois CC, who have responsibility for evaluating requests for specialized treatment or evaluation. If those duties are set forth in any job description or other document, produce the document.

**ANSWER: The Medical Director at Western CC is Dr. Lowell J. Brown. Dr. Brown will write a consult request for any inmate he feels needs specialized care by an outside physician. These consult requests are faxed to Wexford Health Sources, Inc., and approved or denied by Wexford's utilization review department. See attached Bates-stamped documents 00036-00040.**

5.    State the names, titles, and duties of all staff members at Western Illinois CC, who have responsibility for ensuring that inmates requests for medical attention are responded to. If those duties are set forth in any job description or other document, produce the document(s).

**ANSWER: All nurses see inmates on sick call and provide medical care. The following individuals are registered nurses: Rose Kathleen Ashcraft, Barbara Bower, Joyce Lynn Fox, Kelcy Kaler, Cindy Thompson, Julie Havens-Jones, Beth Oeser, Esther Shoemaker, Heather Ren, and Steven Paul Conlee. The following individuals are licensed practical nurses: Gladys Brink, Teresa Conner, Delors Brenner, Rhonda Hazelrigg, Jim Lowe, Sue Moore, Kathy Riner, Susette Ring, Carolyn Sue Scott, Brenda Tatum, and Tawnya Moore. See attached Bates-stamped documents 00058-00066.**

6.    State the procedure in effect during May through September, 2006, at Western Illinois C.C., for conducting sick call, including the procedure by which inmates signup for requesting sick call. If the procedure is different for segregation-inmates than for general-population inmates, state both procedures. If those procedures are set forth in any policy, directive, or other document, produce the document.

**ANSWER: See attached Bates-stamped documents 00041-00057.**

7.    State the names, titles, and duties of all staff members at Western Illinois C.C., who has the responsibility for responding to, investing or deciding - inmate grievances.   If those duties are set forth in any job description, policy, directive, or other document, produce the document.

**ANSWER: The following individuals are employed as Correctional Counselors at Western Illinois: Tara Goins, Karen Wear, Steve VanStrien, Thomas Moore, Sue Redshaw, Paul Vincent, Donna McNeff, Annette Cowick, Brenda Sheppard, Jeff Chute, and Angela Cross. The following individuals are designated as back-up**

**Grievance Officers: Kent Davis and Eric Wilson. See attached Bates-stamped documents 00003-00008; 00030-00031.**

8.      State the procedure in effect during May through September 2006 at Western Illinois C.C., for responding to, investigating and deciding inmate grievances. If the procedure for handling grievances based on medical complaints is different from the procedure for handling other kinds of grievances, state both procedures. If "emergency" grievances procedures are handled differently and are set forth in any document, produce the document.

**ANSWER: See attached Bates-stamped documents 00003-00008; 00030-00031.**

9.      State the name, age, present or last known address, telephone number and employer and employer's address of all persons who:

> A.      Witnessed, or claimed to have witnessed the occurrences described in the complaint, or were involved;
>
> B.      Were present, or claim to have been present, at the scene of the occurrences described in the complaint immediately before the occurrences;
>
> C.      Were present, or claimed to have been present, at the scene of the occurrences described in the complaint at the time of the occurrences; and -
>
> D.      Were present, or claim to have been present, at the scene of the occurrence described in the complaint immediately after the occurrence.

**ANSWER: Defendants object to Request No. 9 to the extent Plaintiff seeks the age, residence, and telephone number of those individuals identified in response to Request No. 9. The possession of such information by inmates poses a risk to the safety and security of Defendants and prison staff. Notwithstanding said objection, see those individuals identified in response to Request No. 1. In addition, Richard Davis served on the Adjustment Committee at Western CC on October 25, 2006. Defendants also refer Plaintiff to his medical records, which identify those individuals who provided medical care to Plaintiff. Plaintiff may access his medical records from a more convenient source. Inmates may request and receive copies of their medical records from their institution after they have signed a medical release form. Although inmates have the opportunity to review their medical records at no cost, they do not have an unlimited and automatic right to free copies of their medical records. At this time, Defendants are not aware of any additional individuals who were present or claim to have been present at the scene of any occurrences described in Plaintiff's Complaint.**

4

10.    State:

    A.    The name and address of all persons or entities who treated or examined plaintiff and the dates thereof;
    B.    The nature of the injury;
    C.    A description of how the injury occurred;
    D.    The date and location of the injury.

**ANSWER: Defendants object to Request No. 10 because Plaintiff may access his medical records from a more convenient source. Inmates may request and receive copies of their medical records from their institution after they have signed a medical release form. Although inmates have the opportunity to review their medical records at no cost, they do not have an unlimited and automatic right to free copies of their medical records.**

11.    With respect to any photographs of the occurrences or injury complained of, or any objects or persons involved therein, state:

    A.    The date of the photograph;
    B.    The subject matter of the photograph;
    C.    The name, address or employer and employer's address of photographer;
(Plaintiff skipped D)
    E.    The number of photographs taken; and
    F.    The name and address of the person in possession of the photographs.

**ANSWER: To the extent any such photographs exist, Defendants object to Request No. 11 because they would be maintained in Plaintiff's medical records and Plaintiff may access his medical records from a more convenient source. Inmates may request and receive copies of their medical records from their institution after they have signed a medical release form. Although inmates have the opportunity to review their medical records at no cost, they do not have an unlimited and automatic right to free copies of their medical records.**

12.    Describe any lawsuits in which any of the defendants were a defendant, stating the following with respect to each:

    A.    Name of court - county and state;
    B.    Title of action;
    C.    Court number;
    D.    Approximate date the lawsuit was filed including federal courts;
    E.    Nature of litigation;
    F.    Disposition of case.

**ANSWER:  Defendants object to Interrogatory No. 12 as being irrelevant to Plaintiff's lawsuit.**

13.    With respect to expert witnesses state;

    A.    The name, address and name and address of the employer of each witness you expect to call at trial

    B.    The subject matter on which the expert is expected to testify;

    C.    The substance of the facts to which the expert is expected to testify;

    D.    The substance of the opinions to which the expert is expected to testify;

    E.    A summary of the grounds for each opinion; and

    F.    The name and address, and the name and address of the employer, of each expert retained or especially employed in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial.

**ANSWER: Defendants have not retained expert witnesses in this matter as of this date.**

14.    Have any of the defendants discussed the occurrence alleged in the complaint with anyone?  If so, state the name of that/those individual(s), their current or last known address and telephone number and the dates of the conversations.

**ANSWER: Defendants do not recall discussing Plaintiff's complaint with any non-defendants.**

15.    As to each named defendant, state all instances in which they have engaged in excessive force or harrassment against any inmate.  Including against whom excessive force or harrassment was used, the date of the use of excessive force or harrassment, housing unit in which inmate(s) was housed at the time and what resulted from it.

**ANSWER: Defendants object to Interrogatory No. 15 as being irrelevant to Plaintiff's lawsuit.  Notwithstanding said objection, Defendants deny that they have violated any inmate's right to be free from cruel and unusual punishment by engaging in excessive force or harassment.**

16.    Produce any and all grievances, complaints, or other documents received by the defendants or their agents at Western Illinois C.C., concerning mistreatment of inmates by defendant(s) and any memoranda, investigative files, or other documents created in response to such documents, since May 06-Sept 06.

**ANSWER: Defendants object to Interrogatory No. 16 as being overly broad and burdensome.  Moreover, to the extent Plaintiff seeks documentation concerning**

grievances and/or complaints submitted by inmates other than Plaintiff, Defendants object to Interrogatory No. 16 as being irrelevant to Plaintiff's lawsuit. Notwithstanding said objections, see attached Bates-stamped document 00067.

17.    Produce any and all policies, directives, or instructions to staff concerning the use of plaintiff's shower shoes.

**ANSWER: See attached Bates-stamped documents 00027-00029; 00033-00035.**

18.    Produce any and all policies, directives, or instructions to staff concerning the use of force by Western Illinois C.C. staff, and or harassment of inmates.

**ANSWER: Defendants do not have any policies, directives, or instructions to staff concerning the harassment of inmates in their possession or control, nor are they aware of the existence of any such documents. To the extent Plaintiff seeks policies, directives, or instructions to staff concerning the use of force, Defendants object to Request No. 18 because the possession of such documents by inmates poses a risk to the safety and security of prison staff.**

19.    Produce any and all sick call request sheets from the period April 2006 (through) December 2006.

**ANSWER: Defendants object to Request No. 19 as being overly broad and burdensome. Moreover, to the extent Plaintiff seeks any and all sick call request slips submitted by inmates other than Plaintiff, Defendants object to Request No. 19 as being irrelevant to Plaintiff's lawsuit. Notwithstanding said objections, see attached Bates-stamped document 00067.**

20.    Produce any and all logs, lists, or other documentation reflecting grievances filed by inmates from June 2006.

**ANSWER: Defendants object to Request No. 20 as being overly broad and burdensome. Moreover, to the extent Plaintiff seeks documentation concerning grievances filed by inmates other than Plaintiff, Defendants object to Request No. 20 as being irrelevant to Plaintiff's lawsuit. Notwithstanding said objections, see attached Bates-stamped documents 00009-00026.**

21.    Produce plaintiff's complete medical records from April 2006 to the date of your response, and/or to date.

**ANSWER: Defendants object to Request No. 21 because Plaintiff may access his medical records from a more convenient source. Inmates may request and receive copies of their medical records from their institution after they have signed a medical release form. Although inmates have the opportunity to review their medical records**

7

**at no cost, they do not have an unlimited and automatic right to free copies of their medical records.**

22.    Produce any and all documents created by any Western Illinois C.C. staff member in response to any grievances filed by plaintiff in concerning his medical treatment/medical care.

**ANSWER: See attached Bates-stamped documents 00009-00026.**

23.    Produce any and/or all documents created by any staff member from April 2006 to date concerning plaintiff's medical care and not included in items 20, 21, or 22 of this request.

**ANSWER: Defendants do not have any documents which are responsive to Request No. 23 in their possession or control.  Defendants will continue to supplement any responses to the extent of documents which subsequently come into their possession or control or become known to Defendants.**

Respectfully submitted,

FORREST ASHBY, JOSEPH JENNINGS, STEVE SWEETIN, JAMES WARD, and RANDY WHITAKER,

Defendants,

LISA MADIGAN, Attorney General, State of Illinois,

Attorney for Defendants,

Michael J. Lanzdorf, #6286675
Assistant Attorney-General
500 South Second Street
Springfield, IL  62706
Phone: (217) 782-9056
Fax: (217) 782 -8767
E-Mail: mlanzdorf@atg.state.il.us

8

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2007, I mailed Defendants' Responses to Interrogatories and Request for Production of Documents, by United States Postal Service, in an envelope correctly addressed and fully prepaid, to the following:

Antwon S. Hibbler, #B-45991
Western Illinois Correctional Center
R. R. #4, Box 196
Mt. Sterling, IL 62353

Respectfully submitted,

Michael J. Lanzdorf, #6286675
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
Phone: (217) 782-9056
Fax: (217) 782 -8767
E-Mail: mlanzdorf@atg.state.il.us

9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANTWON S. HIBBLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 06-3184 |
| | ) | |
| ROGER ZIMMERMAN, Warden, | ) | |
| LIEUTENANT ASHBY, SGT. BUNN, | ) | |
| C/O SWENNEY, C/O WHITAKER, | ) | |
| C/O JENNINGS, C/O WOODWARD, | ) | |
| C/O WARD, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT ZIMMERMAN'S RESPONSE TO PLAINTIFF'S
### INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

NOW COMES Defendant, ROGER ZIMMERMAN, by and through his attorney, Lisa Madigan, Attorney General of the State of Illinois, and in Response to Plaintiff's Interrogatories to Defendants and Request for Production of Documents, states and produces as follows:

1.    State the full name, alias names, age, and addresses of person or persons answering these interrogatories or providing the documents including your date of birth, naturalization, and state your residence and your employers, and your employers' addresses, for the last ten years.

**ANSWER: Defendant objects to Request No. 1 to the extent Plaintiff seeks Defendant's age, date of birth, naturalization, and residence. The possession of such information by inmates poses a risk to the safety and security of Defendant and other prison staff. Moreover, Defendant objects to providing employment history for any and all non-Illinois Department of Corrections employment because it is overly broad and irrelevant to Plaintiff's lawsuit. Notwithstanding said objections, Defendant was employed as: (i) Correctional Officer at Western Illinois Correctional Center ("Western CC") from January 1, 1992 to January 16, 2004; (ii) Assistant Warden of Operations at Western CC from January 16, 2004 to January 31, 2006; (iii) Warden at Western CC from January 31, 2006 to May 16, 2007. Defendant retired from the Department on May 16, 2007.**

2.    State the duties of defendant, Debra Fuqua, Medical Administrator, at Western Illinois CC. If those duties are set forth in any job description or other documents, produce the documents.

**EXHIBIT**

**B**

**ANSWER: See previously produced Bates-stamped documents 00001-00002.**

3.    State the duties of defendant, Roger Zimmerman, Warden, at Western Illinois CC, insofar as they pertain to providing medical care to prisoners.  If those duties are set forth in any job description or other document, produce the documents.

**ANSWER: Defendant is no longer employed as the Warden at Western CC. While employed as Warden at Western CC, Defendant was responsible for the overall administration of the operations of the institution, including fiscal management, personnel, security of the facility and the delivery of programs and services to the offenders confined at Western CC.  Medical care for inmates at Western CC is provided by outside specialists, hospitals, and on-site health care staff who are supervised on clinical matters by the facility's medical director, who is a licensed physician.**

4.    State the names, titles, and duties of all staff members at Western Illinois CC, who have responsibility for evaluating requests for specialized treatment or evaluation.  If those duties are set forth in any job description or other document, produce the document.

**ANSWER: The Medical Director at Western CC is Dr. Lowell J. Brown.  Dr. Brown will write a consult request for any inmate he feels needs specialized care by an outside physician.  These consult requests are faxed to Wexford Health Sources, Inc., and approved or denied by Wexford's utilization review department.  See previously produced Bates-stamped documents 00036-00040.**

5.    State the names, titles, and duties of all staff members at Western Illinois CC, who have responsibility for ensuring that inmates requests for medical attention are responded to.  If those duties are set forth in any job description or other document, produce the document(s).

**ANSWER: All nurses see inmates on sick call and provide medical care.  The following individuals are registered nurses: Rose Kathleen Ashcraft, Barbara Bower, Joyce Lynn Fox, Kelcy Kaler, Cindy Thompson, Julie Havens-Jones, Beth Oeser, Esther Shoemaker, Heather Ren, and Steven Paul Conlee. The following individuals are licensed practical nurses: Gladys Brink, Teresa Conner, Delors Brenner, Rhonda Hazelrigg, Jim Lowe, Sue Moore, Kathy Riner, Susette Ring, Carolyn Sue Scott, Brenda Tatum, and Tawnya Moore.  See previously produced Bates-stamped documents 00058-00066.**

6.    State the procedure in effect during May through September, 2006, at Western Illinois C.C., for conducting sick call, including the procedure by which inmates signup for requesting sick call.  If the procedure is different for segregation-inmates than for general-population inmates, state both procedures.  If those procedures are set forth in any policy, directive, or other document, produce the document.

**ANSWER: See previously produced Bates-stamped documents 00041-00057.**

2

7.    State the names, titles, and duties of all staff members at Western Illinois C.C., who has the responsibility for responding to, investing or deciding - inmate grievances.   If those duties are set forth in any job description, policy, directive, or other document, produce the document.

**ANSWER: The following individuals are employed as Correctional Counselors at Western Illinois: Tara Goins, Karen Wear, Steve VanStrien, Thomas Moore, Sue Redshaw, Paul Vincent, Donna McNeff, Annette Cowick, Brenda Sheppard, Jeff Chute, and Angela Cross. The following individuals are designated as back-up Grievance Officers: Kent Davis and Eric Wilson. See previously produced Bates-stamped documents 00003-00008; 00030-00031.**

8.    State the procedure in effect during May through September 2006 at Western Illinois C.C., for responding to, investigating and deciding inmate grievances.   If the procedure for handling grievances based on medical complaints is different from the procedure for handling other kinds of grievances, state both procedures. If "emergency" grievances procedures are handled differently and are set forth in any document, produce the document.

**ANSWER: See previously produced Bates-stamped documents 00003-00008; 00030-00031.**

9.    State the name, age, present or last known address, telephone number and employer and employer's address of all persons who:

   A.    Witnessed, or claimed to have witnessed the occurrences described in the complaint, or were involved;

   B.    Were present, or claim to have been present, at the scene of the occurrences described in the complaint immediately before the occurrences;

   C.    Were present, or claimed to have been present, at the scene of the occurrences described in the complaint at the time of the occurrences; and -

   D.    Were present, or claim to have been present, at the scene of the occurrence described in the complaint immediately after the occurrence.

**ANSWER: Defendant objects to Request No. 9 to the extent Plaintiff seeks the age, residence, and telephone number of those individuals identified in response to Request No. 9. The possession of such information by inmates poses a risk to the safety and security of Defendant and prison staff. Notwithstanding said objection, Richard Davis served on the Adjustment Committee at Western CC on October 25, 2006. Defendant also refers Plaintiff to his medical records, which identify those individuals who provided medical care to Plaintiff. Plaintiff may access his medical records from a more convenient source. Inmates may request and receive copies of their medical records from their institution after they have signed a medical release form. Although inmates have the opportunity to review their medical records at no**

3

cost, they do not have an unlimited and automatic right to free copies of their medical records. At this time, Defendant is not aware of any additional individuals who were present or claim to have been present at the scene of any occurrences described in Plaintiff's Complaint.

10.    State:

    A.    The name and address of all persons or entities who treated or examined plaintiff and the dates thereof;
    B.    The nature of the injury;
    C.    A description of how the injury occurred;
    D.    The date and location of the injury.

**ANSWER: Defendant objects to Request No. 10 because Plaintiff may access his medical records from a more convenient source. Inmates may request and receive copies of their medical records from their institution after they have signed a medical release form. Although inmates have the opportunity to review their medical records at no cost, they do not have an unlimited and automatic right to free copies of their medical records.**

11.    With respect to any photographs of the occurrences or injury complained of, or any objects or persons involved therein, state:

    A.    The date of the photograph;
    B.    The subject matter of the photograph;
    C.    The name, address or employer and employer's address of photographer;
(Plaintiff skipped D)
    E.    The number of photographs taken; and
    F.    The name and address of the person in possession of the photographs.

**ANSWER: To the extent any such photographs exist, Defendant objects to Request No. 11 because they would be maintained in Plaintiff's medical records and Plaintiff may access his medical records from a more convenient source. Inmates may request and receive copies of their medical records from their institution after they have signed a medical release form. Although inmates have the opportunity to review their medical records at no cost, they do not have an unlimited and automatic right to free copies of their medical records.**

12.    Describe any lawsuits in which any of the defendants were a defendant, stating the following with respect to each:

    A.    Name of court - county and state;
    B.    Title of action;
    C.    Court number;
    D.    Approximate date the lawsuit was filed including federal courts;

    E.    Nature of litigation;
    F.    Disposition of case.

**ANSWER: Defendant objects to Interrogatory No. 12 as being irrelevant to Plaintiff's lawsuit.**

13.    With respect to expert witnesses state;

    A.    The name, address and name and address of the employer of each witness you expect to call at trial
    B.    The subject matter on which the expert is expected to testify;
    C.    The substance of the facts to which the expert is expected to testify;
    D.    The substance of the opinions to which the expert is expected to testify;
    E.    A summary of the grounds for each opinion; and
    F.    The name and address, and the name and address of the employer, of each expert retained or especially employed in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial.

**ANSWER: Defendant has not retained expert witnesses in this matter as of this date.**

14.    Have any of the defendants discussed the occurrence alleged in the complaint with anyone? If so, state the name of that/those individual(s), their current or last known address and telephone number and the dates of the conversations.

**ANSWER: Defendant does not recall discussing Plaintiff's complaint with any non-defendants.**

15.    As to each named defendant, state all instances in which they have engaged in excessive force or harrassment against any inmate. Including against whom excessive force or harrassment was used, the date of the use of excessive force or harrassment, housing unit in which inmate(s) was housed at the time and what resulted from it.

**ANSWER: Defendant objects to Interrogatory No. 15 as being irrelevant to Plaintiff's lawsuit. Notwithstanding said objection, Defendant denies that he violated any inmate's right to be free from cruel and unusual punishment by engaging in excessive force or harassment.**

16.    Produce any and all grievances, complaints, or other documents received by the defendants or their agents at Western Illinois C.C., concerning mistreatment of inmates by defendant(s) and any memoranda, investigative files, or other documents created in response to such documents, since May 06-Sept 06.

**ANSWER: Defendant objects to Interrogatory No. 16 as being overly broad and burdensome. Moreover, to the extent Plaintiff seeks documentation concerning**

grievances and/or complaints submitted by inmates other than Plaintiff, Defendant objects to Interrogatory No. 16 as being irrelevant to Plaintiff's lawsuit. Notwithstanding said objections, see previously produced Bates-stamped document 00067.

17.    Produce any and all policies, directives, or instructions to staff concerning the use of plaintiff's shower shoes.

ANSWER: See previously produced Bates-stamped documents 00027-00029; 00033-00035.

18.    Produce any and all policies, directives, or instructions to staff concerning the use of force by Western Illinois C.C. staff, and or harrassment of inmates.

ANSWER: Defendant does not have any policies, directives, or instructions to staff concerning the harassment of inmates in their possession or control, nor is he aware of the existence of any such documents. To the extent Plaintiff seeks policies, directives, or instructions to staff concerning the use of force, Defendant objects to Request No. 18 because the possession of such documents by inmates poses a risk to the safety and security of prison staff.

19.    Produce any and all sick call request sheets from the period April 2006 (through) December 2006.

ANSWER: Defendant objects to Request No. 19 as being overly broad and burdensome. Moreover, to the extent Plaintiff seeks any and all sick call request slips submitted by inmates other than Plaintiff, Defendant objects to Request No. 19 as being irrelevant to Plaintiff's lawsuit. Notwithstanding said objections, see previously produced Bates-stamped document 00067.

20.    Produce any and all logs, lists, or other documentation reflecting grievances filed by inmates from June 2006.

ANSWER: Defendant objects to Request No. 20 as being overly broad and burdensome. Moreover, to the extent Plaintiff seeks documentation concerning grievances filed by inmates other than Plaintiff, Defendant objects to Request No. 20 as being irrelevant to Plaintiff's lawsuit. Notwithstanding said objections, see previously produced Bates-stamped documents 00009-00026.

21.    Produce plaintiff's complete medical records from April 2006 to the date of your response, and/or to date.

ANSWER: Defendant objects to Request No. 21 because Plaintiff may access his medical records from a more convenient source. Inmates may request and receive copies of their medical records from their institution after they have signed a medical release form. Although inmates have the opportunity to review their medical records

at no cost, they do not have an unlimited and automatic right to free copies of their medical records.

22.    Produce any and all documents created by any Western Illinois C.C. staff member in response to any grievances filed by plaintiff in concerning his medical treatment/medical care.

**ANSWER: See previously produced Bates-stamped documents 00009-00026.**

23.    Produce any and/or all documents created by any staff member from April 2006 to date concerning plaintiff's medical care and not included in items 20, 21, or 22 of this request.

**ANSWER:  Defendant does not have any documents which are responsive to Request No. 23 in his possession or control.**

Respectfully submitted,

ROGER ZIMMERMAN,

Defendant,

LISA MADIGAN, Attorney General,
State of Illinois,

Attorney for Defendant,


_____
Michael J. Lanzdorf, #6286675
Assistant Attorney General
500 South Second Street
Springfield, IL   62706
Phone: (217) 782-9056
Fax: (217) 782 -8767
E-Mail: mlanzdorf@atg.state.il.us

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

ANTWON S. HIBBLER,                    )
                                      )
            Plaintiff,                )
                                      )
      -vs-                            )        No. 06-3184
                                      )
ROGER ZIMMERMAN, Warden,             )
LIEUTENANT ASHBY, SGT. BUNN,         )
C/O SWENNEY, C/O WHITAKER,           )
C/O JENNINGS, C/O WOODWARD,          )
C/O WARD,                            )
                                      )
            Defendants.               )

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2007, I mailed Defendant Zimmerman's Responses to Interrogatories and Request for Production of Documents, by United States Postal Service, in an envelope correctly addressed and fully prepaid, to the following:

Antwon S. Hibbler, #B-45991
Western Illinois Correctional Center
R. R. #4, Box 196
Mt. Sterling, IL 62353

Respectfully submitted,

Michael J. Lanzdorf, #6286675
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
Phone: (217) 782-9056
Fax: (217) 782 -8767
E-Mail: mlanzdorf@atg.state.il.us

8