E-FILED
Wednesday, 10 October, 2007  03:57:56 PM
Clerk, U.S. District Court, ILCD

In The United States District Court
Central District Of Illinois
Springfield Division

Antwon S. Hibbler #B45991  )
          Plaintiff,        )   Case No. 06-3184-HAB-CHE
     vs.                    )
                            )
Roger Zimmerman (et.al.)    )
          Defendant(s)      )

### Motion For Order Compelling Disclosure or Discovery

Now comes the Plaintiff, Antwon S. Hibbler #B45991 and moves to apply for an application for an order Compelling Disclosure or Discovery pursuant to (Rule #37 of Fed. R. Civ. Proc.) In support thereof plaintiff states:

(1) The defendants have refused to produce documents that was requested instead the plaintiff has been giving unnecessary documents which would not proves nothing in the present case.

-1- OF -2-

(2) Plaintiff has tried to obtain these documents without court intervene, but has been unsuccessful thus far on his on.

(3) Plaintiff further states all documents are relevant to his claim and should therefore be produce for inspection before their ruled irrelevant by the defendants.

(4) Plaintiff feels the defendants should also appropriately answer the interrogatories as well.

Wherefore Plaintiff respectfully request that this Honorable Court allow his motion To Compel Disclosure or Discovery.

Respectfully Submitted,
Antwon S. Webber #B45991
—Pro-SE—

Date: 10-4-07



# OFFICE OF THE ATTORNEY GENERAL
STATE OF ILLINOIS

**Lisa Madigan**
ATTORNEY GENERAL

September 20, 2007

Antwon S. Hibbler, #B-45991
Western Illinois Correctional Center
R. R. #4, Box 196
Mt. Sterling, IL  62353

      Re:    <u>Hibbler, #B-45991 v. Zimmerman, et al.</u>
             USDC-CDIL Case No. 06-3184

Dear Mr. Hibbler:

    I am in receipt of your Reply to Defendants' Objections to Plaintiff's Interrogatories and Request for Production of Documents. Please be advised that Defendants have now responded fully and appropriately to your discovery requests.

    ***First***, with respect to Interrogatory No. 12, Defendants maintain that past lawsuits are entirely irrelevant to your lawsuit and not likely to lead to admissible evidence.

    ***Second***, with respect to Interrogatory No. 15, Defendants maintain that it is irrelevant to your lawsuit and not likely to lead to admissible evidence. Nevertheless, Defendants answered Interrogatory No. 15.

    ***Third***, with respect to Interrogatory No. 16, Defendants maintain that it is overly broad and burdensome. Responding to this request would require the review of the master-file of every offender who has been incarcerated at Western Illinois Correctional Center from May 2006, to the present. Given that the requested documents are irrelevant to your lawsuit and not likely to lead to admissible evidence, the burden and expense associated with production of such documents far exceeds the probative value of your request.

    ***Fourth***, with respect to Interrogatory No. 18, Defendants maintain that there do not exist any policies, directives, or instructions to staff concerning the harassment of inmates. Nevertheless, see attached Bates-stamped document 00068, which describes generally the rule of conduct of Illinois Department of Corrections employees. In addition, see attached Bates-stamped documents 00069-00079, which state the Departmental rules concerning use of force.

Antwon S. Hibbler
September 20, 2007
Page Two


**Fifth**, with respect to Interrogatory No. 20, Defendants maintain that grievances filed by other inmates are irrelevant to your lawsuit and not likely to lead to admissible evidence.

To the extent you remain unsatisfied with Defendants' responses, you may apply for an order from the court compelling disclosure.

Thank you for your continued cooperation in this matter.

Sincerely,

Michael J. Lanzdorf
Assistant Attorney General

MJL:dd
Enclosures

In The United States District Court
Central District Of Illinois
Springfield, Division

Antwon S. Hibbler #B45991
    Plaintiff,

vs.

Roger Zimmerman (et.al.)
    Defendants.

Case No. 06-3184-HAB-CHE

Reply To Defendants' Objections
To Plaintiff's Interrogatories And Request
For Production Of Documents

Now comes the Plaintiff, Antwon S. Hibbler #B45991, with his reply to defendants' objections to his Interrogatories And Request For Production Of Documents. In support thereof Plaintiff states as follows:

(1) Defendants belated objections state that the documents requested by the plaintiff are irrelevant to the action. Their argument is frivolous, and

-1-

therefore Plaintiff askes that in answer be giving and the requested documents produced to the following:

(2) Plaintiff asked in (Interrogatory #12) Describe any lawsuits in which any of the defendants were a defendant, stating the following with respect to each:

(A) Name of Court- County and state;

(B) Title of action;

(C) Court number;

(D) Approximate date of lawsuit was filed including federal Courts;

(E) Nature of litigation; And

(F) Dispostion of Case.

(3) (Interrogatory #15) States: As to each named defendant, state all instances in which they have engaged in excessive force or harrassment against inmates. Including against whom excessive force or

- 2 -

harrassment was used, the date of the use of excessive force or harrassment, housing unit in which inmate(s) was housed at the time and what resulted from it.

(4)(Interrogatory #16) states: Produce all grievances, complaints, or other documents received by the defendants or their agents at Western Illinois C.C. concerning mistreatment of inmates by defendant(s) and any memoranda, investigative files or other documents created in response to such documents, since May 06 - Sept 06.

(5) Interrogatory #18) states: Produce any and all policies, directives, or instructions to staff concerning the use of force by Western Illinois C.C. staff, and or harrassment of inmates.

-3-

(6) Interrogatory # 20) States: Produce any and all logs, list, or other documentation reflecting grievances filed by inmates from June 2006.

"Argument In Support Of Claim"

The defendants generally state in their objections that either these documents are not relevant or is a threat to security. Their description of the documents sought is inaccurate and their legal position is incorrect.

First, the plaintiff does not seek any "Personal Records" in any general way. He seeks documents pertaining to particular kinds of complaints and allegations about these defendants whether or not they are part of "Personnel Records".

Second, The Federal Rule Of Civil Procedure #26 permits discovery of matters "relevant to the subject matter involved in pending action..... It is not grounds for objection

-4-

that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery "broadly of admissible evidence". IN discovery stage, relevance is construed "broadly to encompass any matter that bears on, any issue or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case". SEE Oppenheimer Fund, INC. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978)(Footnote Omitted) Also SEE: Nash v. Thielke, 743 F. Supp. 130 (E.D. Wis. 1990).

Third, The evidence may also support the claims against the officers themselves. Rule 404(b), FRE, provides "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. However, it may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or

-5-

absence of mistake or accident. Evidence of prior incidents of abuse by prison or law enforcement personel have been admitted by several courts as relevant "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident". SEE: Ismail v. Cohen, 899 F.2d 183, 188-89 (2d Cir. 1990); United States v. Dise, 763 F.2d 586, 592 (3d Cir. 1985).

Furthermore, Plaintiff has information that repeated complaints about mistreatment of inmates have been made about (three) of the defendants and nothing has been done about them. Evidence to that effect would highly be relevant to the claim of supervisory liability against defendant (Roger Zimmerman) Warden for Security, set out in the complaint SEE: Parrish v. Luckie 963 F.2d 201, 205-206 (8th Cir. 1992); Also see: Foley v. City of Lowell, Mass, 948 F.2d 10, 14-16 (1st Cir. 1991).

For these reasons the material sought is relevant and should be produced, along with appropriate answers.

-6-

Respectfully Submitted
Antwon S. Webber #B45991
Pro-SE