**E-FILED**
Wednesday, 24 October, 2007 02:13:41 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

ANTWON S. HIBBLER, )
)
Plaintiff, )
)
-vs- ) No. 06-3184
)
ROGER ZIMMERMAN, Warden, )
LIEUTENANT ASHBY, SGT. BUNN, )
C/O SWENNEY, C/O WHITAKER, )
C/O JENNINGS, C/O WOODWARD, )
C/O WARD, )
)
Defendants. )

**DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND MOTION FOR ORDER COMPELLING DISCLOSURE OF DISCOVERY**

NOW COME the Defendants, FORREST ASHBY, DEBORAH FUQUA, JOSEPH JENNINGS, STEVE SWEETIN, JAMES WARD, RANDALL WHITAKER, JOSEPH WOODWARD, and ROGER ZIMMERMAN, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and hereby file their Response to Plaintiff's Second Motion for Order Compelling Disclosure of Discovery. In support thereof, Defendants state as follows:

1. On October 10, 2007, Plaintiff filed his second Motion for Order Compelling Disclosure of Discovery ("Second Motion to Compel"). (Ct. Doc. # 72.) Previously, Plaintiff filed a separate Motion for Order Compelling Disclosure of Discovery ("First Motion to Compel") on July 17, 2007. (Ct. Doc. # 57.) To date, the Court has not ruled on Plaintiff's First Motion to Compel.

2. In Plaintiff's Second Motion to Compel, Plaintiff claims that Defendants have refused to produce certain unspecified documents and that Defendants have failed to appropriately answer unspecified interrogatories. (Ct. Doc. # 72, ¶¶ 1, 4.) However, Plaintiff

fails to attach copies of the discovery materials to which he seeks responses and the undersigned attorney is unable to determine which discovery materials are at issue.

3. On August 29, 2007, the undersigned attorney sent Plaintiff Defendants' Amended Response to Plaintiff's Interrogatories and Request for Production of Documents. (See attached Defs.' Ex. A; Defs.' Am. Resp. to Pl.'s Interrogs. and Req. for Production of Docs.) The undersigned attorney informed Plaintiff that only the answer to Interrogatory No. 1 changed in any respect. Specifically, the dates of employment for Defendants Whitaker and Ashby were revised to reflect the correct dates of their past employment. Otherwise, Defendants' responses and objections were identical to those stated in their original response. Nevertheless, Plaintiff sent the undersigned attorney an objection to Defendants' Amended Response to Plaintiff's Interrogatories and Request for Production of Documents. (Ct. Doc. # 72, pp. 5-10.) The undersigned attorney sent Plaintiff a letter explaining the basis for Defendants' continued objections to the discovery requests, along with certain materials that may have been responsive to Plaintiff's document requests. (Ct. Doc. # 72, pp. 3-4.)

4. Since the filing of Defendants' Response to Plaintiff's First Motion to Compel, Plaintiff has served upon the undersigned attorney only one additional discovery request (See attached Defs.' Ex. B; Pl.'s Interrogs.), to which Defendant Fuqua has responded fully. (See attached Defs.' Ex. C; Def.'s Resp. to Pl.'s Interrogs.) Therefore, to the extent Plaintiff merely repeats his request for materials sought in his First Motion to Compel (Ct. Doc. # 57), Defendants direct the Court's attention to their Response to Plaintiff's First Motion to Compel. (Ct. Doc. # 66.)

5. Given that Plaintiff fails to articulate the discovery requests to which he seeks responses and that Defendants have already responded fully to all discovery requests, Plaintiff's Second Motion to Compel should be denied.

WHEREFORE, for the above and foregoing reasons, Defendants request that the Court deny Plaintiff's Second Motion for Order Compelling Disclosure of Discovery.

Respectfully submitted,

FORREST ASHBY, DEBORAH FUQUA, JOSEPH JENNINGS, STEVE SWEETIN, JAMES WARD, RANDALL WHITAKER, JOSEPH WOODWARD, and ROGER ZIMMERMAN,

Defendants,

LISA MADIGAN, Attorney General, State of Illinois,

Attorney for the Defendants,

By s/ Michael J. Lanzdorf

Michael J. Lanzdorf, #6286675
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
Phone: (217) 782-9056
Fax: (217) 782 -8767
E-Mail: mlanzdorf@atg.state.il.us

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

ANTWON S. HIBBLER, )
)
Plaintiff, )
)
-vs- ) No. 06-3184
)
ROGER ZIMMERMAN, Warden, )
LIEUTENANT ASHBY, SGT. BUNN, )
C/O SWENNEY, C/O WHITAKER, )
C/O JENNINGS, C/O WOODWARD, )
C/O WARD, )
)
Defendants. )

**CERTIFICATE OF SERVICE**

I hereby certify that on October 24, I electronically filed Defendants' Response to Plaintiff's Second Motion for Order Compelling Disclosure of Discovery, with the Clerk of the Court using the CM/ECF system, which will send notice of same to the following:

Theresa Powell at tpowell@hrva.com

and I hereby certify that on the same date, I mailed by United States Postal Service, the above-described document to the following non-registered participant:

Antwon S. Hibbler, #B-45991
Western Illinois Correctional Center
R. R. #4, Box 196
Mt. Sterling, IL 62353

Respectfully submitted,

s/ Michael J. Lanzdorf
Michael J. Lanzdorf, #6286675
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
Phone: (217) 782-9056
Fax: (217) 782 -8767
E-Mail: mlanzdorf@atg.state.il.us

**E-FILED**
Wednesday, 24 October, 2007 02:14:10 PM
Clerk, U.S. District Court, ILCD




# OFFICE OF THE ATTORNEY GENERAL
STATE OF ILLINOIS

**Lisa Madigan**
ATTORNEY GENERAL

August 29, 2007

Antwon S. Hibbler, #B-45991
Western Illinois Correctional Center
R. R. #4, Box 196
Mt. Sterling, IL 62353

Re: *Hibbler, #B-45991 v. Zimmerman, et al.*
USDC-CDIL Case No. 06-3184

Dear Mr. Hibbler:

Enclosed with this letter please find Defendants' Amended Response to Plaintiff's Interrogatories and Request for Production of Documents, along with the attestations of Defendants Jennings, Woodward, Ward, Ashby, Whitaker, and Sweetin. Please be advised that only the answer to Interrogatory No. 1 has changed in any respect.

Thank you for your continued cooperation in this matter.

Sincerely,

s/ Michael J. Lanzdorf

Michael J. Lanzdorf
Assistant Attorney General




MJL:dd
Enclosures

500 South Second Street, Springfield, Illinois 62706 • (217) 782-1090 • TTY: (217) 785-2771 • Fax: (217) 782-7046
100 West Randolph Street, Chicago, Illinois 60601 • (312) 814-3000 • TTY: (312) 814-3374 • Fax: (312) 814-3806
1001 East Main, Carbondale, Illinois 62901 • (618) 529-6400 • TTY: (618) 529-6403 • Fax: (618) 529-6416

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

ANTWON S. HIBBLER,

Plaintiff,

-vs-

No. 06-3184

ROGER ZIMMERMAN, Warden, LIEUTENANT ASHBY, SGT. BUNN, C/O SWENNEY, C/O WHITAKER, C/O JENNINGS, C/O WOODWARD, C/O WARD,

Defendants.

**DEFENDANTS' AMENDED RESPONSE TO PLAINTIFF'S**
**INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

NOW COMES Defendants, FORREST ASHBY, JOSEPH JENNINGS, STEVE SWEETIN, JAMES WARD, RANDY WHITAKER, and JOSEPH WOODWARD, by and through their attorney, Lisa Madigan, Attorney General of the State of Illinois, and in Response to Plaintiff's Interrogatories to Defendants and Request for Production of Documents, state and produce as follows:

1. State the full name, alias names, age, and addresses of person or persons answering these interrogatories or providing the documents including your date of birth, naturalization, and state your residence and your employers, and your employers' addresses, for the last ten years.

**ANSWER: Defendants object to Request No. 1 to the extent Plaintiff seeks Defendants' age, date of birth, naturalization, and residence. The possession of such information by inmates poses a risk to the safety and security of Defendants and other prison staff. Moreover, Defendants object to providing employment history for any and all non-Illinois Department of Corrections employment because it is overly broad and irrelevant to Plaintiff's lawsuit. Notwithstanding said objections, Defendants hereby state:**

| Name | Employer | Title | Dates |
|---|---|---|---|
| Forrest Ashby | Western Illinois Correctional Center ("Western CC") | Correctional Lieutenant | 08/01/03-present |
| Forrest Ashby | Western CC | Correctional Captain | 03/01/00-~~07/31/02~~07/31/03 |
| Forrest Ashby | Western CC | Correctional Officer | 04/19/03-02/28/00 |
| Joseph Jennings | Western CC | Correctional Officer | 11/13/95-present |
| Steve Sweetin | Western CC | Correctional Officer | 09/06/94-present |
| James Ward | Western CC | Correctional Officer | 07/16/01-present |
| Randy Whitaker | Western CC | Correctional Officer | 11/16/99-present |
| Randy Whitaker | Western CC | Correctional Sergeant | ~~06/01/90~~03/01/90-11/15/99 |
| Randy Whitaker | Western CC | Correctional Officer | 01/23/89-02/28/90 |
| Joseph Woodward | Western CC | Correctional Officer | 07/10/95-present |

2. State the duties of defendant, Debra Fuqua, Medical Administrator, at Western Illinois CC. If those duties are set forth in any job description or other documents, produce the documents.

**ANSWER: See attached Bates-stamped document 00001-00002.**

3. State the duties of defendant, Roger Zimmerman, Warden, at Western Illinois CC, insofar as they pertain to providing medical care to prisoners. If those duties are set forth in any job description or other document, produce the documents.

**ANSWER: Defendant Zimmerman is no longer employed as the Warden at Western CC. While employed as Warden at Western CC, Defendant Zimmerman was responsible for the overall administration of the operations of the institution, including fiscal management, personnel, security of the facility and the delivery of**

**programs and services to the offenders confined at Western CC. Medical care for inmates at Western CC is provided by outside specialists, hospitals, and on-site health care staff who are supervised on clinical matters by the facility's medical director, who is a licensed physician.**

4. State the names, titles, and duties of all staff members at Western Illinois CC, who have responsibility for evaluating requests for specialized treatment or evaluation. If those duties are set forth in any job description or other document, produce the document.

**ANSWER: The Medical Director at Western CC is Dr. Lowell J. Brown. Dr. Brown will write a consult request for any inmate he feels needs specialized care by an outside physician. These consult requests are faxed to Wexford Health Sources, Inc., and approved or denied by Wexford's utilization review department. See attached Bates-stamped documents 00036-00040.**

5. State the names, titles, and duties of all staff members at Western Illinois CC, who have responsibility for ensuring that inmates requests for medical attention are responded to. If those duties are set forth in any job description or other document, produce the document(s).

**ANSWER: All nurses see inmates on sick call and provide medical care. The following individuals are registered nurses: Rose Kathleen Ashcraft, Barbara Bower, Joyce Lynn Fox, Kelcy Kaler, Cindy Thompson, Julie Havens-Jones, Beth Oeser, Esther Shoemaker, Heather Ren, and Steven Paul Conlee. The following individuals are licensed practical nurses: Gladys Brink, Teresa Conner, Delors Brenner, Rhonda Hazelrigg, Jim Lowe, Sue Moore, Kathy Riner, Susette Ring, Carolyn Sue Scott, Brenda Tatum, and Tawnya Moore. See attached Bates-stamped documents 00058-00066.**

6. State the procedure in effect during May through September, 2006, at Western Illinois C.C., for conducting sick call, including the procedure by which inmates signup for requesting sick call. If the procedure is different for segregation-inmates than for general-population inmates, state both procedures. If those procedures are set forth in any policy, directive, or other document, produce the document.

**ANSWER: See attached Bates-stamped documents 00041-00057.**

7. State the names, titles, and duties of all staff members at Western Illinois C.C., who has the responsibility for responding to, investing or deciding - inmate grievances. If those duties are set forth in any job description, policy, directive, or other document, produce the document.

**ANSWER: The following individuals are employed as Correctional Counselors at Western Illinois: Tara Goins, Karen Wear, Steve VanStrien, Thomas Moore, Sue**

**Redshaw, Paul Vincent, Donna McNeff, Annette Cowick, Brenda Sheppard, Jeff Chute, and Angela Cross. The following individuals are designated as back-up Grievance Officers: Kent Davis and Eric Wilson. See attached Bates-stamped documents 00003-00008; 00030-00031.**

8. State the procedure in effect during May through September 2006 at Western Illinois C.C., for responding to, investigating and deciding inmate grievances. If the procedure for handling grievances based on medical complaints is different from the procedure for handling other kinds of grievances, state both procedures. If "emergency" grievances procedures are handled differently and are set forth in any document, produce the document.

**ANSWER: See attached Bates-stamped documents 00003-00008; 00030-00031.**

9. State the name, age, present or last known address, telephone number and employer and employer's address of all persons who:

A. Witnessed, or claimed to have witnessed the occurrences described in the complaint, or were involved;
B. Were present, or claim to have been present, at the scene of the occurrences described in the complaint immediately before the occurrences;
C. Were present, or claimed to have been present, at the scene of the occurrences described in the complaint at the time of the occurrences; and -
D. Were present, or claim to have been present, at the scene of the occurrence described in the complaint immediately after the occurrence.

**ANSWER: Defendants object to Request No. 9 to the extent Plaintiff seeks the age, residence, and telephone number of those individuals identified in response to Request No. 9. The possession of such information by inmates poses a risk to the safety and security of Defendants and prison staff. Notwithstanding said objection, see those individuals identified in response to Request No. 1. In addition, Richard Davis served on the Adjustment Committee at Western CC on October 25, 2006. Defendants also refer Plaintiff to his medical records, which identify those individuals who provided medical care to Plaintiff. Plaintiff may access his medical records from a more convenient source. Inmates may request and receive copies of their medical records from their institution after they have signed a medical release form. Although inmates have the opportunity to review their medical records at no cost, they do not have an unlimited and automatic right to free copies of their medical records. At this time, Defendants are not aware of any additional individuals who were present or claim to have been present at the scene of any occurrences described in Plaintiff's Complaint.**

10. State:

A. The name and address of all persons or entities who treated or examined plaintiff and the dates thereof;
B. The nature of the injury;
C. A description of how the injury occurred;
D. The date and location of the injury.

**ANSWER: Defendants object to Request No. 10 because Plaintiff may access his medical records from a more convenient source. Inmates may request and receive copies of their medical records from their institution after they have signed a medical release form. Although inmates have the opportunity to review their medical records at no cost, they do not have an unlimited and automatic right to free copies of their medical records.**

11. With respect to any photographs of the occurrences or injury complained of, or any objects or persons involved therein, state:

A. The date of the photograph;
B. The subject matter of the photograph;
C. The name, address or employer and employer's address of photographer;
(Plaintiff skipped D)
E. The number of photographs taken; and
F. The name and address of the person in possession of the photographs.

**ANSWER: To the extent any such photographs exist, Defendants object to Request No. 11 because they would be maintained in Plaintiff's medical records and Plaintiff may access his medical records from a more convenient source. Inmates may request and receive copies of their medical records from their institution after they have signed a medical release form. Although inmates have the opportunity to review their medical records at no cost, they do not have an unlimited and automatic right to free copies of their medical records.**

12. Describe any lawsuits in which any of the defendants were a defendant, stating the following with respect to each:

A. Name of court - county and state;
B. Title of action;
C. Court number;
D. Approximate date the lawsuit was filed including federal courts;
E. Nature of litigation;
F. Disposition of case.

**ANSWER: Defendants object to Interrogatory No. 12 as being irrelevant to Plaintiff's lawsuit.**

13. With respect to expert witnesses state;

A. The name, address and name and address of the employer of each witness you expect to call at trial
B. The subject matter on which the expert is expected to testify;
C. The substance of the facts to which the expert is expected to testify;
D. The substance of the opinions to which the expert is expected to testify;
E. A summary of the grounds for each opinion; and
F. The name and address, and the name and address of the employer, of each expert retained or especially employed in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial.

**ANSWER: Defendants have not retained expert witnesses in this matter as of this date.**

14. Have any of the defendants discussed the occurrence alleged in the complaint with anyone? If so, state the name of that/those individual(s), their current or last known address and telephone number and the dates of the conversations.

**ANSWER: Defendants do not recall discussing Plaintiff's complaint with any non-defendants.**

15. As to each named defendant, state all instances in which they have engaged in excessive force or harrassment against any inmate. Including against whom excessive force or harrassment was used, the date of the use of excessive force or harrassment, housing unit in which inmate(s) was housed at the time and what resulted from it.

**ANSWER: Defendants object to Interrogatory No. 15 as being irrelevant to Plaintiff's lawsuit. Notwithstanding said objection, Defendants deny that they have violated any inmate's right to be free from cruel and unusual punishment by engaging in excessive force or harassment.**

16. Produce any and all grievances, complaints, or other documents received by the defendants or their agents at Western Illinois C.C., concerning mistreatment of inmates by defendant(s) and any memoranda, investigative files, or other documents created in response to such documents, since May 06-Sept 06.

**ANSWER: Defendants object to Interrogatory No. 16 as being overly broad and burdensome. Moreover, to the extent Plaintiff seeks documentation concerning**

**grievances and/or complaints submitted by inmates other than Plaintiff, Defendants object to Interrogatory No. 16 as being irrelevant to Plaintiff's lawsuit. Notwithstanding said objections, see attached Bates-stamped document 00067.**

17. Produce any and all policies, directives, or instructions to staff concerning the use of plaintiff's shower shoes.

**ANSWER: See attached Bates-stamped documents 00027-00029; 00033-00035.**

18. Produce any and all policies, directives, or instructions to staff concerning the use of force by Western Illinois C.C. staff, and or harrassment of inmates.

**ANSWER: Defendants do not have any policies, directives, or instructions to staff concerning the harassment of inmates in their possession or control, nor are they aware of the existence of any such documents. To the extent Plaintiff seeks policies, directives, or instructions to staff concerning the use of force, Defendants object to Request No. 18 because the possession of such documents by inmates poses a risk to the safety and security of prison staff.**

19. Produce any and all sick call request sheets from the period April 2006 (through) December 2006.

**ANSWER: Defendants object to Request No. 19 as being overly broad and burdensome. Moreover, to the extent Plaintiff seeks any and all sick call request slips submitted by inmates other than Plaintiff, Defendants object to Request No. 19 as being irrelevant to Plaintiff's lawsuit. Notwithstanding said objections, see attached Bates-stamped document 00067.**

20. Produce any and all logs, lists, or other documentation reflecting grievances filed by inmates from June 2006.

**ANSWER: Defendants object to Request No. 20 as being overly broad and burdensome. Moreover, to the extent Plaintiff seeks documentation concerning grievances filed by inmates other than Plaintiff, Defendants object to Request No. 20 as being irrelevant to Plaintiff's lawsuit. Notwithstanding said objections, see attached Bates-stamped documents 00009-00026.**

21. Produce plaintiff's complete medical records from April 2006 to the date of your response, and/or to date.

**ANSWER: Defendants object to Request No. 21 because Plaintiff may access his medical records from a more convenient source. Inmates may request and receive copies of their medical records from their institution after they have signed a medical release form. Although inmates have the opportunity to review their medical records**

**at no cost, they do not have an unlimited and automatic right to free copies of their medical records.**

22. Produce any and all documents created by any Western Illinois C.C. staff member in response to any grievances filed by plaintiff in concerning his medical treatment/medical care.

**ANSWER: See attached Bates-stamped documents 00009-00026.**

23. Produce any and/or all documents created by any staff member from April 2006 to date concerning plaintiff's medical care and not included in items 20, 21, or 22 of this request.

**ANSWER: Defendants do not have any documents which are responsive to Request No. 23 in their possession or control. Defendants will continue to supplement any responses to the extent of documents which subsequently come into their possession or control or become known to Defendants.**

Respectfully submitted,

FORREST ASHBY, JOSEPH JENNINGS, STEVE SWEETIN, JAMES WARD, and RANDY WHITAKER,

Defendants,

LISA MADIGAN, Attorney General, State of Illinois,

Attorney for Defendants,

s/ Michael J. Lanzdorf

Michael J. Lanzdorf, #6286675
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
Phone: (217) 782-9056
Fax: (217) 782 -8767
E-Mail: mlanzdorf@atg.state.il.us

**CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2007, I mailed Defendants' Amended Responses to Interrogatories and Request for Production of Documents, by United States Postal Service, in an envelope correctly addressed and fully prepaid, to the following:

Antwon S. Hibbler, #B-45991
Western Illinois Correctional Center
R. R. #4, Box 196
Mt. Sterling, IL 62353

Respectfully submitted,

s/ Michael J. Lanzdorf

Michael J. Lanzdorf, #6286675
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
Phone: (217) 782-9056
Fax: (217) 782 -8767
E-Mail: mlanzdorf@atg.state.il.us

IN THE United States District Court
For THE Central Division OF ILLINOIS
SpringField Division

| | |
|---|---|
| Antwon S. Hibbler #B45991<br>Plaintiff, | |
| -VS- | Case No. 06-CV-3184 |
| Roger Zimmerman - Warden (Etal)<br>Defendants. | |

Interrogatories Propounded By Plaintiff

The Defendant, Debra Fuqua is hereby notified to answer the following Interrogatories seperately and fully in writting under oath within (30 days) from date of service of these Interrogatories, all in accordance with Federal Rule OF Civil Procedures (33).

(1) State the full name and address of person answering these interrogatories and if different, the full name of the person answering and signing.



EXHIBIT B

(2) State the duties of defendant Debra Fuqua Medical Administrator at Western Illinois Correctional Center.

(3) State the names, titles, and duties of all staff members at Western Illinois Correctional Center who have responsibility for evaluating requests for specialized treatment or evaluation.

(4) State the names, titles, and duties of all staff members at Western Illinois Correctional Center other than defendants Fuqua And Brown, who have responsibility for ensuring that inmates request for medical attention are responded to.

(5) State whether you held any position on a Committee or with an administative body at any hospital. If so, state when you held such position(s) and the duties and responsibilities involved in such position(s).

(6) State whether any hearing dealing with mortality or morbidity was held regarding the care and treatment of the plaintiff alleged in the Complaint.

(7) Have you (or anyone acting on your behalf) had any conversation with any person at any time with regard to the manner in which the care and treatment alleged in the complaint was provided or have you overheard any statements If so; state the full name of person or person(s) with regard to their address and phone number.

Respectfully Summitted

s/ Antwon S. Hibbler #B45991

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

ANTWON S. HIBBLER, )
Plaintiff, )
-vs- ) No. 06-3184
ROGER ZIMMERMAN, Warden, LIEUTENANT ASHBY, SGT. BUNN, C/O SWENNEY, C/O WHITAKER, C/O JENNINGS, C/O WOODWARD, C/O WARD, )
Defendants. )

**DEFENDANT FUQUA'S ANSWERS TO INTERROGATORIES**

NOW COMES Defendant, DEBORAH FUQUA, by and through her attorney, Lisa Madigan, Attorney General of the State of Illinois, and answers Plaintiff's Interrogatories, as follows:

1. State the full name and address of person answering these interrogatories, and if different, the full name of the person answering and signing.

**ANSWER: Deborah K. Fuqua, c/o Michael Lanzdorf, 500 S. Second Street, Springfield, IL 62706. Michael Lanzdorf, 500 S. Second Street, Springfield, IL 62706.**

2. State the duties of defendant Debra Fuqua, Medical Administrator at Western Illinois Correctional Center.

**ANSWER: Defendant is no longer employed by the Illinois Department of Corrections (the "Department") at Western Illinois Correctional Center ("Western Illinois"). Nevertheless, see previously produced Bates-stamped documents 00001-00002 for a description of her duties while employed as the Health Care Unit Administrator at Western Illinois.**

3. State the names, titles, and duties of all staff members of Western Illinois Correctional Center who have responsibility for evaluating requests for specialized treatment or evaluation.



**ANSWER: For the times relevant to this matter, the Medical Director at Western Illinois was Dr. Lowell J. Brown. Dr. Brown would write a consult request for any inmate he felt needed specialized care by an outside physician. These consult requests were faxed to Wexford Health Sources, Inc., and approved or denied by Wexford's utilization review department. See previously produced Bates-stamped documents 00036-00040.**

4. State the names, titles, and duties of all staff members at Western Illinois Correctional Center other than defendants Fuqua and Brown, who have responsibility for ensuring that inmates request for medical attention are responded to.

**ANSWER: All nurses see inmates on sick call and provide medical care. For the times relevant to this matter, the following individuals were registered nurses at Western Illinois: Rose Kathleen Ashcraft, Barbara Bower, Joyce Lynn Fox, Kelcy Kaler, Cindy Thompson, Terry Edwards, Beth Oeser, Carolyn Mull, and Julie Havens-Jones. For the times relevant to this matter, Vera Boyle was the Director of Nursing at Western Illinois. For the times relevant to this matter, the following individuals were licensed practical nurses at Western Illinois: Gladys Brink, Angie Clendenny, Teresa Conner, Jim Lowe, Susan Moore, Susette Ring, Carolyn Sue Scott, Brenda Tatum, Norma Goben, and Delores Drennen. See previously produced Bates-stamped documents 00058-00066.**

5. State whether you held any position on a committee or with an administrative body at any hospital. If so, state when you held such position(s) and the duties and responsibilities involved in such position(s).

**ANSWER: For the times relevant to this matter, Defendant was a member of the Quality Improvement Committee. Defendant served as the Coordinator of the committee from October 4, 2006, until May 1, 2007. The purpose of the Quality Improvement Committee is to assure that high quality offender care is maintained and delivered in a cost-efficient, safe, and appropriate manner. Further, the Quality Improvement Committee assures compliance with recognized community standards of care and ongoing, systematic evaluation of offender care practices, professional and clinical performance, and offender care services.**

6. State whether any hearing dealing with mortality or morbidity was held regarding the care and treatment of the plaintiff alleged in the complaint.

**ANSWER: Defendant is not aware of any hearing dealing with mortality or morbidity regarding the care and treatment of Plaintiff. Nevertheless, at the regular monthly Quality Improvement Committee meeting of August 18, 2006, a grievance submitted by Plaintiff in which he complained about medical treatment was discussed along with approximately 14 other inmate grievances.**

7. Have you (or anyone acting on your behalf) had any conversation with any person at any time with regard to the manner in which the care and treatment alleged in the complaint was provided or have you overheard any statements. If so; state the full name of person or person(s) with regard to their address and phone number.

**ANSWER: At the regular monthly Quality Improvement Committee meeting of August 18, 2006, a grievance submitted by Plaintiff in which he complained about medical treatment was discussed along with approximately 14 other inmate grievances. The following individuals were on the Quality Improvement Committee at that time: Dr. Lowell J. Brown; Larry Philips, and Hartmut Schmitz. Representatives from nursing (Vera Boyle), medical records (Lynne Shelton), mental health (Cynthia Lynch), dental (Dr. Scholz and Dr. Martin), pharmacy (Rebecca Reynolds), radiology (Debbie Brannan), or other health care disciplines or security may have also participated in Quality Improvement Committee meetings at this time. A representative from the Office of Health Services, Cindy Hobrock, also participated in meetings. Other clinical, administrative, and support staff may have been asked to participate in the committee activities to the extent they related to identified needs, problems, or other offender care issues. Defendant objects to providing the address and phone numbers of the aforementioned individuals because possession of such information by an inmate threatens the safety and security of those individuals and prison staff.**

Respectfully submitted,

DEBORAH FUQUA,

Defendant,

LISA MADIGAN, Attorney General,
State of Illinois,

Attorney for Defendant,

s/ Michael J. Lanzdorf

Michael J. Lanzdorf, #6286675
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
Phone: (217) 782-9056
Fax: (217) 782 -8767
E-Mail: mlanzdorf@atg.state.il.us

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2007, I mailed Defendant 's Answers to Interrogatories, by United States Postal Service, in an envelope correctly addressed and fully prepaid, to the following:

Antwon S. Hibbler, #B-45991
Western Illinois Correctional Center
R. R. #4, Box 196
Mt. Sterling, IL 62353

Respectfully submitted,

s/ Michael J. Lanzdorf

Michael J. Lanzdorf, #6286675
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
Phone: (217) 782-9056
Fax: (217) 782 -8767
E-Mail: mlanzdorf@atg.state.il.us



**OFFICE OF THE ATTORNEY GENERAL**
STATE OF ILLINOIS

**Lisa Madigan**
ATTORNEY GENERAL

October 5, 2007

Antwon S. Hibbler, #B-45991
Western Illinois Correctional Center
R. R. #4, Box 196
Mt. Sterling, IL 62353

Re: *Hibbler, #B-45991 v. Zimmerman, et al.*
USDC-CDIL Case No. 06-3184

Mr. Hibbler:

Enclosed with this letter is Ms. Fuqua's Answers to Plaintiff's Interrogatories. Ms. Fuqua's Attestation will follow as soon as it is received by this office.

Sincerely,

s/ Michael J. Lanzdorf

Michael J. Lanzdorf
Assistant Attorney General

MJL:dd
Enclosure

500 South Second Street, Springfield, Illinois 62706 • (217) 782-1090 • TTY: (217) 785-2771 • Fax: (217) 782-7046
100 West Randolph Street, Chicago, Illinois 60601 • (312) 814-3000 • TTY: (312) 814-3374 • Fax: (312) 814-3806