In The United States District Court
Central District Of Illinois
Springfield, Division

Antwon S. Hibbler #B45991 )
                Plaintiff, )
                           ) CASE NO. 06-3184-HAB-CHE
        VS.                )
                           )
Roger Zimmerman (ETAL)     )
                Defendants.)

Reply To Defendants' Response
To Plaintiffs' Second Motion To
Compell Disclosure Of Discovery

Now comes the Plaintiff, Antwon S. Hibbler #B45991 with his reply to defendants' response to plaintiffs' second motion to compell disclosure of discovery. In support thereof states as follows:

(1) The defendants were giving notice of plaintiffs' displeasure in not receiving the requested documents and proper answer to interrogatories.

-1-

(2) The defendants' reply through their attorney informed plaintiff that if he wasn't pleased he should motion the court to order compelling of disclosure. (see exhibit 1.) attached

(3) The Plaintiff has met the requirements to obtain discovery and is now asking this Honorable Court to intervene in this matter.

(4) Plaintiffs' first Motion To Compell that the defendants spoke upon in their motion was for defendant Brown which is not related to their cause.

Wherefore, the reasons stated above Plaintiff respectfully askes this Honorable Court to deny the defendants request for his Motion To Compell be denied.

Respectfully Summitted,
Antwon S. Webber #B45991

Date: 11-6-07

- 2 -



Exhibit
1



# OFFICE OF THE ATTORNEY GENERAL
STATE OF ILLINOIS

**Lisa Madigan**
ATTORNEY GENERAL

September 20, 2007

Antwon S. Hibbler, #B-45991
Western Illinois Correctional Center
R. R. #4, Box 196
Mt. Sterling, IL 62353

    Re:   *Hibbler, #B-45991 v. Zimmerman, et al.*
           USDC-CDIL Case No. 06-3184

Dear Mr. Hibbler:

    I am in receipt of your Reply to Defendants' Objections to Plaintiff's Interrogatories and Request for Production of Documents. Please be advised that Defendants have now responded fully and appropriately to your discovery requests.

    ***First***, with respect to Interrogatory No. 12, Defendants maintain that past lawsuits are entirely irrelevant to your lawsuit and not likely to lead to admissible evidence.

    ***Second***, with respect to Interrogatory No. 15, Defendants maintain that it is irrelevant to your lawsuit and not likely to lead to admissible evidence. Nevertheless, Defendants answered Interrogatory No. 15.

    ***Third***, with respect to Interrogatory No. 16, Defendants maintain that it is overly broad and burdensome. Responding to this request would require the review of the master-file of every offender who has been incarcerated at Western Illinois Correctional Center from May 2006, to the present. Given that the requested documents are irrelevant to your lawsuit and not likely to lead to admissible evidence, the burden and expense associated with production of such documents far exceeds the probative value of your request.

    ***Fourth***, with respect to Interrogatory No. 18, Defendants maintain that there do not exist any policies, directives, or instructions to staff concerning the harassment of inmates. Nevertheless, see attached Bates-stamped document 00068, which describes generally the rule of conduct of Illinois Department of Corrections employees. In addition, see attached Bates-stamped documents 00069-00079, which state the Departmental rules concerning use of force.

500 South Second Street, Springfield, Illinois 62706 • (217) 782-1090 • TTY: (217) 785-2771 • Fax: (217) 782-7046
100 West Randolph Street, Chicago, Illinois 60601 • (312) 814-3000 • TTY: (312) 814-3374 • Fax: (312) 814-3806
1001 East Main, Carbondale, Illinois 62901 • (618) 529-6400 • TTY: (618) 529-6403 • Fax: (618) 529-6416

Antwon S. Hibbler
September 20, 2007
Page Two

**Fifth**, with respect to Interrogatory No. 20, Defendants maintain that grievances filed by other inmates are irrelevant to your lawsuit and not likely to lead to admissible evidence.

To the extent you remain unsatisfied with Defendants' responses, you may apply for an order from the court compelling disclosure.

Thank you for your continued cooperation in this matter.

                Sincerely,

                Michael J. Lanzdorf
                Assistant Attorney General

MJL:dd
Enclosures