05415-R4171
TMP/ej

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTWON S. HIBBLER, B45991, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06-3184-HAB-CHE |
| | ) |
| WARDEN ROGER ZIMMERMAN, | ) |
| LIEUTENANT ASHBY, SARGENT | ) |
| BUNN, CORRECTIONAL OFFICER | ) |
| SWEETIN, CORRECTIONAL OFFICER | ) |
| WHITAKER, CORRECTIONAL OFFICER | ) |
| JENNINGS, J. WOODWARD, | ) |
| CORRECTIONAL OFFICER WARD, | ) |
| LOWELL BROWN, AND DEBRA | ) |
| FUQUA, | ) |
| | ) |
| Defendants. | ) |

**MOTION FOR EXTENSION OF TIME TO FILE MOTIONS
FOR SUMMARY JUDGMENT/MOTION FOR RULING ON
PENDING MOTION FOR HIPAA ORDER**

NOW COMES the Defendant, LOWELL BROWN, M.D., by his attorney, THERESA M. POWELL of HEYL, ROYSTER, VOELKER & ALLEN, and for his Motion for Extension of Time/ Motion for Ruling on HIPAA Order, states as follows:

1. At the beginning of this case, Defendant filed a Motion for Qualified HIPAA Protective Order, with proposed Order, in an effort to obtain the Plaintiff's records from the Department of Corrections.

2. At the same, counsel propounded discovery to the Plaintiff which included authorizations from the Department of Corrections, as well as a form authorization from Defendant's office. Copies of these documents are attached hereto as Exhibits 1 and 2.

3. In response to the HIPAA Motion, Plaintiff filed an objection and replies have been filed with the Court.

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-R4171
TMP/ej

4. To date, the Court has not ruled on that Motion. Defendant did not file a Motion to Compel signing of the authorizations as the issue relating to the HIPAA Order also would be outcome determinative with respect to the authorizations as they were provided to the Plaintiff.

5. At this time, however, Defendants have not been able to obtain all of the Plaintiff's medical records as the Plaintiff has objected to releasing them.

6. Undersigned counsel is aware that Plaintiff may suffer from conditions that he does not want made public with the Court.

7. Defendant would assert that part of Plaintiff's problem may be related to these underlying issues.

8. In any event, Defendant needs the Plaintiff's medical records in order to prepare an affidavit in support of a Motion for Summary Judgment.

9. Defendant's Motion is due on December 7, 2007. However, an affidavit from the Defendant could not be sufficiently supported with documentation without copies of the Plaintiff's medical records.

10. Although Dr. Brown may have access to reading those records, counsel does not yet have a copy of them in order to put them in a presentable order for the Court. In addition, without the authorization and/or order from the Court, counsel would be hesitant to make these records an exhibit on file with the Court given Plaintiff's objections.

11. Defendant has no problem with filing Plaintiff's medical records under seal or filing copies of any exhibits which may contain objectionable material as records under seal. However, as Defendant has indicated, the Plaintiff has placed his medical condition at issue by filing this lawsuit.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

2

05415-R4171
TMP/ej

  12. Defendant prays therefore that this Court will rule on the pending motions and allow an extension of time to allow Defendant to obtain the Plaintiff's medical records. Defendant would request that the Court also order the Plaintiff to sign the IDOC authorizations (Exhibit 1) which would greatly expedite matters in obtaining and receiving the Plaintiff's medical records once the Court has issued an order on this issue.

  WHEREFORE, Defendant, LOWELL BROWN, M.D., prays that this Court will grant the pending HIPAA Motion and order, and allow Defendant fourteen (14) days to obtain the records, and another fourteen (14) to twenty-one (21) days to file a Motion for Summary Judgment.

           Respectfully submitted,

           LOWELL BROWN, M.D., Defendant,

           HEYL, ROYSTER, VOELKER & ALLEN,
           Attorneys for Defendant,

BY: /s/Theresa M. Powell
   Theresa M. Powell, #6230402
   HEYL, ROYSTER, VOELKER & ALLEN
   Suite 575, National City Center
   P. O. Box 1687
   Springfield, IL 62705
   Phone: (217) 522-8822
   Fax: (217) 523-3902
   E-mail:tpowell@hrva.com

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-R4171
TMP/ej

# CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2007, I electronically filed **Motion for Extension of Time to File Motions for Summary Judgment/Motion for Ruling on Pending Motion for HIPAA Order** with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to the following:

Michael J. Lanzdorf
mlanzdorf@atg.state.il.us

and I hereby certify that on December 5, 2007, I mailed by United States Postal Service, the document(s) to the following non-registered participants:

Antwon S. Hibbler, B45991
Western Illinois Correctional Center
Inmate Mail/Parcels
R. R. #4, Box 196
Mt. Sterling, IL 62353

/s/Theresa M. Powell
Theresa M. Powell, #6230402
HEYL, ROYSTER, VOELKER & ALLEN
Suite 575, National City Center
P. O. Box 1687
Springfield, IL  62705
Phone: (217) 522-8822
Fax:    (217) 523-3902
E-mail:tpowell@hrva.com

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

ILLINOIS DEPARTMENT OF CORRECTIONS

## Authorization for Release of Offender Mental Health or Substance Abuse Treatment Information

This Authorization may not be used for medical health information (use form DOC 0241)

The Department of Corrections will not condition treatment on this authorization. Mental health information disclosed pursuant to this authorization may not be further disclosed except pursuant to authorization from the offender or offender's representative. If this authorization is for psychotherapy notes, it must not be used as an authorization for any other type of protected health information.

I hereby authorize ___Illinois Department of Corrections_____ to release
                                            Facility

**Section A: Mental Health Information** (as described below):

__any and all information_____
State specific Mental Health Information to be disclosed including date(s) or date range.

**Section B: Substance Abuse Treatment Information** (as indicated below):

If Substance Abuse Treatment records are being authorized, initial all relevant areas below:

| | | | | | |
|---|---|---|---|---|---|
| X | Diagnosis | X | Toxicological Reports/Drug Screens | X | Educational Information |
| X | Evaluation/Assessment | X | Medication Management Information | X | Attendance in Treatment |
| X | Treatment Plan | X | Summary of Treatment Services | X | Treatment Progress Report |
| X | Continuing Care Plan | | Other (specify): | | |

Include date(s) or date range: __2006 to the present__

[X] At Request of Offender and/or: __counsel__        Purpose of disclosure: __Pending litigation__

from the records of __B45991__ (ID#)    __Antwon S. Hibbler__ (Print Offender's Name)

to: ☐ Self   ☐ Authorized Attorney   ☐ Health Care Facility   [X] Other: __Defendant's attorney__

Name: __Theresa M. Powell, Heyl, Royster, Voelker & Allen,__
Address: __Suite 575 National City Center__   __Springfield__   __IL__   __62701__
         Street Address                      City              State  Zip Code

I hereby release and hold harmless, the State of Illinois, the Department of Corrections, and its employees from any liability which may occur as a result of the disclosure or dissemination of the records or information contained therein resulting from the access permitted to the authorized attorney, health care facility, other as specified, or self. I understand that I have the right to revoke this authorization at any time prior to disclosure by giving written notice (witnessed by someone who knows my identity) to the prison Facility Privacy Officer.

**Expiration:** This authorization will expire (complete one):

☐ 45 days from date of signature

[X] Upon the occurrence of the following event (must relate to the individual or purpose of the authorization):
__conclusion of litigation for Case 06-3184__ in the Central District Court of Illinois

**Signature:**

_____   _____   _____
Signature of Offender or Person Authorized to Consent   Relationship   Date

**Witness:**

_____   _____
Print Name                          Title

_____   _____
Signature                           Date

File the signed authorization in the Offender's Medical [File]
Give Offender a copy if DOC made the request for r[elease]

**EXHIBIT 1**

Distribution: Offender's Medical File

Printed on Recycled Paper

DOC 0240 (Eff. 11/2004)
(Replaces DOC 0109)

05415-R4171
TMP/ej

ILLINOIS DEPARTMENT OF CORRECTIONS

## Authorization for Release of Offender Medical Health Information

This Authorization my not be used for mental health or substance abuse treatment information (use form DOC 0240)

The Department of Corrections will not condition treatment on this authorization. If authorizing disclosure to persons or organizations that are not health plans, covered health care providers or health care clearinghouses subject to federal health information privacy laws, they may further disclose the protected health information. However, genetic testing or HIV/AIDS information disclosed pursuant to this authorization may not be further disclosed except pursuant to authorization.

I hereby authorize __Illinois Department of Corrections__ to release
                                        Facility

__any and all information__ from 2006 to the present
              State specific medical health information to be disclosed including date(s) or date range

[X]  At Request of Offender and/or: __counsel__    __Pending litigation__
                                                    Purpose of disclosure

from the records of __B45991__    __Antwon S. Hibbler__
                      ID#                Print Offender's Name

to: [ ] Self   [ ] Authorized Attorney   [ ] Health Care Facility   [X] Other: __Defendant's attorney__

Name: __Theresa M. Powell, Heyl, Royster, Voelker & Allen__
                            Print Name

Address: __Suite 575 National City Center,__
                            Street Address

__Springfield__                    __IL__    __62701__
     City                          State    Zip Code

I hereby release and hold harmless, the State of Illinois, the Department of Corrections, and its employees from any liability which may occur as a result of the disclosure or dissemination of the records or information contained therein resulting from the access permitted to the authorized attorney, health care facility, other as specified, or self. Records disclosed may contain confidential medical information including HIV disease information. I understand that I have the right to revoke this authorization at any time prior to disclosure by giving written notice (witnessed by someone who knows my identity) to the prison Facility Privacy Officer.

**Expiration:** This authorization will expire (complete one):

[ ]   45 days from date of signature

[X]   Upon the occurrence of the following event (must relate to the individual or purpose of the authorization):
      __conclusion of litigation for Case 06-3184 in the Central District Court of Illinois__

**Signature:**

_____    _____    _____
Signature of Offender or Person Authorized to Consent    Relationship    Date

File the signed authorization in the Offender's Medical File
Give Offender a copy if DOC made the request for release.

Distribution:   Offender's Medical File

Printed on Recycled Paper

DOC 0241 (Eff. 11/2004)
(Replaces DOC 0105)

## AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS INFORMATION, X-RAY FILMS IMAGING STUDIES AND PATHOLOGY MATERIALS

**TO:** _____
_____
_____
_____

**RE:**   Antwon S. Hibbler (SSN: _____; DOB: 09/19/75)
Western Illinois Correctional Center
Inmate Mail/Parcels
R. R. #4, Box 196
Mt. Sterling, IL 62353

1. I hereby authorize the above-named medical providers and their agents, employees, or representatives to disclose for any authorized purpose any related medical records, information, x-ray films and imaging studies to any of the recipients identified below. This authorization shall extend to all persons who provided medical care and treatment, consultation, or who attended to the patient identified herein and whose records appear in the medical provider's chart. This document requests all records dated 2006 through the present.

2. I further authorize any recipient who receives such related medical records, information, x-ray films and imaging studies to redisclose without notice those medical records and information to any other authorized recipient for any authorized purpose.

3. **I authorize the above-named medical provider to engage in *ex parte* discussions with Heyl, Royster, Voelker & Allen, the attorneys for Lowell Brown, M.D. and expressly waive any privilege which would prohibit *ex parte* discussions between them.**

4. I understand that I may revoke this authorization at any time by giving written notice to the person or entity disclosing confidential information pursuant to this authorization of my desire to do so. I also understand that I will not be able to revoke this authorization in cases where the individual disclosing confidential health information pursuant to the authorization has already relied on it to use or disclose my health information. Written revocation must be sent to the person or entity authorized by this authorization to release confidential health information and the attorneys for all parties who have received the records and information pursuant to this authorization. Absent such written revocation, this authorization for release of confidential health information is valid until the earlier of the conclusion of the lawsuit identified herein, or January 1, 2017. I understand that the information or records used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and may no longer be protected by law. I understand that I and the recipients of this information have the right to inspect and copy the medical records, information, x-ray films, imaging studies and pathology materials to be disclosed.



EXHIBIT 2

5. It has been explained to me that if I refuse to consent to this release of medical records, information, x-ray films, imaging studies and pathology materials, the following are the consequences, if any: <u>Defendant will be required to obtain a court order to allow release and redisclosure of medical records, information, x-ray films, imaging studies and pathology materials.</u>

6. By accepting and honoring this authorization, any entity covered by the Health Insurance Portability and Accountability Act (HIPAA) agrees that the disclosure of the information will have no effect on my ability or inability to receive treatment, payment, enrollment or benefits from the entity providing the records.

7. I understand that by signing this authorization, otherwise protected health information about me may be disclosed by the parties who receive it and that those parties are not restricted by HIPAA as to how they may disclose the information that is provided pursuant to this authorization.

## **DEFINITIONS**

The following definitions shall apply as used herein:

**Related Medical Records, Information, X-ray Films, Imaging Studies and Pathology Materials:** These include the following:

1. Copies of any and all hospital, clinic or doctor's records, admission/discharge summaries, notes, memoranda, pathology, radiology, surgical or other specialists' or consultants' reports, lab or test results, physical therapy records, nurses' notes, inpatient and outpatient records, index cards, patient information or history sheets, prescription and medication information concerning the care and treatment of this patient;

2. Statements for itemized charges and medical bills;

3. Copies of all billing and payment records concerning treatment rendered to the patient;

4. Copies of any and all x-rays, radiographic or imaging studies of the patient.

5. Pathology materials including slides, tissue blocks, tissue specimens or other materials taken from the patient's body;

6. Photographs, videotapes or other recordings of the patient or any procedure performed upon the patient;

The medical records, information, x-ray films and imaging studies to be disclosed and/or redisclosed pursuant to this Authorization shall include medical records, information, x-ray films, imaging studies and pathology materials arising out of, pertaining to, or concerning the following conditions or illnesses: psychiatric, mental health or developmental disabilities; genetic testing; alcohol abuse, drug abuse or substance abuse; human immunodeficiency virus (HIV) and acquired immunodeficiency syndrome (AIDS); and sexually transmitted or communicable diseases.

**Authorized Purpose:** The medical records, information, x-ray films and imaging studies disclosed hereunder may be used for the purpose of investigation, consultation, discovery, evidence, trial, appeal, resolution, mediation, or other use incidental to the proceedings in the case of <u>Hibbler v. Zimmerman, et al.</u>, Case No. 06-3184, filed in the Central District Court of Illinois, which use purposes shall include the giving or taking of testimony in depositions or at trials, and consulting with witnesses and/or experts.

**Recipients:** Recipients shall include:

1. The parties to the above-referenced case, their attorneys, and the insurers or other entity from whom damages, compensation or indemnity is sought; any entity performing monitoring or adjustment services on behalf of such insurance carrier or entity; and the agents, employees, representatives and third party administrators of the foregoing;

2. All consultants or experts, and any other witness or person retained or called by the parties to the above-referenced case and their agents, employees or representatives;

3. All treating physicians and other health care providers;

4. Participants in any proceedings for health oversight activities as permitted under 45 C.F.R. 164.512;

5. Court reporters, copy services or other vendors to the parties and their attorneys;

6. Any person who receives such medical records, information, x-ray films and imaging studies by reason of their presence during an authorized disclosure including but not limited to the professional and support staff of authorized recipients identified herein, observers at trial, court personnel, or any other person who has an incidental involvement.

DATED:_____                    _____
                                                                    ANTWON S. HIBBLER

If you are not the patient, please specify your relationship to the patient: _____

3

STATE OF ILLINOIS     )
                      ) SS.
COUNTY OF _____    )

    On this ____ day of _____, 2007, before me personally appeared ANTWON S. HIBBLER, known to me to be the person who executed the above and foregoing **Authorization for Release of Medical Records and Information** and who this day acknowledged that he/she executed the same as his/her free act and deed for the uses and purposes therein set forth.

                                                    _____
                                                    Notary Public

**A copy of this authorization shall be considered as
effective and valid as the original**

## NOTICE

**Under the provisions of the Illinois Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/1 *et seq.*, you may not redisclose any of this information unless the person who consented to this disclosure specifically consents to that redisclosure.**

**This information has been disclosed to you from records protected by Federal confidentiality rules (42 CFR part 2; 45 C.F.R. (HIPAA) ). The Federal rules prohibit you from making any further disclosure of this information unless further disclosure is expressly permitted by the written consent of the person to whom it pertains or as otherwise permitted by 42 CFR part 2, or 45 C.F.R. (HIPAA) A general authorization for the release of medical or other information is NOT sufficient for this purpose. The Federal rules restrict any use of the information to criminally investigate or prosecute any alcohol or drug abuse patient.**

4