UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTWON S. HIBBLER,

    Plaintiff,

v.                                                                                                          06-CV-3184

ROGER ZIMMERMAN et al.,

    Defendants.

## Case Management Order

Before the Court are the pending motions in this case, which the Court rules on as set forth below.

IT IS THEREFORE ORDERED THAT:

1. Defendants' Motion for Protective HIPPA order is granted in part (d/e 55). Although the medical condition at issue in this case involves the plaintiff's feet, the Court cannot rule out the relevance of other medical and psychiatric conditions without the benefit of seeing those records and considering the parties' arguments. However, to address Plaintiff's concerns of confidentiality, any medical records filed with the Court shall be filed under seal. Additionally, the medical records may be disclosed to counsel, to the "medical" defendants, and to expert witnesses, but not to the "non-medical" defendants. Additionally, the medical records shall be limited in scope to one year before Plaintiff arrived at Western to the present. The Court therefore adopts the proposed HIPPA order below, with said modifications.

2. Plaintiff's medical records from one year prior to his incarceration in Western Illinois Correctional Center to the present shall be released to the attorneys of record in this litigation upon request of said attorneys. This Order applies to any records produced by a covered entity as defined by 45 C.F.R. 160.103 which has received a request or subpoena for protected health information.

3. During the course of this litigation, it may be necessary for the parties or their attorneys to disclose protected health information of the Plaintiff, as that term is defined under the Health Insurance Portability and Accountability Act (HIPAA) and the Federal Regulations enacted pursuant to said Act.

    (a) All protected health information disclosed by any of Plaintiff's healthcare

1

providers shall be used for the sole purpose of preparing for or conducting this litigation, including, but not limited to investigation, consultation, discovery, depositions, trial preparation, trial, appeal, resolution, mediation, or uses incidental to the proceeding in the case and shall not be disclosed or revealed to anyone not authorized by this Protective Order.

    (b) Protective health information pursuant to this HIPAA Qualified Order may include information related to sexually transmitted disease, genetic testing, HIV, behavioral or mental health services, and treatment for alcohol and drug abuse.

    (c) Protected health information may be disclosed without further notice by any covered entity or healthcare provider, party or parties' attorney, to:

    (1) Defendant Dr. Brown and Defendant Fuqua, the parties' attorneys, experts, medical consultants, any expert witness called by the parties, treating physicians, other healthcare providers, insurance carriers, or other entities from whom damages, compensation, or indemnity is sought and any entity performing, monitoring, or adjustment activities on behalf of such insurance carrier or other entity and/or their employees, agents, or third-party administrators for any of the parties involved in litigation; in any proceeding for health oversight activities as permitted under 45 C.F.R. 164.512, court reporters, copy services, other similar vendors to the parties and their attorneys, as well as the professional and support staff of all of the above.

    (2) Protected health information filed in this case shall be filed under seal.

    (3) The parties, and each entity governed by this Order shall either (a) destroy, or (b) return to the entity who originally produced it, all protected health information, including all copies made, provided, however, that said protected health information may be retained in the files of the entities listed in paragraph (1) above and may be destroyed pursuant to their regular file retention policies so long as the protected health information is maintained in a secure environment.

  4. Plaintiff's motions to compel are denied (d/e's 57, 72) for the reasons stated in Defendants' objections. The information sought by Plaintiff is irrelevant and highly unlikely to lead to relevant information (for example, defendants' date of birth and naturalization and prior lawsuits and grievances against them).

  5. Defendants' motions for extensions are granted (d/e 76, 77). Discovery is extended to February 29, 2008, for the purpose of obtaining Plaintiff's medical records. The dispositive motion deadline is extended to April 1, 2008. The final pretrial and trial are cancelled, to be rescheduled, if necessary, after a ruling on the dispositive motions.

6.  Pursuant to Fed. R. Civ. P. 25(a), Defendant Bunn is dismissed.

Entered this  12th  Day of   December  , 2007.

                                                                  s\Harold A. Baker

                                                  HAROLD A. BAKER
                                       UNITED STATES DISTRICT JUDGE