In The
United States District Court
Central District Of Illinois

Antwon S. Hibbler #B45991)
　　　　Plaintiff,　　　　　) Case No. 06-CV-3184
　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　)
　　　　　　　　　　　　　　)
Roger Zimmerman (Et Al.)　 )
　　　　Defendants.　　　　 )

## Motion For Appointment Of Counsel

Now comes the Plaintiff, Antwon S. Hibbler pro-se and via a Jailhouse lawyer, respectfully move this Honorable Court to appoint counsel to represent Plaintiff in the above entitled cause. In support thereof Plaintiff states as follows:

—1—

## I. Standard OF Review

(1) The authority for a U.S. District Court to appoint Counsel for Judgment in Civil Cases is derived from 28 U.S.C Section 1915 (e)(1), See Also, (MACKLIN v. FREAKE, 650 F. 2d 885, 886 (7th Cir. 1981), Also See; JEFFERY Montgomery v. STEVEN Pinchak ETAL. 294 F. 3d 492 (3d Cir. 2002). The District Court has a broad discretion in determining wheather to appoint Counsel "it is to be guided by sound legal principals". IN Civil Rights complaints, Counsel must be appointed for qualified indigents when a hearing is required or when the Courts deems appointment is necessary in the interest of Justice. IN Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993) the Court set out a non-exhaustive list of six factors to consider when deciding A Motion For Appointment of Counsel;

(1) the plaintiff's ability to present his/her own case;

(2) the difficulty of the particular legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the Plaintiff to pursue investigation;

(4) the plaintiff's capacity to retain counsel on his/her own behalf;

(5) the extent to which a case is likely to turn on credibility determinations, and;

(6) Wheather the case will require testimony from expert witnesses. Tabron, 6 F.3d at 155-57. Farmer v. Hass, 990 F.2d 319, 322 (7th Cir) cert. denied 510 U.S. 963 (1993). Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995). Jackson v. County of McLean, 953 F.2d 1070-72-73 (7th Cir. 1992).

## II. Plaintiff Knowledge

Plaintiff does not have the intelligence or capability to prosecute this case before this Honorable Court and has been represented by a jailhouse lawyer. There is no paralegal in the law library which leaves me without assistance at times. While Plaintiff thus far might have demostrated that he is knowledgeable of Section 1983, his complaint was drafted by another jailhouse lawyer who has since been released and I can no longer aid Plaintiff in answering (or) filing Motion(s).

Wherefore, plaintiff, via a Jailhouse lawyer respectfully ask this Honorable Court to Appoint Counsel in this cause.

Respectfully Symmitted,
Antwon S. Webber # B45991

Date: 12-28-07