E-FILED
Monday, 14 January, 2008  02:09:28 PM
Clerk, U.S. District Court, ILCD

IN THE United States District Court
Central District OF ILLiNois
Springfield, Division

FILED

JAN 1 4 2008
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Antwon S. Hibbler #B45991 )
           Plaintiff, )
                   )   CASE NO. 06-3184-HAB-CHE
    VS.            )
                   )
Roger ZIMMERMAN (EtAL.) )
           DEFendants. )

## Motion To Reconsider
## Plaintiff's Motions To Compel

Now comes the Plaintiff, Antwon S. Hibbler #B45991

pro-se and via Law Clerk with his respectful request

that this Honorable Court Reconsider the denial

of his Motion(s) to Compel Discovery.

IN support thereof, plaintiff states as follows:

(i) Plaintiff does not object to the fact that

the defendant's date of birth and naturalization

would lead to relevant information.

(2) Defendants belated objections state that the documents requested by the Plaintiff are irrelevant to the action. Their argument is Frivolous therefore Plaintiff respectfully askes this Honorable Court to grant this Motion To Consider.

(3) Plaintiff asked in (interrogatory# 12) Describe any lawsuits in which the defendants were alleged to have been involved in with respect to each " These lawsuits would include harrassment, excessive force, retaliation, or deliberate indifference.

(4) Rule 26, Fed. R. Civ. P, permitts discovery of matters relevant to the subject matter involved in the pending action ... It is not grounds for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of

"admissible Evidence". IN the discovery stage,
relevance is construed "broadly to encompass any
matter that bears on, or that could reasonably
lead to another matter that could bear on,
any issue that is or maybe in the case". See:
Oppenheimer Fund, INC. V. Sanders, 437 U.S. 340, 351, 98 S. Ct
2380 (1978) (Footnote omitted.)

Discovery request should be allowed " unless it is clear
that the information sought can have no possible
bearing upon the subject matter of action".

(5) The evidence may also support the claims against
the officers themselves. Rule 404 (b), FRE, provides "
Evidence of other crimes, wrong, or acts is not
admissible to prove Chatater of a person in order
to show that he acted in conformity therewith.
However, it maybe admissible for other purposes,

Such as proof of Motive, opportunity, Intent, preparation, plan, Knowledge, Identity, or absence of mistake or accident. Evidence of prior Incidents of abuse by prison or law enforcement personel have been admitted by serveal courts as relevant "Motive, Opportunity, Intent, preparation, plan, knowledge, Identity, or absence or Mistake or accident". SEE: Ismail v. Cohen, 899 F. 2d 183, 188-89 (2d Cir. 1990); United States v. Dise, 763 F. 2d 586, 592 (3d Cir. 1985).

(6) Furthermore, Plaintiff has information that repeated complaints about mistreatment of Inmates were made about (three) of the defendants and nothing was done about them. Evidence to that effect would highly be relevant and can support the Claim of supervisory liability against defendat (Roger Zimmerman) Warden for security.

-4-

SEE: Parrish v. Luckie, 963 F.2d 201, 205-206 (8th Cir. 1992); Also SEE: Foley v. City Of Lowell, MASS, 948 F.2d 10, 14-16 (1st Cir. 1991).

(7) The above argument would also apply to: Interrogatories 15, 16, 18 and 20 which states: To each named defendant state all instances in which they engaged in excessive force, harrassment, Produce all grievances, complaints, or other documents concerning mistreatment of inmates by the defendants. Produce all and any policies, directives, or instructions to staff concerning use of force or harrassment of inmates. Produce any and all logs, list, or other documentation reflecting grievances filed by inmates for harrassment.

        For the foregoing reasons and argument the material sought is relevant and should be produced.

Respectfully Submitted
X Antwon S. Holleller