UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTWON S. HIBBLER,

    Plaintiff,

v.                                                                  06-CV-3184

ROGER ZIMMERMAN et al.,

    Defendants.

## Case Management Order

Before the Court are the pending motions in this case, which the Court rules on as set forth below.

IT IS THEREFORE ORDERED THAT:

1. The plaintiff's motion to appoint counsel is denied (d/e 79). In considering Plaintiff's motion for appointment of counsel, the Court asks: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993).

The court's prior order denying the plaintiff's motion for appointment of counsel did not address whether the plaintiff had shown reasonable attempts to find counsel on his own. The court should have addressed that question before addressing the merits of the motion. The court sees no showing in the record. Thus, the motion will be denied with leave to renew after the plaintiff shows that he has made reasonable efforts to find an attorney.

2. The plaintiff's motion to reconsider the court's order denying his motion to compel is denied (d/e 80). The plaintiff argues that prior lawsuits, complaints, grievances and the like against the defendants is reasonably calculated to lead to admissible evidence. He acknowledges that this information could not be admitted to prove action in conformity with a character trait, but argues that it might be admissible for another purpose. The burden and expense of the discovery requested outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C). Lawsuits, complaints and grievances are filed against prison officials all the time; it is simply a part of the job. It would be a fishing expedition, requiring mini-trials within this case to determine the factual merit of complaints and lawsuits unrelated to this case. Further, it is highly unlikely the

misconduct of the defendants in other cases, even if proven, would have any probative value in this case. If any probative value did exist it would be outweighed by unfair prejudice.

    3. The Defendant's motion for an extension of the dispositive motion deadline to April 22, 2008, is granted (d/e 87) and is applicable to all parties.

    4. The plaintiff's motion for extension is denied as moot (d/e 88).


    Entered this <u>11th</u> Day of <u>  April  </u>, 2008.

                                                    s/ Harold A. Baker
                                                    HAROLD A. BAKER
                                        UNITED STATES DISTRICT JUDGE