In the United States
District Court for
the Central District
Court State of Illinois

Antwon Hibbler
  Plaintiff

vs

Roger Zimmerman
Warden; Illinois
Department of
Corrections, et als
       Defendants

CASE # 06-CV-3184
The Honorable
Judge Harold
Baker, Presiding

I, James Kelly - A50491, first duly sworn upon oath, swear and deposes the followings:

I am presently confined in the Vandalia Correctional Center, and is responsible for the drafting of; Answer to Motion for Summary Judgement, for the Plaintiff, Antwon Hibbler

I was made aware through him that he did not draft any of the pleadings in the instant case; and is unable to perform any type of legal representation in this cause, and that his mental level of education would prohibit him from doing so.

And my help your Honor is only Temporary, I leave the institut on May 23, 2008.

The Plaintiff Relayed to me that He submitted a Motion for Counsel, And the Court denied Counsel, But without Determing if the Plaintiff Actively made Attempts to Seek An Attorney, which Should Have been determined Before the Ruling of the Motion.

In Tucker v. Randall, 948 F.2d 388 (7th Cir 1991): The Court said: The Plaintiff Asks This Court to Appoint Counsel upon Remand. The decision whether to Appoint Counsel is a task for Which our expertise is As great as the District Courts; Merritt v. Faulkner, 697 F.2d 761, 766 (7th Cir. 1983) *** This decision is based on the following factors

1) whether the merits of the indigents Claim Are colorable; 2) The Ability of the indigent plaintiff to investigate crucial facts; 3) whether the nature of the evidence indicates that Representation by Counsel will more likely expose the truth; 4) the Capability of the indigent defendant to present the Case; and 5) The

complexity of the legal issues presented by the complaint. Maclin v Freake, 650 F.2d 885, 887-889 (7th Cir 1981);

And in Montgomery v. Pinchak, 294 F.3d 492, (3rd Cir 2002); Parham v. Johnson, 126 F.3d 454, 456-57 (3rd Cir 1997), Nevertheless, Congress has granted district courts statutory authority to "request" appointed counsel for indigent civil litigants See U.S.C. 1915(e)(1), providing that the court may request an attorney to represent any person unable to afford counsel.

This Court has interpreted 1915 as affording district courts "Broad discretion" to determine whether appointment of counsel in a civil case would be appropriate. See Tabron v. Grace, 6 F.3d 147, 153, (3rd Cir 1993);

The Court went on to say; while we are obligated to afford the District Court's finding considerable discretion, we simply cannot agree that, as demonstrated by Montgomery's filing in the Record, he possesses the type of education, literacy, prior work experence, and prior

litigation experience necessary to represent himself competently in this suit.

The Plaintiff might have a viable claim, in the instant cause, but it's for you Your Honor to make the determination.

James Kelly A50491

Further Affiant Sayth Not

April 29, 2008

*P.S. The Plaintiff relayed to me that he did in fact contact and attorney but was denied by him, should attach a copy of letter.

# UPTOWN PEOPLE'S LAW CENTER
4413 NORTH SHERIDAN • CHICAGO, IL 60640
773 • 769 • 1411   FAX   773 • 769 • 2224

June 21, 2007

***Privileged Legal Communication***

Mr. Antwon Hibbler, B45991
Western Illinois Correctional Center
R.R. 4, Box 196
Mt. Sterling, IL 62353

Dear Mr. Hibbler:

Please be advised that we received your letter requesting representation. While we will not be able to represent you directly in this claim, we do work with several lawyers and firms who have expressed interest in taking on prisoner cases from time to time on a *pro bono* basis. However, since the information you provided to us is confidential, and protected by attorney client privilege, we can not share the details of your case with anyone without your permission. Therefore, you need to let us know if you want us to try and find a *pro bono* attorney to represent you in this claim.

To properly present your case, we must have copies of the documents at issue. Specifically, we need copies of all of the Disciplinary Reports, Adjustment Committee Summaries, PRB rulings, grievances, medical reports, and ARB rulings which you have, along with any other documents which you think would help to explain your case. We understand that you may not have all of these documents, but the more documents you can give us, the more likely we are to be able to persuade an attorney to take on the case.

We need to emphasize that there is no guarantee that we will be able to find an attorney to represent you. There are various deadlines for filing different types of cases. You have not given us any details about your claim, and we have not investigated your potential claims. Therefore, we are not in a position to advise you which deadlines apply to your particular claims. If such a deadline is approaching, you should not wait for us—you should file something on your own immediately, so you do not miss any deadlines.

We look forward to hearing from you. Take care.

Sincerely,

*Susan Franke*

Susan Franke

SF:es

**UPTOWN PEOPLE'S LAW CENTER**
4413 NORTH SHERIDAN • CHICAGO, IL 60640
773 • 769 • 1411    FAX  773 • 769 • 2224

July 5, 2007

**PRIVILEGED ATTORNEY-CLIENT COMMUNICATION**

Mr. Antwon Hibbler, B45991
Western Illinois Correctional Center
R.R. 4, Box 196
Mt. Sterling, IL 62353

Re:  **Request for Assistance**

Dear Mr. Hibbler:

    We have received your letter dated June 27th and enclosures in good order. Unfortunately, we are not in a position to assist you. We are a very small legal clinic. While we represent many prisoners, we get hundreds of letters asking for help, but unfortunately we can only help a very few people. For your information, we do not practice criminal law--including appeals, habes, post convictions, etc.

    Please be assured that our inability to help you does not mean that you do not have a good claim. We are forced to turn down many claims which are both morally compelling and have a sound legal basis. We simply do not have the resources to help everyone who needs help. We are truly sorry that we will not be able to take on your case, but we simply do not have the time needed to properly represent you, and we do not want to commit to you that we would do something which we can not, in reality, do.

    We are returning any documents you sent us. ***We have not kept copies***.

    We wish you the best of luck.

Sincerely,

*Uptown People's Law Center*

IN THE
U.S District Court
Springfield Division

Antwon S. Hibbler )
Plaintiff, )
) Case No. 06-CV-3184
v. )
)
Roger Zimmerman (ETAL) )
Defendants

---

## PROOF/CERTIFICATE OF SERVICE

TO: U.S. District Clerk Office
600 E Monroe suite 151
Springfield IL
62701
1 copy

TO: Theresa M. Powell
PO Box 1687 suite 575
Springfield IL
62705
1 copy

PLEASE TAKE NOTICE that on May 1st, 2008, I have placed the documents listed below in the institutional mail at Vandalia Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: Answer to Motion For Summary Judgment Renewal For Appointment of Counsel.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: 5/1/08

/s/ Antwon S. Hibbler
NAME: Antwon S. Hibbler
IDOC#: B45991
Vandalia Correctional Center
P.O. BOX 500
Vandalia, IL 62471