E-FILED
Friday, 09 May, 2008 02:33:00 PM
Clerk, U.S. District Court, ILCD

FILED
MAY 0 8 2008
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

In the United States District Court For the Central District Court State of Illinois

Antwon Hibbler
Plaintiff

vs

Roger Zimmerman, Warden; Illinois Department of Corrections Et Als

CASE # 06-CV-3184

The Honorable Judge; Harold Baker, Presiding.

## Answer to Motion for Summary Judgement

Now comes the Plaintiff Antwon Hibbler, first duly sworn, swear and deposes the following:

1. Summary Judgement; Federal Rule of Civil Procedure, Rule 56(A);

Sunderlin v. First Reliance Standard Life Ins. Co; 235 F. Supp 2d 222 (W.D.N.Y. 2002)

Summary judgement may not be granted unless the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgement as a matter of law. Fed. R. Civ. P. 56(c).

The non-moving party must present evidence suffiencent to support a jury verdict in it's favor, Anderson v. Liberty Lobby at 249, 106 S.Ct. 2505. The parties may only carry their respective burdens by producing evidentiary proof in admissible form. Fed. R. Civ. P. 56(e).

The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. U.S. v. Diebold, Inc. 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed 2d, 176 (1962).

Summary judgement is appropriate only where, "After drawing all reasonable inferences in favor of the party against whom summary judgement is sought, no reasonable trier of fact could find in favor of the non-moving party; Leon v Murphy, 988 F2d 303, 308 (2d Cir 1993)

While in the instant case, Plaintiff did not file a cross-motion for summary judgement, it is well settled that:

Summary judgement may be rendered in favor of the opposing party even though he has made no formal cross-motion under Rule 56. A motion for summary judgement searches the record. If undisputed facts are found which, when applied to the law, indicate that judgement against the moving party is appropriate, Rule 56(c) will operate to grant summary judgement in favor of the non-moving party.

Statement of Facts

On or about May 28, 2006, the Plaintiff, Antwon Hibbler, went to the Health Care Unit, for the swelling and uncontrolable itching of his feet, and Dr. Brown prescribed an ointment saying it would clear the condition up. Amend Complaint (17).

The prescription that the Dr. Brown prescribed for the plaintiff, made the complaintants condition worse, Amend Comp. (18)

The plaintiff sought to get back to the Health Care Unit, but found it not effective and his condition became where he was unable to walk, in state issued boots. (19) Amend. Compl.

The plaintiff sought the grievance procedure, the grievances went unanswered, and the defendants continued to act out at the plaintiff for trying to seek help for his medical condition, and the plaintiff sent letters to; the Department of Justice FBI, Attorney General and Attorney Kevin Peters,

And the letters were sent back to the Plaintiff; "OPENED", Amend. Compl. (38)

On May 19, 2006, the Plaintiff was sent to the Health Care Unit for his medical condition - for his feet, and Dr. Brown said it would clear-up. Amend. Compl. (40)

After using the prescribed medication, beyond 5-19-06, Plaintiff's condition worsen Plaintiff's toes became swollen, burning, skin became raw, the skin on the Plaintiff feet began to peel off, serious pain, and became unable to walk. Amend. Compl. (41).

On or about the month of May the institution was placed on lock-down, and the Plaintiff complained to the nurses and C/O's about the pain he was suffering within his cell, swelling blistering of the toes and the Plaintiff was denied medical attention.

After being confined in the cell for three-days, Plaintiff went to the Health-Care Unit to Dr. Brown, and told him of the reaction of his prescription, Tolaftate, the Dr. Brown, then proscribed Lamisil Foot Creme, Amend. Compl. (43).

6 Days after proscribing the Lamisil, the Plaintiff' feet, toes began to swell, pain persisted burning itching, and the skin of my toe's came completely off, Plaintiff was sent to Nurse Tatum and she ordered the Plaintiff to stop using the Lamisil and scheduled the Plaintiff to see Dr. Brown, in 2 days Amend. Compl. (44)

Estelle v Gamble, 429
511 U.S. 829 U.S. 97 S.Ct. 285,
50 L.Ed2d 251 (1976);

The plaintiff has alleged that he suffered from a condition of TINEA PEDIS, and Dr. Brown was the treating physician, Western Correctional Center.

The plaintiff went threw a battery of treatments; Lamisil, Tolaftate, Oral-Cipro, Rocephin, shots, Silvadene, initiated by Dr. Brown, which was ineffective for the plaintiffs medical condition, Il analysis it got worse. Amend. Compl. (51)

Plaintiff complainted to the C/O's nurses, that he was in serious pain, and was confined in a cell for three days without medical treatment. At one point the plaintiff was being harassed by the officials of the institution and plaintiff was playing the system.

The Plaintiff asked for outside treatment - medical care, because he felt that Dr. Brown wasn't concerned enough about Plaintiff's condition, and said to the Plaintiff;

It would be a waste of money to send the Plaintiff outside the Corr. Center, and that he could handle it.

The Dr. made it clear - money, budget over ruled the Plaintiff's medical condition. Amended Compl. (51)

The Plaintiff sent numerous letters to the Health Care Administrator Debra Luyua, explaining that his medical condition was getting worse, pain, and suffering, exhibits (3) - letters and letter went unanswered. The Plaintiff has suffered the permanant numbness of his toes and the scarring of his feet.

the Defendants were deliberately indifferent to the plaintiffs medical needs. U.S.C.A 8th Amendment, 14th Amendment United States Constitution.

In Foelker v. Outagamie County, 394 F.3d 510, (7th Cir 2005); the detainee in this case suffered from withdrawal from using Methadone, but the inmate was in a Methadone program, designed to wean people off narcotics, the court went on to say;

Foelker filed suit 42 1983; to prevail, Foelker most show deliberate indifference to a serious medical need, see Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct 285, 50 L.Ed2d 251 (1976), A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easy recognize the necessity for a doctor's attention. Jackson v. Illinois

Medi-Car, Inc. 300 F.3d 760, 765, (7th Cir 2002) quoting Gutierrez v. Peter's 111 F.3d 1364, 1371, (7th Cir 1997). The Court went on to say that even though Foelker couldn't show that he was in pain or extreme distress, does not necessarily mean that he did not have a serious medical need.

The case was reversed, and remanded back to the district court, and defendant's motion for summary judgement was denied.

The Court has specifically noted that officials may be shown to be deliberately indifferent to sue's serious needs without evidence of conscious intent to inflict pain. Horn by Parks v. Madison County Fiscal Court, 22 F.3d 653, 660 (6th Cir).

The Plaintiff's Medical Condition caused him pain, suffering because at times was could barely walk, and he suffered the attacks from the C/O's Whitaker, C/o Woodard C/o Ward about wearing his Shower Shoes in pop. But the doctor made it clear for him to wear the Shoes. Amended Compl. (22)(23)(24) Exhibit's Attached., The

Plaintiff at some point did get better, But was forced to wear his State issued Boots and was subjected to extreme, physical pain, and was difficult to walk. Amended Compl. (26).,

In Brock v. Wright, 315 F.3d 158, (2nd Cir 2003); In order to prove deliberate indifference in a challenge to an prison inmate's Conditions of confinement, the prisoner must show that a particular defendant knows that a excessive Risk to inmate health and safety. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Although FARMER REQUIRES that A PLAINTIFF prove Actual KNowledge of A RISK, EVIDENCE that the RISK was obvious or otherwise must HAVE BEEN KNOWN to A defendant is sufficient to permit a jury to conclude that the defendant was Actually Aware of it. Id. At 842, 114 S.Ct. 1970.

The PLAINTIFF'S ASK'S This HONORABLE COURT to GRANT Him SUMMARY JUDGEMENT in the INSTANT CAUSE OR ~~~~~~ A Set the CASE FoR Trial by JURY

OFFICIAL SEAL
BRUCE K. GRIGG
Notary Public - State of Illinois
My Commission Expires Mar 21, 2011

Sworn to and subscribed before me this
1st day of May, 2008
Witness my hand and official seal.
Notary Public Bruce K. Grigg

Antwon Webber #B45991
FURTHER AFFIANT SAYTH Not
Date 5/1/08

IN THE
U.S District Court
Springfield Division

Antwon S. Hibbler                    )
Plaintiff,                           )
                                     )  Case No. 06-CV-3184
    v.                               )
                                     )
Roger Zimmerman (ETAL)               )
Defendants

## PROOF/CERTIFICATE OF SERVICE

TO: U.S. District Clerk Office        TO: Theresa M. Powell
600 E Monroe suite 151                PO Box 1687 suite 575
Springfield IL                        Springfield IL
62701                                 62705
1 copy                                1 copy

PLEASE TAKE NOTICE that on May 1st, 2008, I have placed the documents listed below in the institutional mail at Vandalia Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: Answer to Motion For Summary Judgment, Renewal For Appointment of Counsel.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: 5/1/08

/s/ Antwon S. Hibbler
NAME: Antwon S. Hibbler
IDOC#: B45991
Vandalia Correctional Center
P.O. BOX 500
Vandalia, IL 62471