UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTWON S. HIBBLER,

    Plaintiff,

v.                                      06-CV-3184

ROGER ZIMMERMAN et al.,

    Defendants.

### Order

In considering Plaintiff's motion for appointment of counsel (d/e 100), the Court asks: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993).[1]

Applying this framework, Plaintiff has arguably made reasonable attempts to find counsel (attachment to d/e 93). Thus, the Court next considers whether Plaintiff appears competent to litigate without counsel, in light of the difficulty of the case:

> The inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; "if that were the test, 'district judges would be required to request counsel for every indigent litigant.' "

*Pruitt*, 503 F.3d at 655 (quoted and other cites omitted).

Upon review of Plaintiff's submissions in the record, the Court concludes that the plaintiff appears competent to litigate his own case in light of the relative lack of complexity of the case. The defendants have submitted Plaintiff's TABE test scores, which appear to indicate that Plaintiff has a 6-8th grade level of reading comprehension and vocabulary. While the report

---

[1] Whether appointed counsel would make a difference in the outcome is a question for the Seventh Circuit on review, as *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) has clarified.

also shows a significantly below average I.Q. test in 1993, the report also appears to indicate that Plaintiff is enrolled in a college program. Plaintiff makes no attempt to tell the court why he is unable to proceed pro se. Plaintiff's filings in this case demonstrate the ability to convey what happened to him and why he believes it was wrong. Plaintiff does not say that he did not write any of those filings or exhibits, but even if he did not, the fact that an inmate is helping him draft filings does not, alone, indicate that Plaintiff is not competent to proceed *pro se*. The plaintiff's medical condition is his burning and itching feet, a condition arguably within the understanding of the layperson. Proving deliberate indifference to that condition does not necessarily require an expert. Nor would an expert be required to prove that the defendants interfered with doctor's orders. Similarly, the evidence to support the plaintiff's retaliation claims should be within the plaintiff's personal knowledge or obtainable in discovery. Many of the exhibits upon which the plaintiff basis his claim were already attached to his Complaint.

     IT IS THEREFORE ORDERED that Plaintiff's motion for appointment of counsel is denied (d/e 100).

Entered this  23rd  Day of          July         , 2008.

                                             **s\Harold A. Baker**

                                                 HAROLD A. BAKER
                                      UNITED STATES DISTRICT JUDGE