IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

SPRINGFIELD DIVISION

| | |
|---|---|
| ANTWON S. HIBBLER<br>    Plantiff | )<br>)<br>) |
| v. | )    Case No.06-3184 |
| ROGER ZIMMERMAN, et. al.,<br>    Defendant | )<br>) |

AMENDED ANSWER TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Now comes the Plaintiff, Antwon S. Hibbler, with his answer to defendant's Motion For Summary Judgment, and pursuant ot Federal Rule of Civil Procedure Rule 56(b).

In support thereof, Planintiff states as follows:

1. There is sufficient evidence for a reasonable jury to find that defendant's Fuqua, Sweetin, Whitaker, Ward, and Woodward were all deliberately indifferent to Plaintiff's serious medical needs.

2. There is sufficient evidence for a reasonable jury to find the defendant's retaliated against the Plaintiff.

3. There is sufficient evidence for a reasonable jury to find that defendant's Ashby, Jennings, and Zimmerman violated Planitiff's right of equal protection.

4. Plaintiff's claims concerning his filing of a frivolous lawsuit is not barred in no way because Plaintiff is not contesting the outcome of the disciplinary action, but is showing overall retaliation.

5. Defendant's are not entitled to qualified immunity as they were deliberate indifferent to Plaintiff's serious medical needs which caused "unnecessary and wanton inflictions of pain without penological justification.

6. These defendant's would try to have this court believe that the Plaintiff's status was the cause the skin did not heal on his toes when not acknowledging the fact this never happen until treatments began.

7. There was an order for Plaintiff to were his shower shoes at all times not just in his cell it wasn't until sevurity along with the defendant's Woodward, Ward, Whitaker, and Sweetin, began harassing Plaintiff is when the order was changed or restricted to his cell.

8. There were however times where Plaintiff was restriced or prevented from going to eat chow and or yard.

9. Plaintiff's foot problems did prevent him from walking as it caused pain with each step.

10. Just becuase the defendant Debra Fuqua is not a physician she could have still been able to recomm end Plaintiff be seen by an outside Doctor, after reviewing all failed treatments at the institution without overruling any other medical decisions of the designated physician she does have authority to do so by her job description.

11. Defendant Whitaker was deliberate indifferent for interferring with the doctor's order by harassing Plaintiff with constant pat down searchs as well as cell searches.

12. Defendant Sweetin interferred on several occassions with Plaintiff seeing a nurse by forcing Plaintiff to wear boots when he was in great pain and the Doctor ordered for Plaintiff to wear shower shoes to reduce the pain.

13. Plaintiff allege that the actions of defendant's Sweetin, Ward, Whitaker, and Woodward did impact on Plaintiff's medical conditions.(see: Grievances).

14. Plaintff has not appealed any grievance pretaining to the defendant's as they were never responded to on the institutional level which is the first step.

15. Plaintiff may have appealed five grievances however it is possible those grievances were either before the filing of this suit, or after Plaintiff began to complain about his grievances and mail were not being processed, which would in turn make Plintiff seem to be lying.

16. Although the Prison Litigation Reform Act of 1995("P L R A") provides that no action shall be brought with respect to prison condition under 1983 until such administrative remedies as are available are exhausted. If such remedies however are being prolonged or interferred in any kind of way there is no remedy to exhaust. LEWIS v. WASHINGTON, 300 F.3d 829,833 (7th Cir. 2002)(administative remedies are exhausted if prison officials fail to respond to grievances, rendering the remedy unavailable. So for the defendants to say that the plaintiff allegation is baseless is contradicted by five other grievances should not stand on that claim as long as those grievances may or may not have been appealed during or before this suit was filed.

17. Estelle v. Gamble: 429 U.S. 97 104 (1976) held that deliberate indifference to prisoners serious medical needs or illness.

18. The court may have held that rashes and fungal infections such as athletes foot are not sufficiently serious as a matter of law, however plaintiff condition exceeded more than just some fungal infection. Planintiff lost all of the skin on his toes, obtained a deeper infection, and suffered permanent numbness in his toes.

19. Defendant Fugua could have taken steps to prevent a more substantial risk of serious injury by rcommending outside treatment for plaintiff before his condition worsened, and led to numbness of the toes for good.

20. Plaintiff has several witness' being staff and RN's who can verify that the DR. orders were for plaintiff to wear his shower shoes everywhere due to the swelling and missing skin on his toes. So defendants baseless claim of the shower shoes were only

to be worn in the cell cannot prevail with a jury.

21. Defendants Sweetin. Ward, Whitaker, and Woodward knew of a substantial risk of serious injury when plaintiff displayed his permit to travel with his shower shoes on and intentionally interfering with the doctors orders.

22. Park V. Madison County Fiscal Court. 22 F. 3d 653, 660 (6th Cir.) held that officials maybe deliberate indifference to such serious needs.

23. Therefore defendants Fugua, Sweetin, Ward, Whitaker, and Woodward are not entitled to summary judgements.

24. Defendants Ashby, Jennings, and Zimmerman retaliated against plaintiff for filing grievances against the institution and its prior medical staff and c/o's. The plaintiff was not the only inmate who filed post-judgement relief motions and they were found frivolous. However, rule (212): Frivolous lawsuit was carried out on plaintiff although he never filed a lawsuit. These facts were ignored and plaintiff had to go through great deals of emotional stress to obtain his good time back, so it was not a good faith move when the plaintiff's time was restored because it should have never been taken. So for the defendants to state the plaintiff suffered no injury should be left to a jury to decide becuse plaintiff has shown a protected conduct and that he was retaliated against for engaging in this conduct by filing grievances about his confinement and or other concerns.

25. Although defendants Ashby, Jennings, and Zimmerman acted on Judge Difanis' instuctions should not stand in this court because all three defendants have rules to follow on their own, therfore upon plaintiff filing his grievance these defendants should have investigated and or sent the situation to the legal department which all institutions have, yet they chose to punish the plaintiff because he was invoking his rights. So these defendants are not entitled to summary judgement.

26. Defendants are not entitled to qualified immunity as to all claims because their alleged conduct did violate plaintiffs clearly established rights when they intervened on the doctors orders, causing the plaintiff more pain, harassment, and often not being able to eat. These defendants knew of their actions and finding in the plaintiffs

favor will not represent any new law. Therfore, they are not entitled to qualified immunity.

27. Although plaintiff is not in custody of the defendants anymore does'nt exclude the damage they have caused and should still be held accountable for their actions then and pay the plaintiff $200,000 individually as requested.

Wherefore, the above and forgoing reason, plaintiff respctfully request that this Honorable Court deny defendants Motion For Summary Judgement.


Respctfully submitted,

Antwon S. Hibbler #B45991

Vandalia Correctional Center

PO Box 500

Vandalia, IL. 62471

IN THE
United States District Court
Central Division

| | |
|---|---|
| Antwon S. Hibbler <br> **Plaintiff,** <br> <br> v. <br> <br> Roger Zimmerman Et. Al <br> **Defendant** | ) <br> ) <br> ) <br> ) Case No. 06-3184 <br> ) <br> ) <br> ) <br> ) |

**PROOF/CERTIFICATE OF SERVICE**

TO: U.S. District Court

600 East Monroe room 151

Springfield, IL

62706

TO: Attorney General of Illinois

500 S. Second St.

Springfield, IL.

62706

PLEASE TAKE NOTICE that on August 6th, 2008, I have placed the documents listed below in the institutional mail at Vandalia Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: Amended Motion For Summary Judgement

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: 8-6-08

/s/ Antwon S. Hibbler
NAME: Antwon S. Hibbler B45991
IDOC: Vandalia B45991
Vandalia Correctional Center
P.O. Box 500
Vandalia, IL 62471